IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTIAN ALBERTO SANTOS GARCIA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHAD F. WOLF, in his official capacity as Acting Secretary, U.S. Department of Homeland Security, *et al.*,<br><br>*Defendants*. | Case No. 1:20-cv-00821 (LMB/JFA) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF RELATED CASE AND REQUEST TO TRANSFER CASE**

On July 24, 2020, the Federal Defendants filed a Notice of Related Case (Dkt. #16), requesting that this matter be transferred to the District Judge who oversaw the litigation in *Touré v. Hott*, Civ. No. 1:20-cv-395 (E.D. Va.). This request should be denied, as Plaintiffs here assert different claims and seek different remedies in a different form of legal action based on different facts. Transferring this case to the District Judge who presided over *Touré* therefore would not serve the interests of judicial efficiency, and may deprive Plaintiffs of the expedited briefing schedule that this Court entered on their preliminary injunction motion, *see* Dkt. #19.

**Standard of Review**

Unlike some courts in the Fourth Circuit, this Court's Local Rules do not define the term "related case," thus clearly placing such determinations within the sound discretion of the District Judge.[1]

---

[1] To the extent other courts' rules are instructive, the District of Maryland local rule defines cases as related when they "(1) arise from the same or identical transactions, happenings, or

1

Even when two cases are related, no federal or Eastern District of Virginia local rule of civil procedure requires that the later-filed case be transferred to the District Judge with control over the earlier case. The legal standards governing similar docket management procedural tools, such as consolidation and inter-district transfer, all include one common thread: that such decisions are committed to the sound discretion of the District Judge. *Cf. Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982) (under Fed. R. Civ. P. 42(a), consolidation of cases "is necessarily committed to trial court discretion," and will only be set aside on appeal for abuse of discretion resulting in prejudice to a party); *Rivera v. Mo's Fisherman Exch., Inc.*, 2018 WL 513531, at *2 (D. Md., Jan. 23, 2018) (under Fed. R. Civ. P. 42(a), "the mere fact that a common question is present, and that consolidation therefore is permissible . . . does not mean that the trial court judge must order consolidation" (internal citations omitted)); *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. T.L. Servs., Inc.*, 2000 WL 1923515, at *1 (E.D. Va., Sept. 27, 2000) (under 28 U.S.C. § 1404(a), "[t]ransfer of venue . . . is committed to the sound discretion of the trial court").

---

events; (2) involve the identical parties or property; (3) involve the same patent or trademark; or (4) for any other reason would entail substantial duplication of labor if heard by different judges[.]" D. Md. L. R. 103(1)(b)(i).  Similarly, the District of South Carolina defines cases as related if they "arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges." D.S.C. L. R. 26.01(E).  And the Eastern District of North Carolina local rule states that "[c]ases may be related when: (1) the cases concern substantially the same parties, transaction(s) or event(s); (2) the cases call for a determination of the same or substantially related or similar questions of law and fact; or (3) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." E.D.N.C. L.R. 40.3(a).  The touchstone of all three is duplication of labor.

**Argument**

Contrary to Defendants' contention, this case is not sufficiently related to *Touré* so as to justify transfer, as the two cases are significantly different in their form of legal action, claims raised, relief requested, and the operative facts giving rise to each.  Transfer would not lead to any appreciable benefit in judicial efficiency and would likely disrupt the expedited briefing schedule already ordered by this Court in recognition of the present danger to Plaintiffs' health and safety.

*First*, the two cases present different legal forms of action.  The *Touré* case is a habeas corpus petition, challenging the fact of petitioners' confinement as unconstitutional, and seeking release from confinement as its sole remedy.  Accordingly, the key legal question in *Touré*—both before the district court and on appeal to the Fourth Circuit—is whether the habeas corpus statute, 28 U.S.C. § 2241, "provide[s] Plaintiffs with either a vehicle to present their claims or a remedy."  *Touré*, 2020 WL 2092639, at *5; *see also Touré v. Hott*, No. 20-6695 (4th Cir.), Dkt. #21 at p.4, Dkt. #26 at p.4.

This case, to the contrary, takes the well-familiar form of a complaint for injunctive relief under the Fifth and Fourteenth Amendments, 42 U.S.C. § 1983, and the Administrative Procedure Act.  It challenges certain conditions of confinement and seeks as relief only the amelioration of those conditions.  The Fourth Circuit's ultimate ruling on the availability of habeas corpus to the *Touré* petitioners, and the outcome of the *Touré* appeal, will have no bearing on the outcome of this case.

*Second*, the two cases raise largely different claims and seek entirely different remedies. The *Touré* petitioners (who were spread across two detention facilities, only one of which is at issue here) were a group of medically vulnerable individuals with greater likelihood of suffering

3

catastrophic health consequences from infection with the COVID-19 virus; they complained of an inability to socially distance and otherwise protect themselves from the virus while in detention, and accordingly contended that release from detention was constitutionally mandated in order to prevent their serious injury or death. They sought no changes to their conditions of confinement; indeed, the crux of their legal theory was that no such changes could possibly be effective at protecting them given their special medical vulnerabilities.

Here, unlike in *Touré*, Plaintiffs challenge inadequate medical care for those already infected with COVID-19, inadequate nutrition, and reckless intra-facility transfers that have caused unchecked community transmission of the virus within Farmville Detention Center. Plaintiffs have sued a new corporate defendant, Armor Correctional Health Services, Inc., which is responsible for providing medical care to them while in detention but has no control over whether they remain detained or are released. As a remedy, Plaintiffs seek not release but rather specific conditions reforms not contemplated in *Touré*: inspection by an outside expert, improved medical care for the sick, adequate nutrition, and an injunction against intra-facility transfers.

***Finally***, the two cases are based on different factual predicates. The *Touré* case was filed at a time when there were <u>no</u> confirmed COVID-19 cases at Farmville, and was fundamentally about prevention of infection and community transmission within the facility. Although the *Touré* petitioners argued that the facility's infection control measures were insufficient and would lead to harm, the District Judge based his ruling in part on a finding that the steps taken to address the COVID-19 pandemic "appear to have been effective" and to have prevented infection at the facilities. *Touré*, 2020 WL 2092639, at *10.

4

Three months later, the factual situation is entirely different, as attempts to prevent community transmission within Farmville utterly failed after the Defendants abandoned their principal strategy of containment precisely when it mattered most. This litigation grows out of a specific event that took place on June 2, 2020—well after the *Touré* opinion issued and while that case was already on appeal at the Fourth Circuit—when, in dereliction of their own stated infection control policies, the Federal Defendants transferred 74 detainees from the leading COVID-19 hotspots of Florida and Arizona to Farmville (and Defendant Crawford knowingly elected to accept them into the facility) without testing or isolating them. *See* Dkt. #1 at ¶¶ 51-52. This lawsuit seeks to control the damage, mitigate the harm, and ensure appropriate care for people injured by that specific event.

For these reasons, there would be no benefit to judicial efficiency in transferring this case to the District Judge overseeing *Touré*, as the *Touré* District Judge has not had occasion to consider any of the facts surrounding or following the June 2 mass detainee transfer which Plaintiffs here contend gave rise to liability. The *Touré* matter has been on appeal to the Fourth Circuit since May 8, and the District Judge has not had occasion to consider the case since his April 29 opinion. Defendants point out in their Notice of Related Case (Dkt. #15 at p.2 n.1) that several of the declarations in this case were presented in *Lizama Gutierrez v. Hott*, Civ. No. 1:20-cv-712 (E.D. Va.). But those declarations have not been and will not be presented to the *Touré* judge, as none of the *Lizama Gutierrez* petitioners elected to proceed with those claims. No discovery has taken place in *Touré*, so the Defendants cannot complain of duplicative discovery requests. Finally, one of the Court's principal concerns in severing the *Lizama Gutierrez* COVID-19 related habeas claims, as expressed from the bench at oral argument, was that the Court did not want to "mix apples and oranges" in one case; that concern is not present here, as

Plaintiffs bring no challenge to the length of their confinement or the unavailability of a bond hearing.

Transfer could, however, prejudice Plaintiffs by possibly depriving them of the benefit of this Court's order granting an expedited briefing schedule on their preliminary injunction motion, Dkt. #19, which was entered specifically because Plaintiffs alleged a present risk to their health and safety, *see* Dkt. #16 at ¶¶ 2, 5-6.  With the *Touré* case at the Fourth Circuit still awaiting the scheduling of oral argument, the resolution of the appeal is likely several months away.

In sum, because this litigation and the *Touré* case present different actions, claims, facts, and remedies, they are not related cases.  Even if they are related, they are not so similar that transferring this case to the *Touré* judge is necessary or appropriate.  The principal consideration guiding district courts in exercising discretion over decisions relating to transfer and consolidation of cases—namely, promoting judicial efficiency and eliminating duplication of efforts—is simply not present here.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the Federal Defendants' request that this matter be transferred to the District Judge assigned to *Touré v. Hott*, Civ. No. 1:20-cv-395 (E.D. Va.).

Date: July 26, 2020                                             Respectfully submitted,

|  |  |
|---|---|
| Joseph D. West (Va. Bar No. 16834)<br>David Debold (*pro hac vice requested*)<br>Naima L. Farrell (*pro hac vice requested*)<br>Thomas J. McCormac IV<br>   (*pro hac vice requested*)<br>Blair Watler (*pro hac vice requested*)<br>Katherine King (*pro hac vice requested*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Tel: 202-955-8551<br>jwest@gibsondunn.com<br>ddebold@gibsondunn.com<br>nfarrell@gibsondunn.com<br>tmccormac@gibsondunn.com<br>bwatler@gibsondunn.com<br>kking@gibsondunn.com<br><br>*Counsel for Plaintiff Christian Alberto Santos Garcia* | By:     *//s//*<br>Simon Sandoval-Moshenberg<br>   (Va. Bar No. 77110)<br>Kristin Donovan (Va. Bar No. 92207)<br>Granville Warner (Va. Bar. No. 24957)<br>LEGAL AID JUSTICE CENTER<br>6066 Leesburg Pike, Suite 520<br>Falls Church, VA 22041<br>Tel: 703-778-3450<br>simon@justice4all.org<br>kristin@justice4all.org<br>cwarner@justice4all.org<br><br>Sirine Shebaya (*pro hac vice*)<br>Amber Qureshi (*pro hac vice*)<br>NATIONAL IMMIGRATION PROJECT OF THE<br>   NATIONAL LAWYERS GUILD<br>2201 Wisconsin Avenue, N.W., Suite 200<br>Washington, D.C. 20007<br>Tel: 617-227-9727<br>sirine@nipnlg.org<br>amber@nipnlg.org<br><br>*Counsel for Plaintiffs Santos Salvador Bolanos Hernandez, Gerson Amilcar Perez Garcia, and Ismael Castillo Gutierrez* |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this date, I uploaded the foregoing, along with all attachments thereto, to this Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all counsel of record:

Yuri S. Fuchs, Assistant U.S. Attorney
U.S. Attorney's Office for the Eastern District of Virginia, Alexandria Div.
Justin W. Williams United States Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314
Yuri.Fuchs@usdoj.gov
*Counsel for Defendants Wolf, Albence, Hott, and U.S. Immigration and Customs Enforcement*

Also on this date, I caused the foregoing to be mailed (first-class U.S. mail), along with all attachments thereto, to the following Defendants:

Jeffrey Crawford, Superintendent, Farmville Detention Center
Immigration Centers of America, LLC
508 Waterworks Road
Farmville, VA 23901

Immigration Centers of America, LLC
SERVE:  Russell B. Harper, R/A
7113 Three Chopt Road, Suite 210
Richmond, VA 23226

Armor Correctional Health Services, Inc.
SERVE: CT Corporation System, R/A
4701 Cox Rd Ste 285
Glen Allen, VA 23060-6808

Also on this date, I caused the foregoing to be mailed (U.S. mail, postage paid) and e-mailed, along with all attachments thereto, to the following counsel for the Defendants:

John M. Erbach
SPOTTS FAIN, P.C.
411 E. Franklin Street, Suite 600
Richmond, VA 23219
jerbach@spottsfain.com
*Counsel for Defendants Crawford and Immigration Centers of America, LLC*

8

Dated: July 26, 2020                                Respectfully submitted,

     //s//_____
Simon Sandoval-Moshenberg (VSB No. 77110)
simon@justice4all.org
**LEGAL AID JUSTICE CENTER**
6066 Leesburg Pike, Suite 520
Falls Church, Virginia 22041
Tel: (703) 778-3450 / Fax: (703) 778-3454

9