UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRISTIAN ALBERTO SANTOS GARCIA, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No. 1:20-cv-821-LMB-JFA |
| CHAD F. WOLF, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**FEDERAL DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' NOTICE OF RELATED CASE**

As Federal Defendants' identified in their Notice of Related Case, this action is related to *Toure* for the same reasons as *Lizama-Gutierrez*. *See* ECF No. 16.  Plaintiffs' Response, *see* ECF No. 20, however, asserts that there are three notable differences between the instant action and *Toure*. None of these differences are availing as illustrated by this Court's decision in *Lizama Gutierrez* to sever similar conditions of confinement claims, which centered around the same factual predicate.

*First*, Plaintiffs argue that *Toure* "is a habeas corpus petition," whereas this case "takes the well-familiar form of a complaint for injunctive relief." ECF No. 20 at 3. *Toure* and this case are related because of their common factual predicate; the form of legal action is immaterial. Regardless, Plaintiffs' assertion regarding the differences in legal vehicles is incorrect. The petitioners-plaintiffs in *Toure* did move for injunctive relief, *see Toure v. Hott*, Civ. No. 1:20-cv-395, Dkt. 7 (E.D. Va. Apr. 13, 2020),[1] and Judge O'Grady's decision in that case dealt with that motion, *see Toure v. Hott*, No. 1:20-CV-395, 2020 WL 2092639, at *14 (E.D. Va. Apr. 29, 2020).[2]

---

[1] The petitioners-plaintiffs' pleading document in *Toure* was also styled as a "Petition for a Writ of Habeas Corpus *and* Complaint for Injunctive and Declaratory Relief." *Toure v. Hott*, Civ. No. 1:20-cv-395, Dkt. 1 (E.D. Va. Apr. 9, 2020) (emphasis added).

[2] Plaintiffs separately assert that "[w]ith the *Toure* case at the Fourth Circuit still awaiting the scheduling of oral argument, the resolution of the appeal is likely several months away." ECF No.

1

*Second*, Plaintiffs argue that the "the two cases raise largely different claims," ECF No. 20 at 4, but *Toure* involved the same substantive due process claims on behalf of petitioners-plaintiffs challenging the conditions of confinement at ICA Farmville. *See Toure* 2020 WL 2092639, at *9-*13 (addressing claims of deliberate indifference and impermissible punishment).

*And third*, Plaintiffs assert that "the two cases are based on different factual predicates." ECF No. 20 at 4. To the contrary, although there have been developments at ICA Farmville, the same underlying factual predicate of *Toure*, *Lizama Gutierrez*, and the instant case is that they are challenging the conditions at ICA Farmville in light of COVID-19. In fact, *Lizama Gutierrez*, like the instant suit, involved allegations regarding the transfer of detainees to ICA Farmville and a number of positive tests among detainees there, *see, e.g.*, ECF No. 1 ¶ 46 (citing the Crawford Declaration from *Lizama Gutierrez* in support of positive test numbers), and nonetheless, this Court concluded that *Lizama Gutierrez* was a related action to *Toure* when it severed the conditions of confinement claims. *See Lizama Gutierrez v. Hott*, Civ. No. 1:20-cv-712, Dkt. 31 (E.D. Va. July 16, 2020).[3]

In sum, as stated in Federal Defendants' Notice of Related Case, the instant action is related to *Toure*, which counsels having it proceed before Judge O'Grady.

---

20 at 6. However, petitioners-plaintiffs in *Toure* moved to expedite oral argument before the Fourth Circuit citing the declaration of Respondent Crawford that Plaintiffs here rely on regarding the more recent conditions at ICA Farmville. *See Toure v. Hott*, No. 20-6695, Dkt. 29-1 (4th Cir. July 21, 2020); *see also* ECF No. 1 ¶ 46. That motion remains pending. Moreover, Judge O'Grady retains jurisdiction over *Toure* while the preliminary injunction order is on appeal. *See Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 301 (4th Cir. 2000).

[3] Plaintiffs attempt to distinguish *Lizama Gutierrez* by asserting that the Court severed the conditions of confinement claims based on a concern—expressed at oral argument—that it did not want to "mix apples and oranges." ECF No. 20 at 5. It does not appear that a transcript of that oral argument is currently available. However, on information and belief, Federal Defendants submit that the Court in severing the conditions of confinement also expressed a concern that any decision regarding the conditions of confinement at ICA Farmville in *Lizama Gutierrez* would inevitably have to be decided in tandem with *Toure*.

Dated: July 27, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　G. ZACHARY TERWILLIGER
　　　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

*By*: _____/s/_____
　　　　YURI S. FUCHS
　　　　Assistant United States Attorney
　　　　Office of the United States Attorney
　　　　2100 Jamieson Avenue
　　　　Alexandria, Virginia 22314
　　　　Tel:　(703) 299-3872
　　　　Fax:　(703) 299-3983
　　　　Email: yuri.fuchs@usdoj.gov

　　　　*Counsel for Federal Defendants*