Fidel Guevara Torres
A216-546-363
ICA-Farmville
P. o. Drawer N
Farmville, VA 29301

> DEATINED IN THE NATIONWIDE WORST IMMIGRATION CENTER
> ICA-FARMVILLE
> IN MEMORY OF MY FRIEND
> WHO PASSED AWAY IN THIS FACILITY:
> Dr. JAMES THOMAS HILL BY NEGLIGENCE - COVID-19 PANDEMIC
> SHOULD HAD NOT BE HAPPENED

Rec'd 9-18-20

Hon: Leone Brinkema
U.S. District Judge
Eastern District of Virginia
401 Courthouse Sq.
Alexandria, VA 22314-5798

September 14, 2020

Re: **Immediate Order of Deportation**

Dear Hon: Brinkema

The reason of this memorandum is to request your help, where alien from Peru argue that Deportation Officer (D.O. Williams) and the Field Office District director (Russell Hott Jr.) have been abused their discretion or violated alien's equal protection and substantive due process rights by failed to deport Mr. Guevara to Peru.

The most direct application of the Fourth Amendment is where there is an unlawful arrest. On this particular case Mr. Guevara final order of deportation was issued on February 20, 2019. Mr. Guevara was serving time in Core-Civic a private institution same as Dr. Hill. At Natchez, MS. Mr. Guevara was transferred to Rivers Correctional Institution ( a money maker factory and modern slavery owned and operated by the Geo Group Inc) on June 20, 2019. Mr. Guevara was release from the Geo Group Inc., on March 20, 2020 and has been in the custody of ICE at ICA-Farmville since then.

On June 28 to July 14, 2020 Mr. Guevara was admitted to the Armor Correctional Health Services Inc., at ICA-Farmville, and was transferred to outside hospital on July 14, 2020 and returned to the ICA-Farmville on July 28, 2020, there was close to die due to the negligence of the Directors of the Center.

Mr. Guevara's claims that if the deportation officer (D.O. Williams) and the Field Office Director ( Russell Hott Jr.) has deported Mr. Guevara on time he does not had face to fight with the death on ICA- Farmville. If Mr. Guevara final order of deportation was issued on 02/20/2019 and he arrived at ICA-Farmville on 03/20/2020, those person in charge are in violation of his constitutional rights and should be liable for it.

Mr. Guevara's respectfully request that this Honorable Court have mercy and issue an Immediate order of deportation in light of all damage that Mr. Guevara had suffered and still suffering in ICA-Farmville...a private facility where the directors only look for their profits and who cares for the detainees.

There is not probable cause that Mr. Guevara still detained when his final order of removal was issued on 02/20/2019 there is almost 19 months since that order.

Mr. Guevara's faith is based that the Honorable Leone Brinkema issued an immediate order of deportation if not, in the alternative issue an order of release.

Respectfully submitted by:

Fidel Guevara Torres

CC: Peruvian Consulate.
File,

66408-079
PRO 10-6-20
DOB 4-13-48

# Final Administrative Removal Order

In removal proceedings under section 238(b) of the Immigration and Nationality Act

Event No: JNA1901000062

File Number 216 546 363

Date FEB 1 9 2019

To: FIDEL GUEVARA-TORRES

Address: ADAMS COUNTY CORRECTIONAL CENTER 20 HOBO FORK RD NATCHEZ, MISSISSIPPI, 39120
(Number, Street, City, State and ZIP Code)

Telephone: (601) 304-2500
(Area Code and Phone Number)

## ORDER

Based upon the allegations set forth in the Notice of Intent to Issue a Final Administrative Removal Order and evidence contained in the administrative record, I, the undersigned Deciding Officer of the Department of Homeland Security, make the following findings of fact and conclusions of law. I find that you are not a citizen or national of the United States and that you are not lawfully admitted for permanent residence. I further find that you have a final conviction for an aggravated felony as defined in section 101(a)(43)(B+U) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1101(a)(43)(B+U), and are ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion. I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii). By the power and authority vested in the Secretary of Homeland Security, and in me as the Secretary's delegate under the laws of the United States, I find you deportable as charged and order that you be removed from the United States to:

PERU
or to any alternate country prescribed in section 241 of the Act.

R 1802 BROWN
(Signature and Title of Officer)

APOD
(Title of Officer)

FEB 19 2019 LAPLACE, LA
(Date and Office Location)

## Certificate of Service

I served this FINAL ADMINISTRATIVE REMOVAL ORDER upon the above named individual.

FEB 2 3 2019   9:45   Jena LA   IN PERSON
(Date, Time, Place and Manner of Service)

DO
(Signature and Title of Officer)

Form I-851A (Rev. 08/01/07)



*Secure Services™*

GEO Secure Services™
Rivers Correctional Facility
145 Parker's Fishery Road, P.O. Box 840
Winton, NC 27986

Tel: 252-358-5200
Fax: 252-358-5202
www.geogroup.com

# INMATE TRAVEL ITINERARY:

Name: GUEVARA-TORRES, FIDEL
Reg. No.: 66408-079

03/20/2020  Will release to the custody of:

10:00 a.m.  Immigration and Customs Enforcement (ICE),
200 Granby Street Suite 821
Norfolk, VA 23510
(757) 612-8999

CP-090  02/2020

*Office of Enforcement and Removal Operations*

U.S. Department of Homeland Security
2675 Prosperity Avenue
Fairfax, VA 20598



U.S. Immigration
and Customs
Enforcement

Guevera-Torres, Fidel                       A 216 546 363

c/o Immigration and Customs Enforcement
Washington Field Office

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file, consideration of the information you submitted to ICE's reviewing officials on May 19, 2020 and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

As explained below, after such review, ICE has determined to maintain your custody because:

☐ You have not demonstrated that, if released, you will not: **(Check only those that apply)**

☐ Pose a danger to the community, to the safety of other persons, or to property.

☐ Pose a significant risk of flight pending your removal from the United States.

**OR**

☑ ICE is in receipt of or expects to receive the necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in the public interest.

ICE has made such determination based upon:

ICE/ERO Washington is in possession of a valid travel document and expects to effectuate removal from the U.S. in the foreseeable future.

Based on the above, you are to remain in ICE custody pending your removal from the United States as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or

**Decision to Continue Detention**

Guevera-Torres, Fidel            A 216 546 363

Page 2

obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

If you have not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

    To assist in the ERO Removal Division custody review, you will be afforded a personal interview. You and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any, will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview date. This interview may be in person or through a video teleconference. If ERO needs to change the date of the interview, ERO will provide notice to you and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any.

    You may be accompanied during the interview by a person of your choice, subject to security requirements at the detention facility, as long as this person is able to attend the interview at the scheduled time.

    You may submit any additional documentation in English you wish to be considered in support of your release at the time of the interview or via mail service up to five business days prior to the scheduled time of your interview to the following address:

    9200 Arboretum Pkwy., Suite 140 N. Chesterfield, VA 23236

    Such documentation should contain a cover letter indicating that the material is submitted in support of your Post Order Custody Review personal interview. An attorney or other person may submit materials on your behalf.

    You are required to complete the below information.

**I do_____ do not \_✓\_\_ want a personal interview.**

**If you do want an interview, please check the appropriate box(es) below:**

☐   Check this box if you need an interpreter for your interview.
     Language/Dialect: _____

☐   I will be assisted at this interview by a representative of my own choosing.

    Name:_____

# Decision to Continue Detention

Guevera-Torres, Fidel  A 216 546 363
Page 3

If your representative has not filed a G-28, Notice of Entry of Appearance, on your behalf, you are responsible for notifying any other person you have selected to assist you of the date, time, and location of the interview. The representative must be at least 18 years of age.

You will be sent a separate Notice to Alien of Interview for Review of Custody Status approximately 30 days before the interview is scheduled If you wish to request additional time to prepare for the interview, you must notify your deportation officer within five business days of receipt of the Notice of Interview. If ERO agrees to postpone the interview at your request, you will be deemed to have waived its completion prior to jurisdiction over your case transferring to the ERO Removal Division.

You will be notified of the decision in your case when the custody review has been concluded by the ERO Removal Division.

MATTHEW S MUNROE
Digitally signed by MATTHEW S MUNROE
Date: 2020.06.10 12:41:08 -04'00'

_____  June 10, 2020
Matthew Munroe                Date
Deputy Field Office Director

## PROOF OF SERVICE

**(Officer to complete both (a) and (b) below.)**

(a) I __D. Willis__, __DO__,
       Name of ICE Officer        Title
certify that I served __Guevera Torres__ with a copy of
                        Name of detainee
this document at __ICH__ on __6/10/20__, at _____.
                  Institution         Date              Time

(b) I certify that I served the custodian _____,
                                           Name of Official
_____, at _____, on
      Title                       Institution
_____ with a copy of this document.
      Date

Detainee Signature: [signature]        Date: 6/16/20

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File