UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRISTIAN ALBERTO SANTOS GARCIA, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:20-cv-821-LMB-JFA |
| CHAD F. WOLF, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO THE COURT'S
ORDER REGARDING *PRO SE* LETTERS**

On September 21, 2010, the Court entered into the record two letters it had received from two detainees, Frank O. Souza Bauer and Fidel Guevara Torres, ECF Nos. 94-96, at the Farmville Detention Center ("ICA Farmville") and noted that "the issues raised in their letters are sufficiently connected to issues in this case that counsel should address them." ECF No. 93 at 1. Defendants now provide their response to the points raised in both letters for additional context.

1.  Mr. Souza Bauer's letter raises the circumstances of his removal proceedings, his medical treatment, and a request regarding the existing injunction against transfers into ICA Farmville. *See* ECF No. 94. As to each:

    - Mr. Souza Bauer indicates that he has "resigned all immigration process" and that he submitted a request for humanitarian parole to U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 94 at 2. Mr. Souza Bauer is currently subject to an order of removal dating back to June 2014—he was removed to Bolivia in 2014, re-entered the United States in 2015, obtained bond, but then came back into DHS custody in November 2019. He filed a motion to reconsider/reopen his order of removal in March 2020. That motion was denied on August 20, 2020, and Mr. Souza Bauer has not appealed that denial. Thus, ICE is

1

now in a position to commence his removal to Bolivia. As part of this removal effort predating his letter, his information has been sent to schedule a nonescort, commercial flight to Bolivia. Separately, Mr. Souza Bauer's request for parole was submitted on September 10, 2020, alleging his medical condition but not raising any issues regarding a breathing machine or Continuous Positive Airway Pressure ("CPAP") machine as referenced in his letter. That request for parole was denied on September 14 and Mr. Souza Bauer was instructed that it was critical that he communicate to ICA Farmville staff any medical or safety issues.

- Mr. Souza Bauer also raises his medical treatment, asserting that he has not been provided with a CPAP machine and raising issues regarding the response to his sick call requests and his evaluation by the facility's medical unit. ████████████████████████
████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

- Finally, Mr. Souza Bauer's letter raises the issue of whether the ban on transfers should continue or whether transfers should resume. ECF No. 94 at 3. However, since his letter, Federal Defendants have withdrawn their motion to alter or amend the Court's preliminary injunction order prohibiting transfer, *see* ECF No. 97, and therefore this issue is not presently before the Court.

2. Mr. Guevara Torres' letter likewise raises the circumstances of his removal proceedings and his medical treatment. *See* ECF No. 95. As to each:

- Mr. Guevara Torres requests an "immediate order of deportation, if not, in the alternative issue an order of release."[1] ECF No. 95 at 2. Although Mr. Guevara Torres was issued an order of removal in February 2019, he was then in the custody of the Bureau of Prisons and did not enter into the custody of ICE until March 2020 whereupon he was transferred to ICA Farmville. Mr. Guevara Torres was scheduled to be removed to Peru on a charter flight on July 7, 2020, but that was cancelled following his admission to a hospital for COVID-19 symptoms. Since Mr. Guevara Torres' release from the hospital, ICE has been inquiring into the availability of charter and commercial flights to Peru for his removal, which has been complicated by the suspension of commercial flights to Peru and Mr. Guevara Torres' travel documents being expired. A charter flight for his removal is expected to be available sometime in October.

- Mr. Guevara Torres also discusses his medical treatment for COVID-19 at ICA Farmville.

████████████████████████████████████████████████████████████

---

[1] Pursuant to 8 U.S.C. § 1252(g), this Court lacks jurisdiction to grant the removal-related relief Mr. Guevara Torres seeks, but Defendants address his allegations for clarity of the record.

3

████████████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████

3.   In addition, Plaintiffs have filed their own response to the letters of Mr. Souza Bauer and Guevara Torres. *See* ECF No. 98. While Plaintiffs' response offers no additional information as to the circumstances of these two individuals, Plaintiffs use their response to urge the Court to act on Plaintiffs' request for preliminary injunctive relief and to suggest measures on any resumption of transfers into ICA Farmville. Neither of these arguments are availing. As to each:

- Contrary to Plaintiffs' submission that the letters support a need for preliminary injunctive relief, *see* ECF No. 98 at 4, these letters—while reflecting the detainees' understandable fears and concerns regarding COVID-19—refer to the individuals' experiences with the prior COVID-19 outbreak that has since passed and not "recent developments," *see, e.g.*, ECF No. 95 (referring to Mr. Guevara Torres' circumstances in July 2020). Indeed, the facility has gone incubation cycles without any new cases among detainees, *see, e.g.*, ECF No. 63-1, and the facility's compliance with CDC guidance has been assessed by two experts and the CDC itself. The assessments of the CDC and Dr. Reese specifically have concluded that the facility is taking active measures against COVID-19, while suggesting additional

4

recommendations. Among other findings, the CDC Report noted that the facility: has engaged in facility-wide testing, screens detainees for COVID-19 at least once a day at medical calls, has existing and ongoing efforts at social distancing and PPE use, and had implemented CDC recommendations at the time of the CDC's visit. *See* ECF No. 91-1 at 7, 18-20, 23. Moreover, the Reese Report, which suggested its own recommendations, found that the facility "is in compliance with the current CDC guidance governing detention facilities and shared or congregate housing." ECF No. 80-1 at 6.[2] In short, contrary to Plaintiffs' assertions otherwise, the facility has taken and is continuing to take proactive and necessary measures against COVID-19, frequently in conjunction with public health officials. All of this militates against Plaintiffs' proposed injunction to have the facility bind itself to a plan based on the limited and unjustified findings of Plaintiffs' own expert. *See* ECF No. 68 at 2 ("Plaintiffs request that this Court order Defendants to submit to Plaintiffs a written plan to address the deficiencies outlined in Dr. Venters's report.").

- As to the now withdrawn motion to alter or amend the judgment, Plaintiffs assert that any future plans "to rely on Caroline as a detainee waypoint in order to admit new transfers into Farmville must be contingent on an expert inspection of Caroline." ECF No. 98 at 7. That request is inappropriate because the instant lawsuit regards the conditions of confinement at ICA Farmville and does not concern the conditions at Caroline Detention Facility as to which there is not a live case or controversy before the Court. In any event, because that

---

[2] Plaintiffs assert that allegations of Defendants' failure to prevent, detect, and treat COVID-19 at ICA Farmville have been corroborated by the report of Dr. Homer D. Venters, ECF No. 98 at 3, but as noted in the Reese report, Dr. Venters' inspection of the facility was done without looking at medical records, sick call records or slips, and without observing any medical examination, pill line, or detainee movement. ECF No. 80-1 at 6.

motion has now been withdrawn, *see* ECF No. 97, any argument as to proposed measures at Caroline Detention facility is immaterial.

4. In the end, both detainees' letters describe experiences with respect to COVID-19 that occurred months ago. Circumstances at Farmville have changed markedly since then, both with respect to the prevalence of COVID-19 at Farmville and the measures that Defendants have taken to combat the virus. The letters thus provide scant support for the prospective injunctive relief that Plaintiffs seek through this lawsuit.

Dated: October 5, 2020

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

*By:* _____/s/_____
YURI S. FUCHS
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3872
Fax:   (703) 299-3983
Email:  yuri.fuchs@usdoj.gov

*Counsel for Federal Defendants*

_____/s/_____
JOHN M. ERBACH (VSB No. 76695)
Email:  jerbach@spottsfain.com
PATRICIA BUGG TURNER (VSB No. 72775)
Email: pturner@spottsfain.com
KASEY L. HOARE (VSB No. 92289)
Email: khoare@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600

        P.O. Box 1555
        Richmond, VA 22318
        (804) 697-2000 (Telephone)
        (804) 697-2100 (Facsimile)

        *Counsel for Defendants Jeffrey Crawford and Immigration Centers of America, LLC*

            /s/
        CHRISTOPHER F. QUIRK (VSB #88238)
        Email: cquirk@sandsanderson.com
        EDWARD J. MCNELIS, III (VSB #34003)
        Email: emcnelis@sandsanderson.com
        Sands Anderson PC
        1111 East Main Street, Suite 2400
        Richmond, Virginia 23219
        Telephone: (804) 648-1636
        Facsimile: (804) 783-7291

        *Counsel for Defendant Armor Correctional Health Services, Inc.*