IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**CHRISTIAN ALBERTO
SANTOS GARCIA,** *et al.,*

    **Plaintiffs,**

v.                                                  Civ. Action No.: 1:20-cv-00821

**CHAD F. WOLF,** *et al.,*

    **Defendants.**

## STIPULATED PROTECTIVE ORDER

Upon consideration of the stipulation of the parties, as evidenced by the endorsements of counsel below, and it appearing that during discovery the parties may exchange confidential and sensitive information or other private and confidential information, and it otherwise appearing proper to do so, it is for good cause hereby

ORDERED that the discovery in this action, whether the information or documents are produced by, or elicited from, parties or nonparties, shall be governed by the following terms:

1.     **Definitions:** The following definitions apply to this Order:

    (a)     "Party" means any party to this action and its parent organization or owner(s) and "Parties" means the parties to this action and their respective parent organization or owner(s) collectively;

    (b)     "Disclosing Person" or "Disclosing Party" means any Party or Third-Party that discloses Confidential Materials (as that term is defined further herein);

    (c)     "Receiving Party" means any Party or Third-Party that receives Confidential Materials from a Disclosing Party;

    (d)     "Third-Party" means any natural person, partnership, corporation,

association, agency, or other legal entity not named as a Party in this action;

(e) When used in this Order, the word "document" shall include, without limitation, all original, written, recorded, electronic or graphic materials, and all copies thereof;

(f) "This action" as used in this Order refers to *Christian Alberto Santos Garcia, et al. v. Chad F. Wolf, et al.*, Case No. 1:20cv821, pending in the United States District Court for the Eastern District of Virginia (Alexandria Division);

(g) "Confidential" means any non-public, sensitive, protected health information ("PHI"), and/or proprietary business information of a Party or Third-Party qualifying for protection under applicable law including any material protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a, that is contained in any document or witness testimony that the Disclosing Person may designate;

(h) "Highly Confidential -- Attorneys' Eyes Only" (referred to in this Order as "Highly Confidential") means any trade secret, highly proprietary, security, or sensitive competitive information contained in any document or witness testimony that would cause substantial competitive harm to the Disclosing Party or risk a security breach if such information was disclosed publicly or to anyone employed by the Receiving Party.

2. **Discovery Materials:** This Protective Order applies to all documents, testimony, and information produced, given, or filed in this action, including interrogatory answers, responses to requests for admission, documents produced (whether produced by parties or nonparties), expert reports, deposition testimony and transcripts (whether the testimony of party or nonparty witnesses), and deposition exhibits, all of which are hereafter referred to as "Discovery Materials." Nothing contained herein shall be construed to restrict the ability of a

non-party from objecting to disclosure of information within its possession, custody, and control pursuant to any applicable federal or state law, including, but not limited to, the Department of Homeland Security's ("DHS") *Touhy* regulations, 6 C.F.R. §§ 5.41 *et seq.*, any Federal Rule of Civil Procedure, or any Federal Rule of Criminal Procedure.

3. **Use Restriction:** Discovery Materials produced by a Disclosing Party shall be used by a Receiving Party only for the purpose of this action.

4. **"Confidential" Designation:** If a Disclosing Person or a Disclosing Party contends that certain Discovery Material it produces is Confidential, then that Disclosing Party (the "Designating Party") may designate the Discovery Material as "Confidential" ("Confidential Material") as provided in Paragraph 7. Confidential Material so designated shall be maintained by a Receiving Party in confidence and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons: (a) attorneys of record in this action and their partners, associates, and regularly-employed staff, and supporting personnel to the extent necessary to render professional services in this action, and any duplicating, photocopying, document scanning/coding contractors, and electronic discovery consultants engaged to assist counsel in this action; (b) persons who appear on the face of the Confidential Material as an author, addressee, or recipient thereof; or persons who are shown to have prior knowledge of the contents of the document or thing, participated in events described or contained in the document or thing, or in whose files the document or thing was found; (c) independent consultants and experts (other than current employees of the Receiving Party) retained or specially employed for the purposes of this action who have first signed a Confidentiality Agreement in the form annexed hereto as Exhibit A (a copy of which shall be given to opposing counsel); (d) court reporters (provided that each is first advised of, and agrees

to be bound by, the terms of this Protective Order); (e) this Court or a court with appellate jurisdiction, and court personnel, in the manner described in Paragraph 11; (f) the author or creator of the information; (g) any person shown to have received or provided the information, or to whom it is shown to have been disclosed prior to the commencement of this action; and (h) the Parties and their officers and employees whose assistance is deemed reasonably necessary by counsel for that Party to assist counsel in this action, provided that each is first advised of, and agrees to be bound by, the terms of this Protective Order.

5. **"Highly Confidential - Attorneys' Eyes Only" Designation:** If a Disclosing Party contends that any Discovery Material should be disclosed and used in this action on a very limited basis because it is extremely competitively sensitive, highly confidential, poses a security concern, or for some other good cause within the meaning of Rule 26(c), then the Disclosing Party may designate that material as "Highly Confidential - Attorneys' Eyes Only" or a similar designation ("Highly Confidential Material"). Highly Confidential Material shall be kept confidential by the recipient and shall not be given, shown, made available, or communicated in any way to anyone other than the persons described and on the same terms in Paragraphs 4(a), (b), (c), (d) and (e). Highly Confidential Material shall not be given, shown, made available, or communicated in any way to any Party or Third Party, or to their respective owner(s), officers, or employees of any Party or Third Party.

6. **Advising Clients Concerning Highly Confidential Materials:** Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying on the examination of Highly Confidential Materials. However, in rendering such advice and otherwise communicating with

the client, counsel shall not disclose the contents, substance, or source of any Highly Confidential Materials, except as otherwise permitted by this Stipulated Protective Order.

7. **Designating Discovery Materials:** Documents containing Confidential or Highly Confidential Material (collectively "Materials) must be marked as such at the time they are produced to a Receiving Party either by a stamped legend if it is a document, or on the disk, CD-ROM, or other electronic media or file containing the documents. Oral testimony containing Confidential or Highly Confidential Material elicited during a deposition may be designated as such by counsel orally on the record during the deposition or by written designation within fifteen (15) days of the Designating Party's counsel's receipt of the deposition transcript (the "Review Period"). During the Review Period, the Parties shall treat the deposition transcript, in its entirety, as Highly Confidential. Materials should be marked at the time a document or electronic information is produced, at the time an oral statement is elicited, or within the Review Period. Documents produced by a Third Party that a Party reasonably believes contain information of the Party that qualifies for protection under this Order as Confidential or Highly Confidential - Attorneys' Eyes Only may so designate such Third-Party documents by giving the other Party written notice of such designation within fifteen (15) days of the Designating Party's receipt of those documents.

8. **Inadvertent Production of Privileged, Work-Product Protected, or Confidential Information:** The mere inadvertent production of Discovery Material which the Disclosing Party contends is privileged or work-product protected, or which the producing party inadvertently failed to designate as Confidential or Highly Confidential at the time of production, shall not, in and of itself, be deemed a waiver of any privilege, protection, or confidentiality, provided that the producing party shall promptly make a specific request (a) for the return of the

inadvertently-produced privileged or work-product protected material, or (b) for the opportunity to designate the confidentiality of undesignated Discovery Materials. An inadvertent production shall include both the unintentional production of material then-known to include privileged, work product, or Confidential Information which is mistakenly included in a production and information intentionally included in a production but not then-known to include such material which is only later determined to be privileged, work product, or Confidential Information. In the event of a dispute, either Party may seek relief from the Court; however, the Party or Third Party making the inadvertent production shall bear the burden of proving that the Discovery Materials at issue should be treated as privileged or work-product protected material, or as Confidential or Highly Confidential Material, and that there has not been a waiver under Federal Rule of Evidence 502(b). Pending resolution of any such dispute, the Party that received the disputed Discovery Materials shall treat those Discovery Materials as if they had been designated in the manner requested by the producing Party. This provision is in addition to the protections afforded under Rule 502(b) of the Federal Rules of Evidence regarding the inadvertent disclosure of attorney-client privileged information. Moreover, in the event that a waiver of attorney-client privilege has been found due to a disclosure during discovery in this action, this provision constitutes a court order pursuant to Rule 502(d) of the Federal Rules of Evidence that the waiver is not a waiver in any other federal or state proceeding.

9. **Challenging a Designation:** A Party's or Third Party's designation of Discovery Materials as Confidential or Highly Confidential Material may be challenged by any Receiving Party. The Party or Third Party making the designation shall bear the burden of proving that the Discovery Materials at issue should be treated as Confidential or Highly Confidential Material. When a challenge is made the Parties shall attempt to resolve it in good faith and will meet-and-

confer on any challenge to the designation. If the Parties cannot resolve a challenge without court intervention after a good-faith effort to resolve the disagreement, the party designating or challenging a confidentiality designation (or both) may apply to the Court for a ruling that the Discovery Material objected to shall (as applicable) be treated or not treated as Confidential or Highly Confidential. Until the Court enters an order determining the status of the Discovery Material, it shall be treated as designated under this Order.

10. **Reproduction Restrictions:** There shall be no reproduction of Discovery Materials (including Confidential and Highly Confidential Materials) except for the purpose of litigating this action. As is reasonably necessary for this purpose, copies, excerpts, or summaries of Confidential and Highly Confidential Materials may be made and shown or given to those persons authorized under this Order. The recipient of Highly Confidential Material that has been produced in electronic format shall not copy or store it on any computer hard drive (except in RAM), or on any computer network or networked device, unless access to such information is password-protected, and password access is limited to the persons authorized under this Protective Order.

11. **Use and Sealing of Own Discovery Materials:** A Party or Third Party may use its own Confidential or Highly Confidential Materials in any way. A Party or Third Party may file its own Confidential or Highly Confidential Materials under seal. This Protective Order, however, does not prospectively authorize sealing of Confidential or Highly Confidential Materials filed in the judicial record; rather, a party or nonparty must apply for authorization to file its own Confidential or Highly Confidential Materials under seal in accordance with the procedures set forth in Local Civil Rule 5.

12. **Use and Sealing of Discovery Materials Produced by Another Party or Nonparty:** The Parties may use any Confidential or Highly Confidential Material produced by another Party or Third Party as an exhibit or attachment to any motion, or as a deposition exhibit, or as a proposed trial exhibit subject to this Paragraph 12. This Protective Order, however, does not prospectively authorize sealing of Confidential or Highly Confidential Materials filed in the judicial record; rather, a Party or Third Party must apply for authorization to file the Protected Information of another Party or Third Party under seal in accordance with the procedures set forth in Local Civil Rule 5, seeking to have those Confidential or Highly Confidential Materials maintained under seal until further order of the Court. A party desiring to file confidential information with the court will file it under seal, or obtain the permission of the designating party to file it in the public record. If any challenge is made to the sealing of materials filed with the Court, the Disclosing Party shall bear the burden of proving that sealing is warranted; provided however, that if a Party challenges the designation of Discovery Materials designated by a Third Party as Confidential or Highly Confidential, the Party challenging the designation shall give notice to the designating Third Party and shall bear the burden of proving that the Discovery Materials should not be sealed.

13. **Use at Deposition, Hearing, or Trial:** If Confidential or Highly Confidential Material of a Disclosing Party is used by a Receiving Party as a deposition exhibit or as an exhibit at any hearing or trial, the Disclosing Party may request that only persons authorized under this Protective Order to be given access to the designated Materials be present for the testimony given regarding that material. In the event of a dispute, the Party seeking to limit attendance at the deposition shall bear the burden of seeking relief from the Court. If Confidential or Highly Confidential Material of a Disclosing Third Party is used by a Receiving

Party as a deposition exhibit or as an exhibit at any hearing or trial, only persons authorized under this Protective Order to be given access to such Materials may be present for the testimony given regarding that material unless otherwise authorized by the Disclosing Third Party in writing in advance of the deposition, hearing, or trial or as may be ordered by the Court.

14. **Disposition Upon Termination of Action:** Upon final termination of this action, including all appeals, the parties shall assemble and return all Confidential and Highly Confidential Material, together with all copies thereof, to the producing Party or Third Party, or shall destroy those Materials and provide a certification of destruction to the other Party within 60 (sixty) days of the termination of the action. Notwithstanding this provision, each entity serving as counsel is entitled to retain one archival copy of all Discovery Materials.

15. **Adoption by Nonparty:** Counsel for the parties shall serve a true and complete copy of this Protective Order on any nonparty on whom a discovery or trial subpoena is served. A Third Party may consent in writing to be bound by this Protective Order, and upon such consent, shall be deemed a party to this Protective Order and subject to its terms and to the personal jurisdiction of this Court with respect to the interpretation and enforcement of this Stipulated Protective Order. The entry of this Protective Order upon the stipulation of the parties in no way limits any nonparty from seeking other or further relief from the Court.

16. **Exclusions from this Protective Order:** The restrictive disclosure and use provisions of this Protective Order shall not apply to any document or information that is, or during the litigation becomes, (a) of public record; (b) filed as a public record with the clerk of any federal or state court in other litigation except due to the inadvertence of counsel for a Party that is promptly cured; (c) filed with any federal or state agency, copies of which are required by that agency to be freely available in their entirety to the public; or (d) published in any other

way; provided that such public filing or other publication has not occurred in violation of this Protective Order or by violation of any other law.

17. **Modification:** Each party shall have the right to apply to the Court to modify this Protective Order for good cause shown.

18. **Duration:** This Protective Order shall remain in full force and effect until modified by further order of the Court, and its terms shall survive the termination of this action unless otherwise modified by the Court.

19. **Authorization to Disclose Information Subject to the Privacy Act:** To the extent that the Privacy Act allows the disclosure of protected information pursuant to a court order, *see* 5 U.S.C. § 552a(b)(11), this Order constitutes such a court order.

20. **Continuing Jurisdiction of the Court:** After final determination of this litigation, the provisions of this Order shall continue to be binding, and the Court shall retain jurisdiction over the parties for enforcement of its provisions. Any violations of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

/s/ JA
John F. Anderson
United States Magistrate Judge

Dated: January 15, 2021
Alexandria, Virginia

United States District Judge/
United States Magistrate Judge

**WE STIPULATE TO THIS:**

_____/s/_____
Simon Sandoval-Moshenberg
(Va. Bar No. 77110)
Kristin Donovan (Va. Bar No. 92207)
Granville Warner (Va. Bar. No. 24957)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: 703-778-3450
simon@justice4all.org
kristin@justice4all.org
cwarner@justice4all.org

Sirine Shebaya (*pro hac vice*)
Amber Qureshi (*pro hac vice*)
NATIONAL IMMIGRATION PROJECT OF
THE NATIONAL LAWYERS GUILD
2201 Wisconsin Avenue, N.W., Suite 200
Washington, D.C. 20007
Tel: 617-227-9727
sirine@nipnlg.org
amber@nipnlg.org

*Pro bono counsel for Plaintiffs*

Joseph D. West (Va. Bar No. 16834)
David Debold (*pro hac vice*)
Naima L. Farrell (*pro hac vice*)
Thomas J. McCormac IV
(*pro hac vice*)
Blair Watler (*pro hac vice*)
Katherine King (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: 202-955-8551
jwest@gibsondunn.com
ddebold@gibsondunn.com
nfarrell@gibsondunn.com
tmccormac@gibsondunn.com
bwatler@gibsondunn.com
kking@gibsondunn.com

*Pro bono counsel for Plaintiffs*

G. ZACHARY TERWILLIGER

By: _____/s/_____
YURI S. FUCHS
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3872
Fax: (703) 299-3983
Email: yuri.fuchs@usdoj.gov

*Counsel for Federal Defendants*

JEFFREY CRAWFORD AND
IMMIGRATION CENTERS OF AMERICA
- FARMVILLE, LLC

_____/s/_____
JOHN M. ERBACH (VSB No. 76695)
Email: jerbach@spottsfain.com
PATRICIA BUGG TURNER (VSB No. 72775)
Email: pturner@spottsfain.com
KASEY L. HOARE (VSB No. 92289)
Email: khoare@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, VA 22318

11

(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)

*Counsel for Defendants Jeffrey Crawford and Immigration Centers of America, LLC*

ARMOR CORRECTIONAL HEALTH SERVICES, INC.


_____/s/_____
CHRISTOPHER F. QUIRK (VSB #88238)
Email: cquirk@sandsanderson.com
EDWARD J. MCNELIS, III (VSB #34003)
Email: emcnelis@sandsanderson.com
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, Virginia 23219
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
*Counsel for Defendant Armor Correctional Health Services, Inc.*

# EXHIBIT A

**CONFIDENTIALITY AGREEMENT**

The undersigned, having read and understood the Stipulated Protective Order entered in this action governing and restricting the use and disclosure of Discovery Material, Confidential Discovery Material, and Highly Confidential Discovery Material (as defined therein), hereby agrees to be bound by the terms thereof, and will use such materials only for the purposes of this case, and will make no use or disclosure of them other than as provided in the Stipulated Protective Order. The undersigned also agrees to submit to the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division, for the purpose of the enforcement of this order.

Name (print): _____

Business: _____

Address: _____

_____

Dated: _____