IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHRISTIAN ALBERTO
SANTOS GARCIA, *et al.*,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　Civ. Action No.: 1:20-cv-00821

CHAD F. WOLF, *et al.*,

    Defendants.

## STIPULATED JURISDICTIONAL DISCOVERY ORDER

Upon consideration of the stipulation of the parties, as evidenced by the endorsements of counsel below, it is for good cause hereby

ORDERED that the limited jurisdictional discovery in this action shall be governed by the following terms:

1. **Time.** Limited jurisdictional discovery shall begin upon the entry of this Order and continue for seventy-five (75) days or until earlier concluded by agreement of the parties.

2. **Scope.** The scope of jurisdictional discovery shall be limited to those issues bearing on whether Defendants Jeffrey Crawford and Immigration Centers of America-Farmville, LLC ("ICA-Farmville," and collectively the "Farmville Defendants") and Armor Correctional Health Services, Inc. ("Armor") are state actors for purposes of liability under 42 U.S.C. § 1983. The parties have agreed, and the Court does hereby ORDER, that such discovery shall be limited to the following:

    a.    Source(s) of authority to operate the Farmville Detention Center ("FDC") and to provide medical services therein;

    b.    Level of control over the operations of the FDC by the Town of Farmville, the Commonwealth of Virginia and agencies thereof, and U.S. Immigration and Customs Enforcement ("ICE"), both generally and with regards to COVID-19;

    c.    The source and flow of payments made to the Farmville Defendants and Armor for the operation of the FDC and the provision of medical services therein, generally;

    d.    Sources of decision-making authority regarding the Farmville Defendants' response and Armor's response to the COVID-19 global pandemic; provided that no document discovery on this topic will be directed to Chad F. Wolf, ICE, Jonathan Fahey, and/or Russell Hott (collectively "Federal Defendants") in the first instance and will instead be collected from the Farmville Defendants and/or Armor. Should any issues involving document preservation or spoliation arise as to documents sought from the Farmville Defendants and/or Armor on this subject, the parties may meet-and-confer on potentially seeking document discovery from Federal Defendants on this subject.

    3.    **Reservation of Derivative Immunity Issue.** The parties agree to limit the jurisdictional discovery period established by this Order to those issues related to the question whether Farmville Defendants and/or Armor are state actors for purposes of liability under 42 U.S.C. § 1983. Accordingly, discovery concerning the derivative immunity defense raised in Farmville Defendants' Partial Motion to Dismiss First Amended Complaint Under Rule 12(b)(1) (ECF No. 136) shall be reserved until merits discovery, which shall commence in the ordinary

course after the parties participate in a conference under Fed. R. Civ. P. 26(f). Farmville Defendants' right to assert the derivative immunity defense by motion or otherwise is therefore reserved.

4. **ESI Protocol.** The parties have agreed that any discovery of electronically stored information ("ESI") shall proceed according to an ESI Protocol to be negotiated between the parties and separately filed as an order of this Court, whereby the parties will meet and confer to agree on a set of search terms to be applied initially to document custodians Jeffrey Crawford and Teresa Moore, M.D. As part of this process, Farmville Defendants and Armor agree to submit to Plaintiffs, within seven (7) days of the entry of this Order, a statement under oath identifying by name and job title all document custodians who regularly communicate between or among ICE, ICA, Armor, the Commonwealth of Virginia or any agency thereof, the local health district of the Virginia Department of Health, and/or the Town of Farmville, Virginia (the "Town") about matters related to ICA-Farmville. Thereafter, Plaintiffs may identify up to three (3) additional document custodians to Farmville Defendants and three (3) additional document custodians to Armor to whom the search terms shall be applied in collecting ESI.

5. **Discovery Limitations.** The following limitations shall apply to jurisdictional discovery:

    a. *Interrogatories.* Any interrogatories served during jurisdictional discovery shall count against a party's total number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1) in this case.

    b. *Requests for Admission.* During jurisdictional discovery, the Plaintiffs shall not serve more than 25 requests for admission under Fed. R. Civ. P. 36 ("RFA") on the Farmville Defendants, and Armor, respectively, and

(15) requests for admission on the Federal Defendants. Farmville Defendants and Armor may each serve up to 25 RFAs on the Plaintiffs as a group collectively, and the Federal Defendants may serve up to 15 RFAs on the Plaintiffs as a group collectively.

c. *Depositions.* Plaintiffs may take one deposition each of ICA-Farmville, Armor, and ICE under Fed. R. Civ. P. 30(b)(6) during jurisdictional discovery. Notice of any 30(b)(6) deposition must be served at least 21 days in advance of the deposition in order to ensure proper preparation. Proper notice of a 30(b)(6) deposition must describe the areas of inquiry of that deposition with reasonable specificity and must not exceed the topics described in paragraph 2. Examination of a 30(b)(6) deponent is limited to the areas of inquiry identified in the notice. A party may file objections to a 30(b)(6) notice within 10 days of receiving the notice. If the parties cannot resolve any disputes over the scope of a 30(b)(6) deposition through good-faith conferral, the objecting party may move for a protective order. The parties will confer in good faith to set each deposition at a date and time that is agreeable to all parties, and such depositions may be taken by Zoom or other remote means as long as this Court is operating under pandemic procedures, in a manner to be negotiated by the parties in good faith. All corporate Defendants reserve the right to sit for their depositions in the district of the corporation's principal place of business. Plaintiffs shall take no other depositions of Defendants or their officers, agents, employees, or representatives during

jurisdictional discovery. Any third-party depositions taken during jurisdictional discovery shall count against the five (5) non-party, non-expert witness depositions provided for under the Court's regular scheduling order. Federal Defendants, Farmville Defendants, and Armor each reserve the right to take one (1) deposition during jurisdictional discovery.

d. *Third Party Subpoenas Duces Tecum.* Plaintiffs may serve no more than three *subpoena duces tecum* on a third-party during jurisdictional discovery; and Farmville Defendants, Federal Defendants, and Armor may each serve up to three *subpoena duces tecum* on a third-party during jurisdictional discovery. Any documents received from a third-party during jurisdictional discovery shall be produced to all other parties in this case within seven days of receipt.

e. *Stipulated Protective Order.* The parties shall meet and confer in an effort to submit a stipulated protective order to the Court. A stipulated protective order shall govern all discovery in this case and will be entered before any potentially confidential discovery is required to be produced in jurisdictional discovery. If the parties cannot agree on the terms of a stipulated protective order after meeting and conferring in good faith, the parties shall submit to the Court competing versions of a stipulated protective order, identifying the remaining areas of disagreement and the parties' respective positions for the Court to resolve the remaining dispute.

6. **Relation to Merits Discovery.** Any discovery obtained during jurisdictional discovery shall also be deemed produced in any subsequent merits discovery without any further request. During merits discovery, no party shall engage in any discovery that is unnecessarily duplicative of discovery already obtained during jurisdictional discovery, including areas of inquiry that were fully addressed during prior 30(b)(6) depositions.

7. **Privilege Logs.** Any party withholding any document or information on the basis of the attorney-client privilege, the work product doctrine, or any other applicable privilege, shall produce a privilege log within 10 days of the completion of production of documents. The privilege log shall include a nonprivileged description of the document withheld sufficient to permit an evaluation of the claim of privilege, the date of the document (if any), the identity of the sender/creator, the identity of any recipients, and the type of privilege asserted. No party shall be obligated to log any documents or communications with or among outside litigation counsel.

8. **Relation to the Rules.** The Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Eastern District of Virginia shall govern jurisdictional discovery except to the extent in conflict with the terms of this Order, in which case, the terms of this Order shall control jurisdictional discovery. By agreeing to any of the foregoing terms, including without limitation the scope of jurisdictional discovery, Defendants do not concede that any information produced during jurisdictional discovery is relevant to whether Farmville Defendants and/or Armor are state actors, and the Defendants reserve the right to object to admissibility of such evidence on any bases.

Dated: Jan. 28 2021
Alexandria, Virginia

/s/
John F. Anderson
United States Magistrate Judge
United States District Judge/
United States Magistrate Judge

6

**WE STIPULATE TO THIS:**

_____/s/_____
Simon Sandoval-Moshenberg
(Va. Bar No. 77110)
Kristin Donovan (Va. Bar No. 92207)
Granville Warner (Va. Bar. No. 24957)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: 703-778-3450
simon@justice4all.org
kristin@justice4all.org
cwarner@justice4all.org

Sirine Shebaya (*pro hac vice*)
Amber Qureshi (*pro hac vice*)
NATIONAL IMMIGRATION PROJECT OF
THE NATIONAL LAWYERS GUILD
2201 Wisconsin Avenue, N.W., Suite 200
Washington, D.C. 20007
Tel: 617-227-9727
sirine@nipnlg.org
amber@nipnlg.org

*Pro bono counsel for Plaintiffs*

Joseph D. West (Va. Bar No. 16834)
David Debold (*pro hac vice*)
Naima L. Farrell (*pro hac vice*)
Thomas J. McCormac IV
(*pro hac vice*)
Blair Watler (*pro hac vice*)
Katherine King (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: 202-955-8551
jwest@gibsondunn.com
ddebold@gibsondunn.com
nfarrell@gibsondunn.com
tmccormac@gibsondunn.com
bwatler@gibsondunn.com
kking@gibsondunn.com

*Pro bono counsel for Plaintiffs*

G. ZACHARY TERWILLIGER

By: _____/s/_____
YURI S. FUCHS
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3872
Fax:   (703) 299-3983
Email: yuri.fuchs@usdoj.gov

*Counsel for Federal Defendants*

JEFFREY CRAWFORD AND
IMMIGRATION CENTERS OF AMERICA
- FARMVILLE, LLC

_____/s/_____
JOHN M. ERBACH (VSB No. 76695)
Email: jerbach@spottsfain.com
PATRICIA BUGG TURNER (VSB No. 72775)
Email: pturner@spottsfain.com
KASEY L. HOARE (VSB No. 92289)
Email: khoare@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, VA 22318

                                 (804) 697-2000 (Telephone)
                                 (804) 697-2100 (Facsimile)

*Counsel for Defendants Jeffrey Crawford and Immigration Centers of America, LLC*

ARMOR CORRECTIONAL HEALTH
SERVICES, INC.

        /s/
_____
CHRISTOPHER F. QUIRK (VSB #88238)
Email: cquirk@sandsanderson.com
EDWARD J. MCNELIS, III (VSB #34003)
Email: emcnelis@sandsanderson.com
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, Virginia 23219
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
*Counsel for Defendant Armor Correctional Health Services, Inc.*