**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**CHRISTIAN ALBERTO
SANTOS GARCIA,** *et al.***,**

     **Plaintiffs,**

**v.**                      **Civ. Action No.: 1:20-cv-00821**

**CHAD F. WOLF,** *et al.***,**

     **Defendants.**

**FARMVILLE DEFENDANTS' ANSWER
TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE AND OTHER DEFENSES THERETO**

Jeffrey Crawford ("Crawford") and Immigration Centers of America—Farmville, LLC ("ICA Farmville," together with Crawford, "Farmville Defendants"), by counsel, submit the following as their Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") filed on behalf of Plaintiffs:

1.     In response to Paragraph 1 of the Complaint, Farmville Defendants admit that 341 detainees have tested positive for COVID-19 since April 2020, including 13 out of the 14 Plaintiffs in this case. The remaining allegations constitute argument to which no response is required. To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2.     In response to Paragraph 2 of the Complaint, Farmville Defendants admit that on June 2, 2020, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville. Farmville Defendants further admit that, subsequently, 51 of those 74 transferees tested positive for COVID-19. In further response to Paragraph 2 of the Complaint, Farmville Defendants deny that ICA Farmville had any contractual authority to decline the transferees or that they "knew

they [ICA Farmville] did not have the capacity to quarantine, isolate, or adequately screen them at intake." Farmville Defendants state that all 74 transferees were screened at intake and cohorted from the rest of the facility's general population. The remaining allegations constitute argument, so no further response is required. To the extent a further response is required, Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and, therefore, deny them.

3.      In response to Paragraph 3 of the Complaint, Farmville Defendants admit that 341 detainees have tested positive for COVID-19 since April 2020, including Plaintiffs Santos Garcia, Perez Garcia, Castillo Gutierrez, Mbalivoto, Souza Bauer, Miranda Sanchez, Velasquez Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and Bazerashvili. Farmville Defendants deny that Plaintiff Bolanos Hernandez ever tested positive for COVID-19. Farmville Defendants further state that Plaintiff Perez Garcia was released from ICA Farmville's custody on July 31, 2020, Plaintiff Castillo Gutierrez was released from ICA Farmville's custody on August 25, 2020, Plaintiff Didier Mbalivoto was released from ICA Farmville's custody on August 20, 2020, Plaintiff Souza Bauer was released from ICA Farmville's custody on October 13, 2020, Plaintiff Linares Hernandez was released from ICA Farmville's custody on October 22, 2020, Plaintiff Bazerashvili was released from ICA Farmville's custody on November 16, 2020, Plaintiff Rivera Rodriguez was released from ICA Farmville's custody on December 1, 2020, Plaintiff Bolanos Hernandez was released from ICA Farmville's custody on December 29, 2020, and Plaintiff Garcia Garcia was released from ICA Farmville's custody on January 6, 2021. The remaining allegations constitute argument to which no response is required. To the extent a response is required, Farmville Defendants deny the remaining allegations relating to ICA Farmville and its facility.

4.      The first sentence of Paragraph 4 of the Complaint constitutes argument to which no response is required; to the extent a response is required, the Farmville Defendants deny the first sentence of Paragraph 4.   The remaining allegations in Paragraph 4 of the Complaint constitute legal and/or medical opinions to which no response is required.   To the extent a response is required, Farmville Defendants deny those allegations.

5.      The first and third sentences of Paragraph 5 of the Complaint constitute argument to which no response is required.   To the extent a response is required, Farmville Defendants deny those allegations.   In further response to Paragraph 5 of the Complaint, Farmville Defendants admit that Tylenol and other over-the-counter medications were used to treat COVID-19 symptoms. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 as stated and, therefore, deny those allegations.

6.      Farmville Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Farmville Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint are directed to a different defendant, so no response from Farmville Defendants is required.   To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 8 on the grounds that they constitute argument and/or call for a legal conclusion.

9.      The allegations in Paragraph 9 of the Complaint constitute argument and/or call for a legal conclusion, to which no response is required.   To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 of the Complaint constitute argument and/or call for a legal conclusion, to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 10.

11.     The first and third sentences of Paragraph 11 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in the first and third sentences of Paragraph 11.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 11 and, therefore, deny them.

12.     Paragraph 12 of the Complaint does not contain any factual allegations to which a response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 12.

## PARTIES

13.     In response to Paragraph 13 of the Complaint, Farmville Defendants admit that Plaintiff Santos Garcia is currently detained at the ICA Farmville facility.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and, therefore, deny them.

14.     In response to Paragraph 14 of the Complaint, Farmville Defendants state that Plaintiff Bolanos Hernandez was released from ICA Farmville's custody on December 29, 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and, therefore, deny them.

15.     In response to Paragraph 15 of the Complaint, Farmville state that Plaintiff Perez Garcia was released from ICA Farmville's custody on July 31, 2020.  Farmville Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and, therefore, deny them.

16.      In response to Paragraph 16 of the Complaint, Farmville Defendants admit that Plaintiff Castillo Gutierrez was released from ICA Farmville's custody on August 25, 2020. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and, therefore, deny them.

17.      In response to Paragraph 17 of the Complaint, Farmville Defendants admit that Plaintiff Didier Mbalivoto was released from ICA Farmville's custody on August 20, 2020. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and, therefore, deny them.

18.      In response to Paragraph 18 of the Complaint, Farmville Defendants admit that Plaintiff Souza Bauer was released from ICA Farmville's custody on October 13, 2020. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and, therefore, deny them.

19.      In response to Paragraph 19 of the Complaint, Farmville Defendants admit that Plaintiff Miranda Sanchez is currently detained at the ICA Farmville facility.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and, therefore, deny them.

20.      In response to Paragraph 20 of the Complaint, Farmville Defendants admit that Plaintiff Velasquez Orellana is currently detained at the ICA Farmville facility.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint and, therefore, deny them.

21.     In response to Paragraph 21 of the Complaint, Farmville Defendants admit that Plaintiff Olaniyi is currently detained at the ICA Farmville facility.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and, therefore, deny them.

22.     In response to Paragraph 22 of the Complaint, Farmville Defendants admit that Plaintiff Houslin is currently detained at the ICA Farmville facility.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint and, therefore, deny them.

23.     In response to Paragraph 23 of the Complaint, Farmville Defendants state that Plaintiff Garcia Garcia was released from ICA Farmville's custody on January 6, 2021. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and, therefore, deny them.

24.     In response to Paragraph 24 of the Complaint, Farmville Defendants state that Plaintiff Rivera Rodriguez was released from ICA Farmville's custody on December 1, 2020. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and, therefore, deny them.

25.     In response to Paragraph 25 of the Complaint, Farmville Defendants state that Plaintiff Linares Hernandez was released from ICA Farmville's custody on October 22, 2020. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and, therefore, deny them.

26.     In response to Paragraph 26 of the Complaint, Farmville Defendants state that Plaintiff Bazerashvili was released from ICA Farmville's custody on November 16, 2020.

Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint and, therefore, deny them.

27.     The allegations in Paragraph 27 of the Complaint are directed to a different defendant, so no response from Farmville Defendants is required.  To the extent a response is required, on information and belief, Farmville Defendants admit Paragraph 27.

28.     The allegations in Paragraph 28 of the Complaint are directed to a different defendant, so no response from Farmville Defendants is required.  To the extent a response is required, on information and belief, Farmville Defendants admit Paragraph 28.

29.     The allegations in Paragraph 29 of the Complaint are directed to a different defendant, so no response from Farmville Defendants is required.  To the extent a response is required, on information and belief, Farmville Defendants admit Paragraph 29.

30.     The allegations in Paragraph 30 of the Complaint are directed to a different defendant, so no response from Farmville Defendants is required.  To the extent a response is required, on information and belief, Farmville Defendants admit Paragraph 30.

31.     In response to Paragraph 31 of the Complaint, Farmville Defendants admit that Crawford is employed by ICA Farmville as its Director and that he oversees the administration and management of the ICA Farmville facility in that capacity.  Farmville Defendants further state that ICA Farmville is a private company and is not a federal, state, or local agency.  Rather, ICA Farmville provides services to United States Immigration and Customs Enforcement ("ICE") under contracts.  Farmville Defendants admit that Crawford is the immediate custodian of people detained at ICA Farmville.

32.      Farmville Defendants admit the allegations in Paragraph 32 of the Complaint. With respect to footnote 1 to Paragraph 32, the 2008 Intergovernmental Service Agreement (the

"IGSA") and the Subcontract Servicing Agreement (the "Subcontract") are documents which speak for themselves and to which no further response is required. To the extent that footnote 1 to Paragraph 32 states any allegations inconsistent with the contents of the IGSA or Subcontract, such allegations are denied.

33. In response to the first sentence of Paragraph 33 of the Complaint, Farmville Defendants admit that ICA Farmville has entered into a contract with Armor Correctional Health Services, Inc. ("Armor"). That contract speaks for itself and Farmville Defendants deny any allegations inconsistent therewith. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence and the allegations in the second sentence of Paragraph 33 and, therefore, deny them. Farmville Defendants deny the allegations in the third sentence of Paragraph 33.

34. The allegations in Paragraph 34 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Farmville Defendants deny those allegations.

**JURISDICTION AND VENUE**

35. The allegations in Paragraph 35 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Farmville Defendants deny those allegations.

36. The allegations in Paragraph 36 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Farmville Defendants deny those allegations.

37.     The allegations in Paragraph 37 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

38.     Subject to their affirmative and other defenses, Farmville Defendants do not contest venue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

39.     The allegations in Paragraph 39 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

40.     The allegations in Paragraph 40 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

41.     The allegations in Paragraph 41 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

42.     The allegations in Paragraph 42 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

## STATEMENT OF FACTS

I.     Farmville Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the heading identified by the Roman numeral I following Paragraph 42 of the Complaint and, therefore, deny them.

43.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and, therefore, deny them.  To the extent Paragraph 43 refers to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 43 that are inconsistent therewith, including allegations contained in footnotes.

44.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and, therefore, deny them.  To the extent Paragraph 44 refers to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 44 that are inconsistent therewith.

45.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, therefore, deny them.  To the extent Paragraph 45 refers to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 45 that are inconsistent therewith, including allegations contained in footnotes.

46.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, therefore, deny them.

47.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, therefore, deny them.

48.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and, therefore, deny them.

49.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, therefore, deny them.  To the extent Paragraph 49 refers to written materials, those written materials speak for themselves and

Farmville Defendants deny any allegations in Paragraph 49 that are inconsistent therewith, including allegations contained in footnotes.

50.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and, therefore, deny them.  To the extent Paragraph 50 refers to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 50 that are inconsistent therewith, including allegations contained in footnotes.

51.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, therefore, deny them.  To the extent Paragraph 51 refers to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 51 that are inconsistent therewith, including allegations contained in footnotes.

II.     Farmville Defendants deny the allegations in the heading identified by the Roman numeral II following Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint refers to written materials or statements of others, which speak for themselves, and Farmville Defendants deny any allegations in Paragraph 52 that are inconsistent therewith.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, deny them.

53.     Paragraph 53 of the Complaint refers to written materials or statements of others, which speak for themselves, and Farmville Defendants deny any allegations in Paragraph 53 that are inconsistent therewith.  Farmville Defendants lack knowledge or information sufficient to

form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, deny them.

54.   Paragraph 54 of the Complaint refers to written materials, statements of others, or government directives, which speak for themselves, and Farmville Defendants deny any allegations in Paragraph 54 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, deny them.

55.   To the extent Paragraph 55 of the Complaint refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Farmville Defendants deny any allegations in Paragraph 55 that are inconsistent therewith, including allegations contained in footnotes. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and, therefore, deny them.

56.   Paragraph 56 of the Complaint refers to written materials or statements of others, which speak for themselves, and Farmville Defendants deny any allegations in Paragraph 56 that are inconsistent therewith, including allegations contained in footnotes.   Farmville Defendants

lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, deny them.

57.     To the extent Paragraph 57 of the Complaint refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Farmville Defendants deny any allegations in Paragraph 57 that are inconsistent therewith, including allegations contained in footnotes. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and, therefore, deny them.

58.     Paragraph 58 of the Complaint refers to written materials, statements of others, or government directives, which speak for themselves, and Farmville Defendants deny any allegations in Paragraph 58 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.

59.     Paragraph 59 of the Complaint refers to written materials, statements of others, or government directives, which speak for themselves, and Farmville Defendants deny any allegations in Paragraph 59 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.

60.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, therefore, deny them.  To the extent Paragraph 60 refers to written materials or statements of others, those written materials or statements of others speak for themselves, and Farmville Defendants deny any allegations in Paragraph 60 that are inconsistent therewith, including allegations contained in footnotes. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, deny them.

61.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, therefore, deny them.  To the extent Paragraph 61 refers to written materials or statements of others, those written materials or statements of others speak for themselves, and Farmville Defendants deny any allegations in Paragraph 61 that are inconsistent therewith, including allegations contained in footnotes. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, deny them.

62.     In response to Paragraph 62 of the Complaint, Farmville Defendants admit that one detainee in its custody passed away due to COVID-19 complications on August 5, 2020. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Complaint and, therefore, deny them.  To the extent Paragraph 62 refers to written materials, those written materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 62 that are inconsistent therewith, including allegations contained in footnotes.   Farmville Defendants lack knowledge or

information sufficient to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, deny them.

63.     In response to the first sentence in Paragraph 63 of the Complaint, Farmville Defendants admit that 341 detainees tested positive for COVID-19 since April 2020.   The remaining allegations in Paragraph 63 constitute argument to which no response is required.   To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 63.   To the extent Paragraph 63 refers to written materials, those written materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 63 that are inconsistent therewith, including allegations contained in footnotes.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.

64.     To the extent Paragraph 64 of the Complaint refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Farmville Defendants deny any allegations in Paragraph 64 that are inconsistent therewith, including allegations contained in footnotes. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and, therefore, deny them.

65.     The allegations in Paragraph 65 of the Complaint constitute argument to which no response is required.   To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 65.

66.     To the extent that Paragraph 66 of the Complaint refers to prior declarations, those declarations speak for themselves and Farmville Defendants deny any allegations inconsistent therewith, including allegations contained in footnote 28.   To the extent the allegations in Paragraph 66 constitute argument, no response is required.   To the extent a response is required, Farmville Defendants deny those allegations.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the Complaint and, therefore deny them.

67.     To the extent that Paragraph 67 of the Complaint refers to prior declarations, those declarations speak for themselves and Farmville Defendants deny any allegations inconsistent therewith, including allegations in footnotes.

68.     In response to Paragraph 68 of the Complaint, Farmville Defendants admit that on June 2, 2020, with less than 24 hours' notice to Farmville Defendants, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville.  To the extent Paragraph 68 refers to prior declarations, those declarations speak for themselves and Farmville Defendants deny any allegations inconsistent therewith, including allegations in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of the Complaint and, therefore, deny them including allegations contained in footnotes 31 and 32.

69.     To the extent that Paragraph 69 of the Complaint refers to prior declarations, those declarations speak for themselves and Farmville Defendants deny any allegations

16

inconsistent therewith, including allegations in footnotes.  To the extent that Paragraph 69 refers to written materials, including the IGSA, those materials speak for themselves and Farmville Defendants deny any allegations inconsistent therewith.  Farmville Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     In response to Paragraph 70 of the Complaint, Farmville Defendants state that Crawford's statements at a town council meeting are a matter of public record that speak for themselves and Farmville Defendants deny any allegations inconsistent therewith.  To the extent Paragraph 70 refers to written or electronic materials, those materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 70 that are inconsistent therewith, including allegations contained in footnotes.

71.     Paragraph 71 of the Complaint refers to written materials, statements of others, or government directives, which speak for themselves, and Farmville Defendants deny any allegations in Paragraph 71 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.

72.     To the extent Paragraph 72 of the Complaint refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Farmville Defendants deny any allegations in Paragraph 72 that are inconsistent therewith including allegations contained in footnotes. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, deny them.  The remaining allegations in Paragraph 72 constitute

argument, to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 72.

73.     In response to Paragraph 73 of the Complaint, Farmville Defendants admit that on June 2, 2020, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville. Farmville Defendants further admit that, subsequently, 51 of those 74 transferees tested positive for COVID-19.  To the extent that Paragraph 73 refers to prior declarations, those declarations speak for themselves and Farmville Defendants deny any allegations inconsistent therewith.  The remaining allegations in Paragraph 73 constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 73.

74.     To the extent Paragraph 74 of the Complaint refers to written materials, those written materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 74 that are inconsistent therewith, including allegations contained in footnotes. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.  To the extent that Paragraph 74 refers to prior declarations, those declarations speak for themselves and Farmville Defendants deny any allegations inconsistent therewith.  The remaining allegations in Paragraph 74 constitute argument, to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 74.

75.     In response to Paragraph 75 of the Complaint, Farmville Defendants admit that as of August 9, 2020, 26 ICA Farmville employees had tested positive for COVID-19.  To the extent Paragraph 75 of the Complaint refers to written materials, those written materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 75 that are

inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.  To the extent that Paragraph 75 refers to prior declarations, those declarations speak for themselves and Farmville Defendants deny any allegations inconsistent therewith, including allegations in footnotes.  The remaining allegations in Paragraph 75 constitute argument, to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 75.

76.     In response to Paragraph 76 of the Complaint, Farmville Defendants admit the detainees have no control over where they or other detainees are held in custody and they have no control over where the guards are stationed throughout the facility.  The remaining allegations in Paragraph 76 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 76.

77.     To the extent that Paragraph 77 of the Complaint refers to prior declarations, those declarations speak for themselves and Farmville Defendants deny any allegations inconsistent therewith including allegations contained in footnotes.  To the extent Paragraph 77 refers to written materials, those written materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 77 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.  In further response to Paragraph 77 of the Complaint, Farmville Defendants state that the use of pepper spray is only authorized when necessary to diffuse potentially violent and dangerous situations in accordance with the facility's policies and ICE

Detention Standards.  Farmville Defendants deny the remaining allegations in Paragraph 77 of the Complaint.

78.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 78 of the Complaint and, therefore, deny them.  To the extent Paragraph 78 refers to written materials, those written materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 78 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.  The remaining allegations in Paragraph 78 constitute argument, to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 78.

79.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 79 of the Complaint and, therefore, deny them.  To the extent Paragraph 79 of the Complaint refers to written materials, those written materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 79 that are inconsistent therewith, including allegations contained in footnotes. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.  The remaining allegations in Paragraph 79 constitute argument, to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 79.

80.     To the extent Paragraph 80 of the Complaint refers to written materials, those written materials speak for themselves, and Farmville Defendants deny any allegations in Paragraph 80 that are inconsistent therewith, including allegations contained in footnotes.

Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.  The remaining allegations in Paragraph 80 constitute argument, to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 80.

81.     Farmville Defendants admit that detainees in their custody remain indoors except during permitted outdoor activities.  The remaining allegations in Paragraph 81 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 81.

82.     Farmville Defendants admit that certain in-person contact with visitors, including attorneys, has been limited as a precaution during the pandemic.  The remaining allegations in Paragraph 82 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 82 as stated.

83.     To the extent Paragraph 83 of the Complaint refers to photographs, those photographs speak for themselves and Farmville Defendants deny any allegations that are inconsistent therewith.  The remaining allegations in Paragraph 83 constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants state that telephones are available to detainees for 16 hours per day and there is no limit to the number of telephone calls that detainees may place per day.  Farmville Defendants further state that all telephone calls automatically end after 30 minutes but there is no prohibition on redialing to

continue a phone call beyond 30 minutes, and all telephone calls are monitored unless the outside phone number has been registered and approved by the facility as legal in nature.

85.     Farmville Defendants deny the allegations in Paragraph 85 of the Complaint as stated.

86.     The allegations in Paragraph 86 of the Complaint constitute argument to which no response is required.   To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 86.

III.     Farmville Defendants deny the allegations in the heading identified by Roman numeral III following Paragraph 86 of the Complaint to the extent they pertain to Farmville Defendants.

A.     In response to the heading identified by the letter A preceding Paragraph 87 of the Complaint, Farmville Defendants admit that Plaintiffs Santos Garcia, Perez Garcia, Castillo Gutierrez, Mbalivoto, Souza Bauer, Miranda Sanchez, Velasquez Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and Bazerashvili tested positive for COVID-19 but deny that Plaintiff Bolanos Hernandez ever tested positive for COVID-19. Farmville Defendants further state that Plaintiff Perez Garcia was released from ICA Farmville's custody on July 31, 2020, Plaintiff Castillo Gutierrez was released from ICA Farmville's custody on August 25, 2020, Plaintiff Didier Mbalivoto was released from ICA Farmville's custody on August 20, 2020, Plaintiff Souza Bauer was released from ICA Farmville's custody on October 13, 2020, Plaintiff Linares Hernandez was released from ICA Farmville's custody on October 22, 2020, Plaintiff Bazerashvili was released from ICA Farmville's custody on November 16, 2020, Plaintiff Rivera Rodriguez was released from ICA Farmville's custody on December 1, 2020, Plaintiff Bolanos Hernandez was released from ICA Farmville's custody on December 29,

2020, and Plaintiff Garcia Garcia was released from ICA Farmville's custody on January 6, 2021. Any other allegations contained in Paragraph A preceding Paragraph 87 are denied.

87.     Farmville Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint contains allegations not directed to Farmville Defendants and, therefore, Farmville Defendants are not required to respond.  To the extent a response is required of Farmville Defendants, they admit that ICE transferred 74 detainees to ICA Farmville's custody on June 2, 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and, therefore, deny them.

89.     Farmville Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Farmville Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Farmville Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Farmville Defendants deny the allegations in Paragraph 92 of the Complaint.

1.     **Plaintiff Christian Alberto Santos Garcia**

93.     Farmville Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Farmville Defendants deny the allegations in Paragraph 94 of the Complaint as stated.

95.     Farmville Defendants admit that the bunks at ICA Farmville are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity.  To the extent the allegations in Paragraph 95 of the Complaint constitute argument, no response is required.  To the extent a response is required, Farmville Defendants deny the

allegations in Paragraph 95 of the Complaint.   Farmville Defendants deny the remaining allegations in Paragraph 95.

96.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 96 of the Complaint and, therefore, deny them.  Farmville Defendants deny the remaining allegations in Paragraph 96 as stated.

97.     In response to Paragraph 97 of the Complaint, Farmville Defendants state that the use of pepper spray is only authorized when necessary to diffuse potentially violent and dangerous situations in accordance with the facility's policies and ICE Detention Standards. Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Santos Garcia witnessed and, therefore, deny the remaining allegations in Paragraph 97.

98.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 98 of the Complaint and whether Plaintiff Santos Garcia asked for medicine during a daily temperature screening and, therefore, deny them.  Farmville Defendants admit that the bunks at ICA Farmville are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity. The remaining allegations in Paragraph 98 constitute argument to which no response is required. To the extent a response is required, Farmville Defendants deny those allegations.

99.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, deny them.

100.     In response to Paragraph 100 of the Complaint, Farmville Defendants admit that on June 23, 2020, the Assistant Field Officer of ICE visited each housing unit within the facility and spoke to the detainees about their concerns regarding COVID-19 in English and Spanish.  To

the extent Paragraph 100 of the Complaint refers to statements of others, those statements speak for themselves and Farmville Defendants deny any allegations in Paragraph 100 that are inconsistent therewith.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such statements of others and, therefore, deny them.  Farmville Defendants deny any remaining allegations in Paragraph 100.

101.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and, therefore, deny them.

102.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 102 of the Complaint and, therefore, deny them.   In response to the third sentence of Paragraph 102, Farmville Defendants admit that Tylenol and other over-the-counter medication are used to treat symptoms of COVID-19.  In further response to the third sentence of Paragraph 102, Farmville Defendants deny that Plaintiff Santos Garcia did not receive adequate medical care at any point while in their custody.  To the extent that footnote 57 refers to statements of others, those statements speak for themselves and Farmville Defendants deny any allegations inconsistent therewith.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of such statements and, therefore, deny them.

103.   In response to the allegations in the first sentence of Paragraph 103 of the Complaint, Farmville Defendants admit that Plaintiff Santos Garcia was first tested for COVID-19 on July 2, 2020.  Farmville Defendants deny the allegations in the second sentence of Paragraph 103 of the Complaint.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and, therefore, deny them.

104.     Farmville Defendants deny the allegations in Paragraph 104 of the Complaint as stated.

105.     Farmville Defendants deny the allegations in Paragraph 105 of the Complaint as stated.

106.     Farmville Defendants admit that Plaintiff Santos Garcia was provided his COVID-19 test results soon after they were received but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 of the Complaint and, therefore, deny them.

107.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and, therefore, deny them.

108.     Farmville Defendants deny the allegations in Paragraph 108 of the Complaint as stated.

### 2.     Plaintiff Santos Salvador Bolanos Hernandez

109.     Farmville Defendants deny the allegations in Paragraph 109 of the Complaint.

110.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint and, therefore, deny them.

111.     Farmville Defendants deny the allegations in Paragraph 111 of the Complaint.

112.     Farmville Defendants admit that Plaintiff Bolanos Hernandez was housed in Dorm 1 for at least part of June 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff Bolanos Hernandez may have observed and, therefore, deny such allegations.  Farmville Defendants deny the remaining allegations in Paragraph 112.

113.     Farmville Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    In response to the allegations in the first three sentences of Paragraph 114 of the Complaint, Farmville Defendants admit that several detainees caused a disturbance in Dorm 1 in late June when they threatened the safety of detainees and guards and that certain detainees were removed from Dorm 1 as a result.   Farmville Defendants deny the remaining allegations in Paragraph 114 as stated.

115.    Farmville Defendants deny the allegations in Paragraph 115 of the Complaint as stated.

116.    Farmville Defendants admit that Plaintiff Bolanos Hernandez was tested for COVID-19 on July 1, 2020 and on July 22, 2020 and received test results indicating that he was negative for COVID-19 on July 31, 2020.  Farmville Defendants deny the remaining allegations in Paragraph 116 to the extent they are inconsistent with the foregoing information.

117.    Farmville Defendants deny the allegations in Paragraph 117 of the Complaint as stated.

118.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint and, therefore, deny them.

119.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint and, therefore, deny them.

120.    In response to Paragraph 120 of the Complaint, Farmville Defendants admit that the bunk beds in the facility are secured to the floor and cannot be moved and are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 120 and, therefore, deny them. Farmville Defendants deny the remaining allegations in Paragraph 120 as stated.

121.   Farmville Defendants deny the allegations in Paragraph 121 of the Complaint as stated.

### 3.   Plaintiff Gerson Amilcar Perez Garcia

122.   Farmville Defendants deny the allegations in Paragraph 122 of the Complaint.

123.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 123 of the Complaint and, therefore, deny them.   Farmville Defendants deny the allegations in the second sentence of Paragraph 123 of the Complaint.

124.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint and, therefore, deny them.

125.   Farmville Defendants deny the allegations in Paragraph 125 of the Complaint concerning a lack of "medical attention."   In further response to the allegations in Paragraph 125, Farmville Defendants admit Tylenol and other over-the-counter medications are used to treat COVID-19 symptoms.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 of the Complaint and, therefore, deny them.

126.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and, therefore, deny them.

127.   Farmville Defendants deny the allegations in Paragraph 127 of the Complaint as stated.

128.   Farmville Defendants deny the allegations in the first three sentences of Paragraph 128 of the Complaint as stated.   Farmville Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 of the Complaint and, therefore, deny them.

129.    In response to Paragraph 129 of the Complaint, Farmville Defendants admit that Plaintiff Perez Garcia was tested for COVID-19 on June 26, 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 and, therefore, deny them.

130.    To the extent that Paragraph 130 of the Complaint contains argument, no response is required; to the extent a response is required, Farmville Defendants deny such allegations. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 of the Complaint and, therefore, deny them.

131.    In response to Paragraph 131 of the Complaint, Farmville Defendants admit that Tylenol and other over-the-counter medication are used to treat symptoms of COVID-19. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 of the Complaint and, therefore, deny them.

132.    As stated, Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and, therefore, deny them.

133.    Farmville Defendants deny the allegations in Paragraph 133 of the Complaint as stated.  In further response to Paragraph 133 of the Complaint, Farmville Defendants state that all detainees who required hospitalization for symptoms related to COVID-19 were taken to the hospital.

134.    Farmville Defendants deny the allegations in Paragraph 134 of the Complaint.

135.     Farmville Defendants deny the allegations in Paragraph 135 of the Complaint as stated.

136.     Farmville Defendants deny the allegations in the fifth sentence of Paragraph 136 of the Complaint as stated and deny that he was ever refused appropriate medical treatment. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 and, therefore, deny them.

137.     Farmville Defendants deny the allegations in Paragraph 137 of the Complaint as stated.

138.     Farmville Defendants deny the allegations in Paragraph 138 of the Complaint.

139.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint and, therefore, deny them.

140.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint and, therefore, deny them.

141.     In response to the first sentence of Paragraph 141 of the Complaint, Farmville Defendants admit that Plaintiff Perez Garcia was released from Medical and returned to Dorm 5 on July 9, 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 141 and, therefore, deny them.

142.     In response to Paragraph 142 of the Complaint, Farmville Defendants admit that Plaintiff Perez Garcia was released from ICA Farmville's custody on July 31, 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and, therefore, deny them.

143.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and, therefore, deny them.

### 4.   Plaintiff Ismael Castillo Gutierrez

144.   Farmville Defendants deny the allegations in Paragraph 144 of the Complaint.

145.   In response to the allegations in the first sentence of Paragraph 145 of the Complaint, Farmville Defendants admit that Plaintiff Castillo Gutierrez was housed in Dorm 7 until his release from the facility on August 25, 2020.  Farmville Defendants further admit that the bunks at ICA Farmville are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity.  Farmville Defendants deny the remaining allegations in Paragraph 145 as stated.

146.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint and, therefore, deny them.

147.   Farmville Defendants deny the allegations in the first sentence of Paragraph 147 of the Complaint as stated.  In further response to Paragraph 147 of the Complaint, Farmville Defendants state that the use of pepper spray is only authorized when necessary to diffuse potentially violent and dangerous situations in accordance with the facility's policies and ICE Detention Standards.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including allegations contained in footnotes and, therefore, deny them.

148.   In response to Paragraph 148 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to how Plaintiff Castillo Gutierrez felt, what he saw, and what he heard and, therefore, deny those allegations.

149.    In response to Paragraph 149 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Castillo Gutierrez believes or what he saw and, therefore, deny such allegations.  In further response to Paragraph 149 of the Complaint, Farmville Defendants admit that there is video footage of the July 1, 2020 disturbance, which speaks for itself.  Farmville Defendants deny all further allegations to the extent they are inconsistent with the video footage.

150.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint and, therefore, deny them.

151.    In response to Paragraph 151 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Castillo Gutierrez saw and, therefore, deny such allegations.  Farmville Defendants deny the remaining allegations in Paragraph 151 as stated.

152.    Farmville Defendants deny the allegations in Paragraph 152 of the Complaint as stated.

153.    In response to Paragraph 153 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Castillo Gutierrez saw and, therefore, deny such allegations.  To the extent the allegations in Paragraph 153 constitute argument to which no response is required, Farmville Defendants deny such allegations. Farmville Defendants deny the remaining allegations in Paragraph 153 as stated.

154.    In response to Paragraph 154 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Castillo Gutierrez feels or is worried about and, therefore, deny such allegations.  Farmville Defendants deny the remaining allegations in Paragraph 154 of the Complaint.

155.    In response to Paragraph 155 of the Complaint, Farmville Defendants state that Plaintiff Castillo Gutierrez was tested for COVID-19 on July 2, 2020, along with the other detainees in his dorm.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155 and, therefore, deny them.

156.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint and, therefore, deny them.

157.    Farmville Defendants deny the allegations in Paragraph 157 of the Complaint as stated.

158.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Complaint and, therefore, deny them.

159.    As stated, Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Complaint and, therefore, deny them.

160.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Complaint and, therefore, deny them.

161.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Complaint and, therefore, deny them.

162.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint and, therefore, deny them.

163.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint and, therefore, deny them.

164.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint and, therefore, deny them.

165.    To the extent Paragraph 165 refers to written materials or statements of others, those written materials and statements speak for themselves and Farmville Defendants deny any allegations in Paragraph 165 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165 as stated and, therefore, deny them as stated.

166.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint and, therefore, deny them.

167.    In response to Paragraph 167 of the Complaint, Farmville Defendants admit that Plaintiff Castillo Gutierrez was released from ICA Farmville's custody on August 25, 2020. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167 and, therefore, deny them.

### 5.    Plaintiff Didier Mbalivoto

168.    In response to the allegations in Paragraph 168 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Mbalivoto recalls or felt and, therefore, deny those allegations.  In further response to Paragraph 168 of the Complaint, Farmville Defendants admit that Plaintiff Mvalivoto was held in Dorm 7 from May 26, 2020, to July 1, 2020, when he was moved to Processing.  Farmville Defendants further admit that the bunks at ICA Farmville are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity.  Farmville Defendants deny the remaining allegations in Paragraph 168.

169.    Farmville Defendants deny the allegations in Paragraph 169 of the Complaint as stated.

170.     Farmville Defendants deny the allegations in the first and second sentences of Paragraph 170 of the Complaint as stated.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170 and, therefore, deny them.

171.     Farmville Defendants deny the allegations in the first sentence of Paragraph 171 of the Complaint as stated.  In further response to Paragraph 171 of the Complaint, Farmville Defendants state that the use of pepper spray is only authorized when necessary to diffuse potentially violent and dangerous situations in accordance with the facility's policies and ICE Detention Standards.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 171 of the Complaint and, therefore, deny those allegations.

172.     Farmville Defendants deny the allegations in Paragraph 172 of the Complaint as stated.

173.     In response to Paragraph 173 of the Complaint, Farmville Defendants state that following his participation in a facility disturbance on July 1, 2020, Plaintiff Mbalivoto was moved to Processing for segregation pending an investigation.  He was found guilty at an institution disciplinary hearing for his conduct.  When he and the other participants were initially moved to Processing, they were not provided cots for safety purposes in light of the fact that they had used chairs as weapons during the facility disturbance.  Farmville Defendants deny the remaining allegations in Paragraph 173 of the Complaint as stated.

174.     In response to Paragraph 174 of the Complaint, Farmville Defendants admit Plaintiff Mbalivoto was tested for COVID-19 on July 3, 2020, which resulted in a lab error. Farmville Defendants further admit that Plaintiff Mbalivoto was tested again on July 14, 2020

and July 28, 2020, which both came back positive. In further response to Paragraph 174, Farmville Defendants admit that Plaintiff Mbalivoto was transferred to a different segregation cell on July 15, 2020. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 174 and, therefore, deny them.

175. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 175 of the Complaint and, therefore, deny them. In further response to Paragraph 175, Farmville Defendants lack knowledge or information sufficient to form a belief as to the date that Plaintiff Mbalivoto was informed of his COVID-19 test result. Farmville Defendants deny the remaining allegations in Paragraph 175 as stated.

176. In response to Paragraph 176 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to how Plaintiff Mbalivoto was feeling on July 17, 2020, and, therefore, deny those allegations. Farmville Defendants deny the remaining allegations in Paragraph 176 as stated.

177. In response to Paragraph 177 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to how Plaintiff Mbalivoto was feeling on July 21, 2020, and, therefore, deny those allegations. Farmville Defendants deny the remaining allegations in Paragraph 177 as stated.

178. In response to Paragraph 178 of the Complaint, Farmville Defendants admit Plaintiff Mbalivoto was transferred to Medical on July 17, 2020, at which time he was on disciplinary segregation and only allowed to place telephone calls that were legal in nature, but those calls were not limited in duration. Farmville Defendants lack knowledge or information

sufficient to form a belief as to the remaining allegations in Paragraph 178 and, therefore, deny them.

179.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint and, therefore, deny them.

180.    In response to the first sentence of Paragraph 180, Farmville Defendants admit that Plaintiff Mbalivoto was released from the Farmville facility on August 20, 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180 of the Complaint and, therefore, deny them.

181.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint and, therefore, deny them.

### 6.    Plaintiff Frank Odin Souza Bauer

182.    Farmville Defendants deny the allegations in Paragraph 182 of the Complaint.

183.    In response to Paragraph 183 of the Complaint, Farmville Defendants admit that Plaintiff Souza Bauer tested positive for COVID-19 on July 16, 2020.

184.    In response to Paragraph 184 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Souza Bauer felt or experienced and, therefore, deny those allegations.  Farmville Defendants deny the remaining allegations of Paragraph 184 as stated.

185.    In response to the first sentence of Paragraph 185 of the Complaint, Farmville Defendants admit that the majority of the detainees residing in Dorm 5 during June and July, 2020, tested positive for COVI-19, but deny the remaining allegations in the first sentence of Paragraph 185.  To the extent the remaining allegations in Paragraph 185 of the Complaint constitute argument, no response to such argument is required.  To the extent required, Farmville

Defendants deny those allegations. Farmville Defendants deny the remaining allegations in Paragraph 185 as stated.

186. In response to Paragraph 186 of the Complaint, Farmville Defendants admit that Tylenol and other over-the-counter medications are used to treat COVID-19 symptoms. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 186 and, therefore, deny them. Farmville Defendants deny the remaining allegations in Paragraph 186 as stated.

187. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint and, therefore, deny them.

188. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint and, therefore, deny them.

189. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint and, therefore, deny them.

190. In response to Paragraph 190 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Souza Bauer witnessed and, therefore, deny those allegations.

191. Paragraph 191 of the Complaint refers to written materials, including court filings, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 191 that are inconsistent therewith.

192. In response to Paragraph 192 of the Complaint, Farmville Defendants admit that Plaintiff Souza Bauer was released from the facility's custody on October 13, 2020.

**7.    Plaintiff Marco Antonio Miranda Sanchez**

193. Farmville Defendants deny the allegations in Paragraph 193 of the Complaint.

194.    In response to the last sentence of Paragraph 194 of the Complaint, Farmville Defendants admit that in late June 2020, Plaintiff Miranda Sanchez was detained in Dorm 5. During June 2020, the detainee population in Dorm 5 ranged from 67 to 76 detainees.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 194 of the Complaint and, therefore, deny them.

195.    In response to Paragraph 195 of the Complaint, Farmville Defendants admit that Tylenol and other over-the-counter medications are provided to treat COVID-19 symptoms.  In further response to Paragraph 195, Farmville Defendants admit that Plaintiff Miranda Sanchez tested positive for COVID-19 on July 2, 2020.

196.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint and, therefore, deny those allegations.

197.    Farmville Defendants deny the allegations in Paragraph 197 of the Complaint as stated.

198.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 198 of the Complaint and, therefore, deny those allegations.  In response to the second sentence of Paragraph 198, Farmville Defendants state that Plaintiff Miranda Sanchez was tested for COVID-19 on July 2, 2020, but refused all subsequent COVID-19 tests until January 7, 2021.  He tested negative for COVID-19 on January 7, 2021, and January 14, 2021.  In further response to Paragraph 198, Farmville Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Miranda Sanchez's worries and, therefore, deny those allegations.

199.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199 of the Complaint and, therefore, deny those allegations.

200.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 200 of the Complaint and, therefore, deny those allegations.   The remaining allegations in Paragraph 200 constitute argument, to which no response is required.   To the extent required, Farmville Defendants deny those allegations.

201.    Farmville Defendants deny the allegations in Paragraph 201 of the Complaint as stated.

### 8.    Plaintiff Melvin Ivan Velasquez Orellana

202.    Farmville Defendants deny the allegations in Paragraph 202 of the Complaint.

203.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 203.   In response to the second sentence of Paragraph 203 of the Complaint, Farmville Defendants state that Plaintiff Velazquez was housed in Dorm 1 from March 2020 to June 21, 2020, he was housed in Processing from June 21, 2020 to June 22, 2020, he was housed in Medical from June 22, 2020 to July 4, 2020, and he was housed in Processing from July 4, 2020 to July 14, 2020, at which time he was returned to Dorm 1.   Farmville Defendants deny the remaining allegations in Paragraph 203 as stated.

204.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Complaint.

205.    In response to Paragraph 205 of the Complaint, Farmville Defendants admit that Plaintiff Velasquez Orellana was moved from Dorm 1 to Processing, from Processing to Medical, from Medical to Processing, and from Processing back to Dorm 1 in June and July 2020.   To the extent the allegations in Paragraph 205 constitute argument, no response is required.   To the extent a response is required, Farmville Defendants deny those allegations. Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 205 and, therefore, deny them.

206.    Farmville Defendants deny the allegations in Paragraph 206 of the Complaint as stated.  In further response to Paragraph 206, Farmville Defendants state that Plaintiff Velasquez Orellana tested positive for COVID-19 on June 23, 2020, after having spent one day in Processing from June 21 to June 22, at which time he was transferred to Medical.

207.    Farmville Defendants deny the allegations in Paragraph 207 of the Complaint as stated.  In further response to Paragraph 207, Farmville Defendants state that Plaintiff Velazquez was housed in Dorm 1 from March 2020 to June 21, 2020, he was housed in Processing from June 21, 2020 to June 22, 2020, he was housed in Medical from June 22, 2020 to July 4, 2020, and he was housed in Processing from July 4, 2020 to July 14, 2020, at which time he was returned to Dorm 1.

208.    In response to Paragraph 208 of the Complaint, Farmville Defendants admit detainees are provided Tylenol and other over-the-counter medications to treat COVID-19 symptoms.  Farmville Defendants deny the remaining allegations as stated.

209.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the Complaint and, therefore, deny them.

210.     Farmville Defendants deny the allegations in Paragraph 210 of the Complaint as stated.

### 9.     Plaintiff Olaitan Michael Olaniyi

211.     Farmville Defendants deny the allegations in Paragraph 211 of the Complaint.

212.     In response to Paragraph 212 of the Complaint, Farmville Defendants admit that Plaintiff Olaniyi tested positive for COVID-19 on June 24, 2020, and July 24, 2020.  In further response to Paragraph 212, Farmville Defendants admit that the detainee population in Dorm 4 ranged from 57 to 75 detainees in June through July 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 212 of the Complaint and, therefore, deny them.

213.     In response to Paragraph 213 of the Complaint, Farmville Defendants admit that detainees are provided Tylenol and other over-the-counter medications to treat COVID-19 symptoms.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 213 of the Complaint and, therefore, deny them.

214.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Complaint and, therefore, deny them.

215.     Farmville Defendants denies the allegations in the fourth sentence of Paragraph 215 of the Complaint.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 215 of the Complaint and, therefore, deny them.

216.     Farmville Defendants deny the allegations in Paragraph 216 of the Complaint as stated.

### 10.   Plaintiff Shawn Houslin

217.    Farmville Defendants deny the allegations in the first sentence of Paragraph 217 of the Complaint as stated.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 and, therefore, deny those allegations.

218.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 218 of the Complaint and, therefore, deny them.   In response to the second sentence of Paragraph 218, Farmville Defendants admit that the detainee population in Dorm 5 ranged from 67 to 76 detainees in June 2020.  Farmville Defendants deny the remaining allegations in the second sentence of Paragraph 218 as stated.

219.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 as stated and, therefore, deny them as stated.

220.    In response to Paragraph 220 of the Complaint, Farmville Defendants admit Plaintiff Houslin was tested for COVID-19 on July 2, 2020.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding when Plaintiff Houslin was informed of his COVID-19 test result and, therefore, deny them. Farmville Defendants deny any remaining allegations in Paragraph 220 of the Complaint.

221.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 221 of the Complaint and, therefore, deny those allegations.

222.    Farmville Defendants deny the allegations in Paragraph 222 of the Complaint.

223.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 223 of the Complaint and, therefore, deny them.  The second sentence of Paragraph 223 constitutes argument, to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

224.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 224 of the Complaint and, therefore, deny those allegations.

225.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 225 of the Complaint and, therefore, deny them.  The second sentence of Paragraph 225 constitutes argument, to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

226.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 226 of the Complaint and, therefore, deny them.  Farmville Defendants deny the remaining allegations in Paragraph 226 as stated.

227.    In response to Paragraph 227 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to the status of Plaintiff Houslin's vision and, therefore, deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 227 as stated.

228.    Farmville Defendants deny the allegations contained in the first sentence of Paragraph 228 of the Complaint.  Farmville Defendants lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 228 of the Complaint and, therefore, deny them.

229.    Farmville Defendants deny the allegations in Paragraph 229 of the Complaint as stated.

### 11.    Plaintiff Jerbin Ivan Garcia Garcia

230.    Farmville Defendants deny the allegations in Paragraph 230 of the Complaint.

231.     In response to Paragraph 231 of the Complaint, Farmville Defendants admit that the bunks at ICA Farmville are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity.   In further response to Paragraph 231, Farmville Defendants state that Plaintiff Garcia Garcia was housed in Dorm 6 during summer 2020. Farmville Defendants deny the remaining allegations in Paragraph 231 as stated.

232.    Farmville Defendants deny the allegations contained in Paragraph 232 of the Complaint as stated.

233.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Complaint and, therefore, deny them.

234.    In response to Paragraph 234 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Garcia Garcia saw or heard and, therefore, deny those allegations.   Farmville Defendants deny the remaining allegations in Paragraph 234 as stated.

235.    In response to Paragraph 235 of the Complaint, Farmville Defendants admit that Tylenol and other over-the-counter medications are used to treat COVID-19 symptoms. Farmville Defendants deny the remaining allegations in Paragraph 235 of the Complaint as stated.

236.     Farmville Defendants deny the allegations in Paragraph 236 of the Complaint as stated.

237.     In response to Paragraph 237 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Garcia Garcia heard or felt and, therefore, deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 237 as stated.

238.     In response to Paragraph 238 of the Complaint, Farmville Defendants admit that Dorm 7, in which Plaintiff Garcia Garcia was housed beginning on September 14, 2020, was placed on lockdown in early October out of an abundance of caution when a guard who had recently worked in the dorm tested positive for COVID-19.  In further response to Paragraph 238 of the Complaint, Plaintiff Garcia Garcia was tested for COVID-19 on July 1, 2020, but the test did not produce a result due to a lab error.  Farmville Defendants further state that Plaintiff Garcia Garcia tested positive for COVID-19 on July 16, 2020.  Farmville Defendants further state that Plaintiff Garcia Garcia refused all subsequent COVID-19 tests until January 5, 2020, when he tested negative.  Farmville Defendants deny the remaining allegations in Paragraph 238 as stated.

239.     In response to Paragraph 239 of the Complaint, Farmville Defendants admit that Dorm 7 was placed on lockdown in early October out of an abundance of caution after a guard who had recently worked there tested positive for COVID-19.  In further response to Paragraph 239, Farmville Defendants state that Plaintiff Garcia Garcia was released from custody on January 6, 2021.  Farmville Defendants deny the remaining allegations in Paragraph 239 as stated.

240.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Complaint and, therefore, deny them.

241.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the Complaint and, therefore, deny them.

242.    Farmville Defendants deny the allegations in Paragraph 242 of the Complaint as stated.

### 12.    Plaintiff Jorge Alexander Rivera Rodriguez

243.    Farmville Defendants deny the allegations in Paragraph 243 of the Complaint.

244.    In response to Paragraph 244 of the Complaint, Farmville Defendants admit Plaintiff Rivera Rodriguez was housed in Dorm 7 until his release from custody on December 1, 2020.  Farmville Defendants further admit that in June 2020 the detainee population ranged from 50 to 67 detainees in Dorm 7.  Farmville Defendants further admit that the bunks at ICA Farmville are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity.  Farmville Defendants deny the remaining allegations in Paragraph 244 as stated.

245.    In response to Paragraph 245 of the Complaint, Farmville Defendants admit detainees have been provided 12 masks since April 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 245 and, therefore, deny those allegations.

246.    In response to Paragraph 246 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Rivera Rodriguez observed or felt and, therefore, deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 246 as stated.

247.     In response to Paragraph 247 of the Complaint, Farmville Defendants admit that all of the detainees transferred from Florida were housed in Dorm 8 and all of the detainees transferred from Arizona were housed in Dorm 9.   In further response to Paragraph 247, Farmville Defendants state that any time a detainee cleans any part of the facility outside his own dorm it is on a voluntary and compensated basis, and the detainee is provided with full personal protective equipment.  Farmville Defendants deny the remaining allegations in Paragraph 247 as stated.   To the extent the allegations in Paragraph 247 refer to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations that are inconsistent therewith.

248.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Complaint and, therefore, deny them.

249.     In response to Paragraph 249 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Rivera Rodriguez observed and, therefore, deny those allegations.

250.     In response to Paragraph 250 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Rivera Rodriguez observed and, therefore, deny those allegations.

251.     In response to Paragraph 251 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to detainees' concerns and, therefore, deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 251 as stated.

252.     In response to Paragraph 252 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Rivera Rodriguez saw or

felt and, therefore, deny those allegations.  In further response to Paragraph 252 of the Complaint, Farmville Defendants state that the use of pepper spray is only authorized when necessary to diffuse potentially violent and dangerous situations in accordance with the facility's policies and ICE Detention Standards.  Farmville Defendants admit that pepper spray was deployed on at least one detainee on July 1, 2020 but deny that pepper spray was deployed on Plaintiff Rivera Rodriguez and deny the remaining allegations in Paragraph 252.

253.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 of the Complaint and, therefore, deny them.

254.    Farmville Defendants deny the allegations in Paragraph 254 of the Complaint as stated.

255.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 of the Complaint and, therefore, deny them.

256.    Farmville Defendants deny the allegations in Paragraph 256 of the Complaint as stated.

257.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 of the Complaint and, therefore, deny those allegations.

258.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 of the Complaint and, therefore, deny those allegations.

259.    In response to Paragraph 259 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Rivera Rodriguez

observed and, therefore, deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 259 as stated.

260.    Farmville Defendants deny the allegations in Paragraph 260 of the Complaint as stated.

261.    In response to Paragraph 261 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Rivera Rodriguez observed and, therefore, deny those allegations.

262.    Farmville Defendants deny the allegations in Paragraph 262 of the Complaint as stated.

263.    The allegations in Paragraph 263 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

264.    In response to Paragraph 264 of the Complaint, Farmville Defendants state that Plaintiff Rivera Rodriguez tested positive for COVID-19 on July 2, 2020.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 264 and, therefore, deny them.

265.    Farmville Defendants admit the allegations in Paragraph 265 of the Complaint.

266.    In response to Paragraph 266 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Rivera Rodriguez felt or believes and, therefore, deny those allegations.  In further response to Paragraph 266 of the Complaint, Farmville Defendants admit that Dorm 7 was placed on lockdown in early October out of an abundance of caution after a guard who had recently worked in there tested positive for COVID-19.  Farmville Defendants deny the remaining allegations in Paragraph 266 as stated.

267.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 of the Complaint and, therefore, deny those allegations.

268.     In response to Paragraph 268 of the Complaint, Farmville Defendants state that Plaintiff Rivera Rodriguez was released from custody on December 1, 2020.   Farmville Defendants deny the remaining allegations in Paragraph 268 as stated.

269.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 of the Complaint and, therefore, deny them.

270.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 of the Complaint and, therefore, deny them.

271.     Farmville Defendants deny the allegations in Paragraph 271 of the Complaint as stated.

### 13.     Plaintiff Jose Linares Hernandez

272.     Farmville Defendants deny the allegations in Paragraph 272 of the Complaint.

273.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 273 of the Complaint and, therefore, deny them.

274.     In response to Paragraph 274 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Linares Hernandez estimates or observed and, therefore, deny those allegations.   In further response to Paragraph 274, Farmville Defendants admit that Plaintiff Linares Hernandez was housed in Dorm 5 from June 7 until June 30, in Medical from June 30 to August 24, and in Dorm 4 from August 24 until his release on October 22.   While he was in Dorm 5, the detainee population ranged from 67 to

76 detainees.   Farmville Defendants admit that the bunks at ICA Farmville are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity.  Farmville Defendants deny the remaining allegations in Paragraph 274.

275.   In response to Paragraph 275 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Linares Hernandez believes and, therefore, deny those allegations.   Farmville Defendants deny the remaining allegations in Paragraph 275 as stated.

276.   In response to Paragraph 276 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Linares Hernandez felt and, therefore, deny those allegations.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 276 of the Complaint and, therefore, deny those allegations.

277.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277 of the Complaint and, therefore, deny them.

278.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 of the Complaint and, therefore, deny them.

279.   In response to the allegations in Paragraph 279 of the Complaint, Farmville Defendants admit that Tylenol and other over-the-counter medication are used to treat symptoms of COVID-19.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 279 of the Complaint as stated and, therefore, deny those allegations as stated.

280.    In response to the first sentence of Paragraph 280 of the Complaint, Farmville Defendants admit that Plaintiff Linares Hernandez was housed in a negative pressure cell in Medical from June 30, 2020, to August 24, 2020.   Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Linares Hernandez believes and, therefore, deny those allegations.   To the extent the allegations in Paragraph 280 constitute argument, no response is required.   To the extent a response is required, Farmville Defendants deny those allegations.

281.    In response to Paragraph 281 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Linares Hernandez felt and, therefore, deny those allegations.   The remaining allegations in Paragraph 281 constitute argument to which no response is required.   To the extent a response is required, Farmville Defendants deny the remaining allegations in Paragraph 281.

282.    In response to Paragraph 282 of the Complaint, Farmville Defendants admit that Plaintiff Linares Hernandez tested negative for COVID-19 on May 13, 2020 and July 2, 2020. Farmville Defendants further respond that Plaintiff Linares Hernandez tested positive for COVID-19 on July 28, 2020 and refused all subsequent COVID-19 tests.   Farmville Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff Linares Hernandez started feeling sick and, therefore, deny those allegations.   Farmville Defendants deny the remaining allegations as stated.

283.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 of the Complaint and, therefore, deny them.

284.     In response to Paragraph 284 of the Complaint, Farmville Defendants state that Plaintiff Linares Hernandez was released from custody on October 22, 2020.   Farmville Defendants deny the remaining allegations in Paragraph 284 as stated.

285.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 of the Complaint and, therefore, deny them.

286.     Farmville Defendants deny the allegations in Paragraph 286 of the Complaint as stated.

287.     Farmville Defendants deny the allegations in Paragraph 287 of the Complaint as stated.

### 14.     Plaintiff Vano Bazerashvili

288.     Farmville Defendants deny the allegations in Paragraph 288 of the Complaint.

289.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 of the Complaint and, therefore, deny them.

290.     In response to Paragraph 290 of the Complaint, Farmville Defendants admit that Plaintiff Bazerashvili was housed in Dorm 7 for at least part of Summer 2020. While he was housed in Dorm 7 the detainee population ranged from 26 to 38 detainees.   Farmville Defendants further admit that the bunks at ICA Farmville are such that detainees might sleep in close proximity to one another when a dorm is at full or close to full capacity.   Farmville Defendants deny the remaining allegations in Paragraph 290 as stated.

291.     Farmville Defendants deny the allegations in the last sentence of Paragraph 291 of the Complaint as stated.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 291 and, therefore, deny them.

292.     Farmville Defendants deny the allegations in Paragraph 292 of the Complaint as stated.

293.     Farmville Defendants deny the allegations in Paragraph 293 of the Complaint as stated.

294.     In response to Paragraph 294 of the Complaint, Farmville Defendants state that the use of pepper spray is only authorized when necessary to diffuse potentially violent and dangerous situations in accordance with the facility's policies and ICE Detention Standards. Farmville Defendants deny the remaining allegations in Paragraph 294 as stated.

295.     Farmville Defendants deny the allegations in Paragraph 295 of the Complaint.

296.     In response to Paragraph 296 of the Complaint, Farmville Defendants admit Plaintiff Bazerashvili tested positive for COVID-19 on July 2, 2020, and July 25, 2020. Farmville Defendants deny the remaining allegations in Paragraph 296 as stated.

297.     In response to Paragraph 297 of the Complaint, Farmville Defendants admit Plaintiff Bazerashvili was moved to Medical on July 7, 2020, and remained there until July 21, 2020.  Farmville Defendants deny the remaining allegations as stated.

298.     Farmville Defendants deny the allegations in Paragraph 298 of the Complaint as stated.

299.     In response to Paragraph 299 of the Complaint, Farmville Defendants admit that 341 detainees and 26 employees had tested positive for COVID-19 as of August 9, 2020.  To the extent Paragraph 299 refers to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 299 that are inconsistent therewith, including allegations contained in footnotes.   Farmville Defendants deny the remaining allegations in Paragraph 299 of the Complaint.

B.     Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the heading identified by the letter B following Paragraph 299 of the Complaint and, therefore, deny them.

300.   The allegations in Paragraph 300 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 300 of the Complaint.

301.   Paragraph 301 of the Complaint refers to written materials or statements of others, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 301 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in such written materials or statements of others and, therefore, deny them, including allegations contained in footnotes.

302.   To the extent Paragraph 302 of the Complaint refers to written materials or statements of others, those written materials and statements speak for themselves and Farmville Defendants deny any allegations in Paragraph 302 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in such written materials, statements of others, or the remaining allegations in Paragraph 302 and, therefore, deny them, including allegations contained in footnotes.

303.   To the extent Paragraph 303 of the Complaint refers to written materials or statements of others, those written materials and statements speak for themselves and Farmville Defendants deny any allegations in Paragraph 303 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information

sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or the remaining allegations in Paragraph 303 and, therefore, deny them, including allegations contained in footnotes.

304.    To the extent Paragraph 304 of the Complaint refers to written materials or statements of others, those written materials and statements speak for themselves and Farmville Defendants deny any allegations in Paragraph 304 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or the remaining allegations in Paragraph 304 and, therefore, deny them, including allegations contained in footnotes.

305.    To the extent Paragraph 305 of the Complaint refers to written materials, statements of others, or government directives, those written materials, statements, and directives speak for themselves and Farmville Defendants deny any allegations in Paragraph 305 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, government directives, or the remaining allegations in Paragraph 305 and, therefore, deny them, including allegations contained in footnotes.

306.    To the extent Paragraph 306 of the Complaint refers to written materials, statements of others, or government directives, those written materials, statements, and directives speak for themselves and Farmville Defendants deny any allegations in Paragraph 306 that are inconsistent therewith, including allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained

in such written materials, statements of others, government directives, or the remaining allegations in Paragraph 306 and, therefore, deny them, including allegations contained in footnotes.

307.    To the extent Paragraph 307 of the Complaint refers to written materials or statements of others, those written materials and statements speak for themselves and Farmville Defendants deny any allegations in Paragraph 307 that are inconsistent therewith, including allegations contained in footnotes.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 of the Complaint and, therefore, deny them, including any allegations contained in footnotes.

C.    Farmville Defendants deny the allegations in the heading identified by the letter C following Paragraph 307 of the Complaint.

308.    Farmville Defendants deny the allegations in Paragraph 308 of the Complaint.

309.    Farmville Defendants deny the allegations in Paragraph 309 of the Complaint as stated.

310.    In response to Paragraph 310 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Santos Garcia believes and, therefore, deny any such allegations.   Farmville Defendants deny the remaining allegations in Paragraph 310 of the Complaint as stated.

311.    Farmville Defendants deny the allegations in Paragraph 311 of the Complaint as stated.   In further response to Paragraph 311 of the Complaint, Farmville Defendants admit that on July 21 and July 22, 2020, 11 detainees filed grievances regarding the taste of their milk during breakfast.   In response to those grievances, ICA Farmville inspected all of the milk at the facility and on July 22, 2020, staff discarded all of the milk at the facility as a precaution

although it was not expired.  There have not been any complaints about the milk at the facility since July 22, 2020.

312.   In response to Paragraph 312 of the Complaint, Farmville Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff Miranda Sanchez believes, what training he received, and what he saw and, therefore, deny any such allegations. Farmville Defendants deny the remaining allegations in Paragraph 312 of the Complaint as stated.

313.   Farmville Defendants deny the allegations in Paragraph 313 of the Complaint as stated.  In further response to Paragraph 313 of the Complaint, Farmville Defendants admit that on July 21 and July 22, 2020, 11 detainees filed grievances regarding the taste of their milk during breakfast.  In response to those grievances, ICA Farmville inspected all of the milk at the facility and on July 22, 2020, staff discarded all of the milk at the facility as a precaution although it was not expired.  There have not been any complaints about the milk at the facility since July 22, 2020.

314.   Farmville Defendants deny the allegations in Paragraph 314 of the Complaint.

315.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 315 of the Complaint and, therefore, deny them.

316.   Farmville Defendants deny the allegations in Paragraph 316 as stated.

317.   Farmville Defendants deny the allegations contained in Paragraph 317 of the Complaint.

IV.     Farmville Defendants deny the allegations in the heading identified by the Roman numeral IV following Paragraph 317 of the Complaint to the extent they pertain to Farmville Defendants.

318.    Farmville Defendants deny the allegations in Paragraph 318 of the Complaint.

319.    Farmville Defendants admit the allegations in Paragraph 319 of the Complaint. To the extent Paragraph 319 refers to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 319 that are inconsistent therewith.

320.    The allegations in Paragraph 320 of the Complaint, including all subparts, refer to written materials which speak for themselves and Farmville Defendants deny any allegations in Paragraph 320 that are inconsistent therewith.

321.    The allegations in Paragraph 321 of the Complaint refer to a prior declaration and Farmville Defendants deny any allegations in Paragraph 321 that are inconsistent therewith.  To the extent the allegations in Paragraph 321 constitute argument, no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

322.    The allegations in Paragraph 322 of the Complaint refer to written materials which speak for themselves and Farmville Defendants deny any allegations in Paragraph 322 that are inconsistent therewith.  To the extent the allegations in Paragraph 322 constitute argument, no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

323.    In response to Paragraph 323 of the Complaint, Farmville Defendants admit that Dr. Homer D. Venters and Dr. William A. Reese conducted inspections of the ICA Farmville facility on August 20, 2020.  The remaining allegations in Paragraph 323 refer to written

materials and pleadings which speak for themselves and Farmville Defendants deny any allegations in Paragraph 323 that are inconsistent therewith.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.

324.    The allegations in Paragraph 324 of the Complaint refer to written materials which speak for themselves and Farmville Defendants deny any allegations in Paragraph 324 that are inconsistent therewith.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.

325.    The allegations in Paragraph 325 of the Complaint, including all subparts, refer to written materials which speak for themselves and Farmville Defendants deny any allegations in Paragraph 325 that are inconsistent therewith.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.  To the extent the allegations in Paragraph 325, including any subparts, constitute argument, no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

326.    The allegations in Paragraph 326 of the Complaint refer to written materials which speak for themselves and Farmville Defendants deny any allegations in Paragraph 326 that are inconsistent therewith, including any allegations contained in footnotes.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them, including allegations contained in footnotes.

V.     The heading identified by the Roman numeral V following Paragraph 326 of the Complaint contains allegations not directed to Farmville Defendants and, therefore, Farmville Defendants are not required to respond.  To the extent a response is required of Farmville Defendants, they lack knowledge or information sufficient to form a belief as the truth of the allegations therein and, therefore, deny them.

327.     The allegations in Paragraph 327 of the Complaint refer to a court order that speaks for itself and Farmville Defendants deny any allegations in Paragraph 327 that are inconsistent therewith.

328.     The allegations in Paragraph 328 of the Complaint refer to a court filing which speaks for itself and Farmville Defendants deny any allegations in Paragraph 328 that are inconsistent therewith.

329.     The allegations in Paragraph 329 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

330.     The allegations in Paragraph 330 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

331.     The allegations in Paragraph 331 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

332.     The allegations in the second sentence of Paragraph 332 of the Complaint refer to a prior declaration, which speaks for itself, and Farmville Defendants deny any allegations that are inconsistent therewith.  The remaining allegations in Paragraph 332 constitute argument to

which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

333.    The allegations in Paragraph 333 of the Complaint refer to a court filings which speaks for itself and Farmville Defendants deny any allegations that are inconsistent therewith. The remaining allegations in Paragraph 333 constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

334.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 of the Complaint and, therefore, deny them.  To the extent the allegations in Paragraph 334 refer to written materials or government directives, which speak for themselves, Farmville Defendants deny any allegations that are inconsistent therewith, including any allegations in footnotes.

335.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335 of the Complaint and, therefore, deny them.  To the extent the allegations in Paragraph 335 refers to written materials or government directives, which speak for themselves, Farmville Defendants deny any allegations that are inconsistent therewith, including any allegations in footnotes.

336.    The allegations in Paragraph 336 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent the allegations in Paragraph 336 refer to written materials, which speak for themselves, Farmville Defendants deny any allegations that are inconsistent therewith, including any allegations in footnotes.

337.    To the extent the allegations in Paragraph 337 of the Complaint constitute argument, no response is required.  To the extent a response is required, Farmville Defendants

deny those allegations.  To the extent the allegations in Paragraph 337 refer to written materials, which speak for themselves, Farmville Defendants deny any allegations that are inconsistent therewith, including any allegations in footnotes.

338.   The allegations in Paragraph 338 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

VI.   Farmville Defendants deny the allegations in the heading identified by the Roman numeral VI following Paragraph 338 of the Complaint to the extent they pertain to Farmville Defendants.

339.   The allegations in Paragraph 339 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 339 that are inconsistent therewith.

340.   The allegations Paragraph 340 of the Complaint refers to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 340 that are inconsistent therewith.

341.   The first sentence of Paragraph 341 refers to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations inconsistent therewith.  The second sentence of Paragraph 341 is directed to a different defendant, so no response is required.  To the extent that a response is required, Farmville Defendants deny the second sentence of Paragraph 341.

342.   The allegations in the first sentence of Paragraph 342 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in the first sentence of Paragraph 342 that are inconsistent therewith.  The second sentence of

Paragraph 342 is directed to a different defendant, so no response from Farmville Defendants is required.  To the extent a response is required, Farmville Defendants deny those allegations.

### PBNDS: Medical Care Standards

343.     Farmville Defendants deny the allegations in Paragraph 343 of the Complaint.  To the extent the allegations in Paragraph 343 refer to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 343 that are inconsistent therewith.

344.     The allegations in Paragraph 344 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 344 that are inconsistent therewith.

345.     The allegations in Paragraph 345 of the Complaint are directed to a different defendant, so no response is required from Farmville Defendants.  To the extent a response is required, Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 345 of the Complaint and, therefore, deny those allegations.

346.     The allegations in the first sentence of Paragraph 346 of the Complaint are directed to a different defendant, so no response is required from Farmville Defendants.  To the extent a response is required, Farmville Defendants deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 346 as stated.

347.     The allegations in the first sentence of Paragraph 347 of the Complaint are directed to a different defendant, so no response is required from Farmville Defendants.  To the extent a response is required, Farmville Defendants deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 347 as stated.

348.    The allegations in the first sentence of Paragraph 348 of the Complaint are directed to a different defendant, so no response is required from Farmville Defendants.  To the extent a response is required, Farmville Defendants deny those allegations.   Farmville Defendants deny the remaining allegations in Paragraph 348 as stated.

349.    The allegations in Paragraph 349 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 349 that are inconsistent therewith.

350.    The allegations in Paragraph 350 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 350 that are inconsistent therewith.

351.    Farmville Defendants deny the allegations in Paragraph 351 as stated.

352.    Farmville Defendants deny the allegations in Paragraph 352 as stated.

353.    Farmville Defendants deny the allegations in Paragraph 353 as stated.

354.    The allegations in Paragraph 354 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 354 that are inconsistent therewith.

355.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 355 and, therefore, deny them.  In response to the remaining allegations in Paragraph 355, Farmville Defendants state that there is a translator that works in Medical and attends screenings with nurses throughout the facility. There are other ICA Farmville staff that speak Spanish as well.  In further response, Farmville Defendants state that there is a phone in every Medical unit with access to three translation services with which ICA Farmville has contracted.  Farmville Defendants deny the remaining

allegations in Paragraph 355 as stated.  To the extent the allegations in Paragraph 355 constitute argument, no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

### PBNDS: Food Services Standards

356.    The allegations in Paragraph 356 of the Complaint are directed to a different defendant, so no response is required from Farmville Defendants.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent the allegations in Paragraph 356 refer to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 356 that are inconsistent therewith.

357.    The allegations in Paragraph 357 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 357 that are inconsistent therewith.

358.    Farmville Defendants deny the allegations in Paragraph 358 of the Complaint.

359.    The allegations in Paragraph 359 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 359 that are inconsistent therewith.

360.    Farmville Defendants deny the allegations in Paragraph 360 of the Complaint.

361.    The allegations in Paragraph 361 of the Complaint refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 361 that are inconsistent therewith.  To the extent the allegations in Paragraph 361 constitute argument, no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

362.   Farmville Defendants deny the allegations in Paragraph 362 of the Complaint as stated.

**PBNDS: Following CDC Guidance**

363.   The first sentence of Paragraph 365 of the Complaint refers to written materials or government directives which speak for themselves and Farmville Defendants deny any allegations in that sentence that are inconsistent therewith.   Farmville Defendants deny the allegations in the second sentence of Paragraph 363.

364.   The allegations in Paragraph 364 of the Complaint refer to written materials or government directives which speak for themselves and Farmville Defendants deny any allegations in Paragraph 364 that are inconsistent therewith.

365.   In response to Paragraph 365 of the Complaint, Farmville Defendants admit that 51 out of the 74 transferees who arrived at ICA Farmville on June 2, 2020, tested positive for COVID-19.   Farmville Defendants deny the remaining allegations in Paragraph 365 of the Complaint as stated.

366.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 366 of the Complaint and, therefore, deny them.

367.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 367 of the Complaint and, therefore, deny them.

368.   Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 368 of the Complaint and, therefore, deny them.

369.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 369 of the Complaint and, therefore, deny them.

370.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 370 of the Complaint and, therefore, deny them.

371.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 371 of the Complaint and, therefore, deny them.

372.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 372 of the Complaint and, therefore, deny them.

373.    The allegations in Paragraph 373 of the Complaint refer to written materials or government directives, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 373 that are inconsistent therewith.

374.    Farmville Defendants deny the allegations in Paragraph 374 of the Complaint as stated.

375.    Farmville Defendants deny the allegations in Paragraph 375 as stated.

376.    The allegations in Paragraph 376 of the Complaint refer to written materials which speak for themselves and Farmville Defendants deny any allegations in Paragraph 376 that are inconsistent therewith.  Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, deny them.

377.    Farmville Defendants deny the allegations in Paragraph 377 of the Complaint as stated.

378.    Farmville Defendants deny the allegations in Paragraph 378 of the Complaint.

379.    The allegations in Paragraph 379 of the Complaint refer to written materials or government directives, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 379 that are inconsistent therewith.   To the extent the allegations in Paragraph 379 constitute argument, no response is required.   To the extent a response is required, Farmville Defendants deny those allegations.

380.    The allegations in Paragraph 380 of the Complaint refer to written materials or government directives, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 380 that are inconsistent therewith.

381.    Farmville Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381 of the Complaint and, therefore, deny them.

382.    The allegations in Paragraph 382 of the Complaint refer to written materials or government directives, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 382 that are inconsistent therewith.

383.    Farmville Defendants deny the allegations in Paragraph 383 of the Complaint as stated.

384.    Farmville Defendants deny the allegations in Paragraph 384 of the Complaint.

385.    The allegations in Paragraph 385 of the Complaint are directed to a different defendant, so no response from Farmville Defendants is required.   To the extent a response is required, Farmville Defendants deny the allegations.

386.    Farmville Defendants admit the allegations in the first sentence of Paragraph 386 of the Complaint.  Farmville Defendants deny the remaining allegations in Paragraph 386 as stated.

387.    The allegations in Paragraph 387 of the Complaint refer to written materials or government directives, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 387 that are inconsistent therewith.

388.    Farmville Defendants deny the allegations in Paragraph 388 of the Complaint.

389.    Farmville Defendants deny the allegations in Paragraph 389 of the Complaint.

390.    The allegations in Paragraph 390 of the Complaint refer to written materials or government directives, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 390 that are inconsistent therewith.

391.    The allegations in Paragraph 391 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

392.    Farmville Defendants deny the allegations in Paragraph 392 of the Complaint as stated.

393.    The allegations in Paragraph 393 of the Complaint refer to written materials or government directives, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 393 that are inconsistent therewith.

394.    Farmville Defendants deny the allegations in Paragraph 394 of the Complaint.

395.    Farmville Defendants admit the allegations in the first sentence of Paragraph 395 of the Complaint.  Farmville Defendants deny the allegations in the second sentence of Paragraph 395.

396.    The allegations in Paragraph 396 of the Complaint refer to written materials or government directives, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 396 that are inconsistent therewith.

397.    Farmville Defendants deny the allegations in Paragraph 397 of the Complaint as stated.  To the extent the allegations in Paragraph 397 refer to written materials, those written materials speak for themselves and Farmville Defendants deny any allegations in Paragraph 397 that are inconsistent therewith.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Violation of the Right to Substantive Due Process Under the Fifth Amendment
Against Defendants Chad F. Wolf, U.S. Immigration and Customs Enforcement, Tony H.
Pham, Russell Hott**

**On Behalf of Plaintiffs Santos Garcia, Bolanos Hernandez, Miranda Sanchez, Velasquez
Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and
Bazerashvili for
Declaratory and Injunctive Relief**

398.    Farmville Defendants reallege and incorporate by reference their foregoing responses to the allegations in the Complaint as if fully set forth herein.

399.    Paragraph 399 of the Complaint lacks factual allegations to which a response is required by Farmville Defendants.  To the extent a response is required, Farmville Defendants deny those allegations.

400.    The allegations in Paragraph 400 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 400 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 400 that are inconsistent therewith.

401.    The allegations in Paragraph 401 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

402.    The allegations in Paragraph 402 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

403.    Paragraph 403 of the Complaint contains allegations not directed to Farmville Defendants and, therefore, Farmville Defendants are not required to respond.  To the extent a response is required of Farmville Defendants, they lack knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 403 and, therefore, deny them.

404.    Paragraph 404 of the Complaint contains allegations not directed to Farmville Defendants and, therefore, Farmville Defendants are not required to respond.  To the extent a response is required of Farmville Defendants, they deny those allegations.

405.    In response to Paragraph 405 of the Complaint, Farmville Defendants admit that 51 out of the 74 transferees who arrived at ICA Farmville on June 2, 2020, tested positive for COVID-19.  The remaining allegations in Paragraph 405 contain allegations not directed to Farmville Defendants and, therefore, Farmville Defendants are not required to respond.  To the extent a response is required of Farmville Defendants, they lack knowledge or information sufficient to form a belief as the truth of the remaining allegations in Paragraph 405 and, therefore, deny them.

406.    Farmville Defendants deny the allegations in the first sentence of Paragraph 406 of the Complaint.  The allegations in the second sentence of Paragraph 406 constitute argument

and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

407.   Farmville Defendants deny the allegations in Paragraph 407 of the Complaint.

408.   The allegations in Paragraph 408 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 408 of the Complaint.

409.   The allegations in Paragraph 409 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 409 of the Complaint.

410.   The allegations in Paragraph 410 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

411.   The allegations in Paragraph 411 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

412.   The allegations in Paragraph 412 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

**SECOND CAUSE OF ACTION**

**Violation of the Right to Substantive Due Process Under the Fourteenth Amendment
Under 42 U.S.C. § 1983**

**Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC,
Armor Correctional Health Services**

**On Behalf of Plaintiffs Santos Garcia, Bolanos Hernandez, Miranda Sanchez, Velasquez
Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and
Bazerashvili for
Declaratory and Injunctive Relief**

413.    Farmville Defendants reallege and incorporate by reference their foregoing responses to the allegations in the Complaint as if fully set forth herein.

414.    Paragraph 414 of the Complaint lacks factual allegations to which a response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

415.    The allegations in Paragraph 415 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

416.    To the extent that the first sentence of Paragraph 416 refers to the IGSA and Subcontract, those documents speak for themselves and Farmville Defendants deny any allegations inconsistent therewith.  The remaining allegations in Paragraph 416 constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

417.    The allegations in Paragraph 417 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 417 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 417 that are inconsistent therewith.

418.    The allegations in Paragraph 418 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

419.    The allegations in Paragraph 419 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

420.    Farmville Defendants admit that they are aware of the COVID-19 pandemic and issues raised thereby but deny all remaining allegations in Paragraph 420 of the Complaint.

421.    To the extent the allegations in Paragraph 421 of the Complaint constitute argument, no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 421 of the Complaint as stated.  Farmville Defendants deny the remaining allegations in Paragraph 421 as stated.

422.    To the extent the allegations in Paragraph 422 of the Complaint constitute argument, no response is required.  To the extent a response is required, Farmville Defendants admit that on June 2, 2020, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville.  Farmville Defendants further admit that, subsequently, 51 of those 74 transferees tested positive for COVID-19.  Farmville Defendants deny the remaining allegations in Paragraph 422 of the Complaint.

423.    Farmville Defendants deny the allegations in the first sentence of Paragraph 423 of the Complaint.  The remaining allegations in Paragraph 423 call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those remaining allegations.

424.    Farmville Defendants deny the allegations in Paragraph 424 of the Complaint.

425.    The allegations in Paragraph 425 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 425.

426.    The allegations in Paragraph 426 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 426.

427.    The allegations in Paragraph 427 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

428.    The allegations in Paragraph 428 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

429.    The allegations in the first sentence of Paragraph 429 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 429 of the Complaint.

430.    The allegations in Paragraph 430 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

431.    The allegations in Paragraph 431 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

**THIRD CAUSE OF ACTION**

**Violation of the Right to Substantive Due Process Under the Fourteenth Amendment Under 42 U.S.C. Section 1983**

**Against Defendants Jeffrey Crawford, in his individual capacity; Immigration Centers of America-Farmville, LLC**

**On Behalf of All Plaintiffs for Damages**

432.    Farmville Defendants reallege and incorporate by reference their foregoing responses to the allegations in the Complaint as if fully set forth herein.

433.    Paragraph 433 of the Complaint lacks factual allegations to which a response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

434.    The allegations in Paragraph 434 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

435.    To the extent that the first sentence of Paragraph 435 refers to the IGSA and Subcontract, those documents speak for themselves and Farmville Defendants deny any allegations inconsistent therewith.  The remaining allegations in Paragraph 435 constitute argument and/or call for a legal conclusion, to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

436.    The allegations in Paragraph 436 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 436 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 436 that are inconsistent therewith.

437.     The allegations in Paragraph 437 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

438.     The allegations in Paragraph 438 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

439.     Farmville Defendants deny the allegations in Paragraph 439 of the Complaint.

440.     To the extent the allegations in Paragraph 440 of the Complaint constitute argument, no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 440 as stated.

441.     To the extent the allegations in Paragraph 441 of the Complaint constitute argument, no response is required.  To the extent a response is required, Farmville Defendants admit that on June 2, 2020, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville.  Farmville Defendants further admit that, subsequently, 51 of those 74 transferees tested positive for COVID-19.  Farmville Defendants deny the remaining allegations in Paragraph 441 of the Complaint as stated.

442.     Farmville Defendants deny the allegations in the first sentence of Paragraph 442 of the Complaint.  The remaining allegations in Paragraph 442 constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

443.     Farmville Defendants deny the allegations in Paragraph 443 of the Complaint.

444.     The allegations in Paragraph 444 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

445.     The allegations in Paragraph 445 of the Complaint constitute argument to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

446.     The allegations in Paragraph 446 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

447.     The allegations in Paragraph 447 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 447 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 447 that are inconsistent therewith.

448.     To the extent the allegations in Paragraph 448 of the Complaint constitute argument and/or call for a legal conclusion, no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.   Farmville Defendants deny the remaining allegations in Paragraph 448.

449.     The allegations in Paragraph 449 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

450.     The allegations in Paragraph 450 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

### FOURTH CAUSE OF ACTION

**Violation of the Right to Substantive Due Process Under the Fifth Amendment**

**Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC, Armor Correctional Health Services, Inc.**

**On Behalf of Plaintiffs Santos Garcia, Bolanos Hernandez, Miranda Sanchez, Velasquez Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and Bazerashvili for**
**Declaratory and Injunctive Relief**

451.     Farmville Defendants reallege and incorporate by reference their foregoing responses to the allegations in the Complaint as if fully set forth herein.

452.     Paragraph 452 of the Complaint lacks factual allegations to which a response is required by Farmville Defendants.  To the extent a response is required, Farmville Defendants deny those allegations.

453.     The allegations in Paragraph 453 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 453 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 453 that are inconsistent therewith.

454.     The allegations in Paragraph 454 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

455.     The allegations in Paragraph 455 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

456.     Farmville Defendants admit that they are aware of the COVID-19 pandemic and issues raised thereby but deny all remaining allegations in Paragraph 456 of the Complaint.

457.     To the extent the allegations in Paragraph 457 constitute argument and/or call for a legal conclusion, no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  Farmville Defendants deny the remaining allegations in Paragraph 457 of the Complaint.

458.     In response to Paragraph 458 of the Complaint, Farmville Defendants admit that ICE transferred 74 detainees to ICA Farmville on June 2, 2020, and that 51 of those transferees later tested positive for COVID-19.  Farmville Defendants deny that they had any role or authority with respect to the transfer decision and deny the remaining allegations in Paragraph 458.

459.     Farmville Defendants deny the allegations in the first sentence of Paragraph 459 of the Complaint.  The remaining allegations in Paragraph 459 constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

460.     Farmville Defendants deny the allegations in Paragraph 460 of the Complaint.

461.     The allegations in Paragraph 461 of the Complaint constitute argument to which no response is required.  To the extent a response is necessary, Farmville Defendants deny the allegations in Paragraph 461.

462.    The allegations in Paragraph 462 of the Complaint constitute argument to which no response is required.  To the extent a response is necessary, Farmville Defendants deny the allegations in Paragraph 462.

463.    The allegations in Paragraph 463 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

464.    The allegations in Paragraph 464 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

## FIFTH CAUSE OF ACTION

### Violation of the Administrative Procedure Act

### Against Defendants Chad F. Wolf, ICE, Matthew T. Albence, Russell Holt

### On Behalf of Plaintiffs Santos Garcia, Bolanos Hernandez, Miranda Sanchez, Velasquez Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and Bazerashvili for
### Declaratory and Injunctive Relief

465.    Farmville Defendants reallege and incorporate by reference their foregoing responses to the allegations in the Complaint as if fully set forth herein.

466.    Paragraph 466 of the Complaint lacks factual allegations to which a response is required by Farmville Defendants.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 466 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 466 that are inconsistent therewith.

467.    The allegations in Paragraph 467 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny

those allegations.  To the extent Paragraph 467 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 467 that are inconsistent therewith.

468.     The allegations in Paragraph 468 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 468 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 468 that are inconsistent therewith.

469.     The allegations in Paragraph 469 refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 469 that are inconsistent therewith.

470.     The allegations in Paragraph 470 refer to written materials, which speak for themselves and Farmville Defendants deny any allegations in Paragraph 470 that are inconsistent therewith.

471.     The allegations in Paragraph 471 call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

472.     To the extent Paragraph 472 refers to written materials or government directives, those written materials or government directives speak for themselves and Farmville Defendants deny any allegations in Paragraph 472 that are inconsistent therewith. Farmville Defendants deny the remaining allegations in Paragraph 472 of the Complaint.

473.     To the extent Paragraph 473 refers to written materials or government directives, those written materials or government directives speak for themselves and Farmville Defendants

deny any allegations in Paragraph 473 that are inconsistent therewith. Farmville Defendants deny the remaining allegations in Paragraph 473 of the Complaint.

474.    To the extent Paragraph 474 refers to written materials or government directives, those written materials or government directives speak for themselves and Farmville Defendants deny any allegations in Paragraph 474 that are inconsistent therewith.  Farmville Defendants deny the remaining allegations in Paragraph 474 of the Complaint.

475.    The allegations in Paragraph 475 constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 475 of the Complaint.

476.    The allegations in Paragraph 476 constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 476 of the Complaint.

## SIXTH CAUSE OF ACTION

### Negligence

**Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC**

**On Behalf of All Plaintiffs for Damages**

477.    Farmville Defendants reallege and incorporate by reference their foregoing responses to the allegations in the Complaint as if fully set forth herein.

478.    The allegations in Paragraph 478 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 478 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 478 that are inconsistent therewith.

479.    The allegations in Paragraph 479 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.  To the extent Paragraph 479 constitutes a statement of law, the law speaks for itself and Farmville Defendants deny any allegations in Paragraph 479 that are inconsistent therewith.

480.    Farmville Defendants admit that each Plaintiff was in its custody during at least some of the relevant time.  The remaining allegations in Paragraph 480 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

481.    The allegations in Paragraph 481 of the Complaint, including subparts (a) through (h), constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 481, including all subparts, as stated.

482.    The allegations in Paragraph 482 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

483.    Farmville Defendants deny the allegations in Paragraph 483 of the Complaint.

484.    Farmville Defendants deny the allegations in Paragraph 484 of the Complaint.

485.    Farmville Defendants deny the allegations in Paragraph 485 of the Complaint.

486.    Farmville Defendants deny the allegations in Paragraph 486 of the Complaint.

487.    Farmville Defendants admit that Crawford is employed by ICA Farmville as its Director and that he acted within the scope of his employment during all relevant times. Farmville Defendants deny all further allegations contained in Paragraph 487 of the Complaint.

488.     Farmville Defendants admit that Crawford is employed by ICA Farmville as its Director and that he acted within the scope of his employment during all relevant times.   The remaining allegations in Paragraph 488 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.   To the extent a response is required, Farmville Defendants deny those allegations as stated.

489.     The allegations in Paragraph 489 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.   To the extent a response is required, Farmville Defendants deny those allegations as stated.

## SEVENTH CAUSE OF ACTION

### Gross Negligence

### Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC

### On Behalf of All Plaintiffs for Damages

490.     Farmville Defendants reallege and incorporate by reference their foregoing responses to the allegations in the Complaint as if fully set forth herein.

491.     Farmville Defendants admit that each Plaintiff was in its custody during at least some of the relevant time.   The remaining allegations in Paragraph 491 of the Complaint call for legal conclusions to which no response is required.   To the extent a response is required, Farmville Defendants deny those allegations.

492.     The allegations in Paragraph 492 of the Complaint, including subparts (a) through (h), constitute argument and/or call for a legal conclusion to which no response is required.   To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 492, including all subparts, as stated.

493.     Farmville Defendants deny the allegations in Paragraph 493 of the Complaint.

494.   Farmville Defendants deny the allegations in Paragraph 494 of the Complaint.

495.   Farmville Defendants deny the allegations in Paragraph 495 of the Complaint.

496.   Farmville Defendants deny the allegations in Paragraph 496 of the Complaint.

497.   Farmville Defendants deny the allegations in Paragraph 497 of the Complaint.

498.   Farmville Defendants deny the allegations in Paragraph 498 of the Complaint.

499.   Farmville Defendants admit that Crawford is employed by ICA Farmville as its Director and that he acted within the scope of his employment during all relevant times. Farmville Defendants deny the remaining allegations in Paragraph 499 of the Complaint.

500.   Farmville Defendants admit that Crawford is employed by ICA Farmville as its Director, whose job duties include day-to-day operations of the Facility, and that he acted within the scope of his employment during all relevant times.  The remaining allegations in Paragraph 500 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

501.   The allegations in Paragraph 501 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

## EIGHTH CAUSE OF ACTION

### Willful and Wanton Negligence

### Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC

### On Behalf of All Plaintiffs for Damages

502.   Farmville Defendants reallege and incorporate by reference their foregoing responses to the allegations in the Complaint as if fully set forth herein.

503.    Farmville Defendants admit that each Plaintiff was in its custody during at least some of the relevant time.  The remaining allegations in Paragraph 503 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

504.    The allegations in Paragraph 504 of the Complaint, including subparts (a) through (h), constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny the allegations in Paragraph 504, including all subparts, as stated.

505.    Farmville Defendants deny the allegations in Paragraph 505 of the Complaint.

506.    Farmville Defendants deny the allegations in Paragraph 506 of the Complaint.

507.    Farmville Defendants deny the allegations in Paragraph 507 of the Complaint.

508.    Farmville Defendants deny the allegations in Paragraph 508 of the Complaint.

509.    Farmville Defendants deny the allegations in Paragraph 509 of the Complaint.

510.    Farmville Defendants deny the allegations in Paragraph 510 of the Complaint.

511.    Farmville Defendants admit that Crawford is employed by ICA Farmville as its Director and that he acted within the scope of his employment during all relevant times. Farmville Defendants deny the remaining allegations in Paragraph 511 of the Complaint.

512.    Farmville Defendants admit that Crawford is employed by ICA Farmville as its Director and that he acted within the scope of his employment during all relevant times.  The remaining allegations in Paragraph 512 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

513.    The allegations in Paragraph 513 of the Complaint constitute argument and/or call for a legal conclusion to which no response is required.  To the extent a response is required, Farmville Defendants deny those allegations.

## PRAYER FOR RELIEF

Farmville Defendants deny that Plaintiffs are entitled to the relief specified in the paragraph following Paragraph 513 of the Complaint or to any other relief, costs, fees, or damages.  Farmville Defendants deny all allegations of Plaintiffs' Complaint not expressly admitted herein and demands strict proof thereof.   To the extent that Farmville Defendants' Answer contains any headings or subheadings used in the Complaint, such use is for convenience only and shall not constitute an admission of any kind.   To the extent that Defendant Armor's Answer has responded to Plaintiffs' allegations regarding their medical conditions and care, this Answer does not dispute Armor's responses.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the Complaint, Farmville Defendants state the following affirmative and other defenses to Plaintiffs' claims without assuming the burden of proof on any such defense that would otherwise rest with Plaintiffs and reserving the right to amend, supplement or add to its responses to Plaintiffs' allegations, as well as Farmville Defendants' affirmative and other defenses, as information is gathered through discovery:

1.    Plaintiffs' Complaint fails to state a claim against Farmville Defendants upon which relief may be granted.

2.    Plaintiffs are not afforded protections coextensive with those afforded to U.S. Citizens under the Fifth Amendment.

3.    ICA Farmville does not constitute a state actor for due process purposes.

4.      Farmville Defendants are entitled to immunity from liability for the claims asserted in whole or in part to the same extent as the federal government under the derivative immunity doctrine, *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940).

5.      Farmville Defendants are entitled to qualified immunity to any claims for damages that may be implied or requested in Plaintiffs' Prayer for Relief.

6.      Plaintiffs' claims are barred in whole or in part due to Plaintiffs' contributory negligence.

7.      Plaintiffs are not entitled to equitable relief to the extent that they have acted with "unclean hands" relating to the subject matter of this Complaint.

8.      Farmville Defendants have not treated Plaintiffs with deliberate indifference to any serious medical needs.

9.      Farmville Defendants have not caused Plaintiffs to be confined in conditions that unreasonably exposed or exposes them to an unreasonable risk of injury associated with COVID-19.

10.     The spread of COVID-19 at the facility was the result of a superseding intervening cause or causes.

11.     Farmville Defendants adopt and incorporate herein any and all defenses and affirmative defenses raised by any of the other Defendants in this action to the extent such defenses and affirmative defenses are applicable and not adverse to Farmville Defendants.

12.     Farmville Defendants reserve the right to amend, supplement, and change their Answer and affirmative defenses to assert any additional, provable defenses and affirmative defenses that may arise through discovery or upon evidence adduced at trial and to withdraw any defenses and affirmative defenses asserted herein.

WHEREFORE, Farmville Defendants pray that Plaintiffs' Complaint be dismissed with prejudice and that Farmville Defendants be granted such other and further relief as the Court deems appropriate.

Dated: <u>January 29, 2021</u>

Respectfully Submitted,

**JEFFREY CRAWFORD**

**and**

**IMMIGRATION CENTERS OF AMERICA - FARMVILLE, LLC**

 /s/ *John M. Erbach*
John M. Erbach (VSB No. 76695)
Email: jerbach@spottsfain.com
Patricia Bugg Turner (VSB No. 72775)
Email: pturner@spottsfain.com
Kasey L. Hoare (VSB No. 92289)
khoare@spottsfain.com
Spotts Fain, P.C.
411 E. Franklin Street, Suite 600
Richmond, VA 23219
(804) 697-2000
(804) 697-2100 (Facsimile)
*Counsel for Defendants Jeffrey Crawford*
*and Immigration Centers of America -*
*Farmville, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed on this 29th day of January, 2021, using the Court's CM/ECF electronic filing system, thereby notifying all counsel of record.

   /s/ *John M. Erbach*
John M. Erbach (VSB No. 76695)
jerbach@spottsfain.com
Patricia Bugg Turner (VSB No. 72775)
pturner@spottsfain.com
Kasey L. Hoare (VSB No. 92289)
khoare@spottsfain.com
Spotts Fain, P.C.
411 E. Franklin Street, Suite 600
Richmond, VA 23219
(804) 697-2044
(804) 697-2144 Fax