## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

CHRISTIAN ALBERTO SANTOS GARCIA,   )
*et al.*,   )
  )
       Plaintiffs,   )
    v.   )     No. 1:20-cv-821-LMB-JFA
  )
CHAD F. WOLF, *et al.*,   )
  )
       Defendants.   )

### DEFENDANT ARMOR'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Armor Correctional Health Services Inc. ("Defendant"), by counsel, respectfully submits the following Answer to Plaintiffs' First Amended Complaint (ECF No. 123) ("Amended Complaint"):

1. This allegations Paragraph 1 of the Amended Complaint constitute medical opinions, legal opinions, or argument to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 1 of the Amended Complaint.

2. To the extent that the allegations in Paragraph 2 are not directed at Defendant and state legal conclusions, medical opinions, or argument, no response is required. To the extent that a response is required, Defendant admits that on June 2, 2020, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville. Defendant further admits that, subsequently, 51 of those 74 transferees tested positive for COVID-19. Defendant denies that it had any authority to accept or reject the transferees or that it "knew that [ICA Farmville] did not have the capacity to quarantine, isolate, or adequately screen them at intake." Defendant lacks sufficient information

1

at this time to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Amended Complaint and, therefore, denies them.

3.      In response to Paragraph 3 of the Complaint, Defendant admits that 341 detainees have tested positive for COVID-19 since April 2020, including Plaintiffs Santos Garcia, Perez Garcia, Castillo Gutierrez, Mbalivoto, Souza Bauer, Miranda Sanchez, Velasquez Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and Bazerashvili. Defendant denies that Plaintiff Bolanos Hernandez ever tested positive for COVID-19. Defendant further states that Plaintiff Perez Garcia was released from ICA Farmville's custody on July 31, 2020, Plaintiff Castillo Gutierrez was released from ICA Farmville's custody on August 25, 2020, Plaintiff Didier Mbalivoto was released from ICA Farmville's custody on August 20, 2020, Plaintiff Souza Bauer was released from ICA Farmville's custody on October 13, 2020, Plaintiff Linares Hernandez was released from ICA Farmville's custody on October 22, 2020, Plaintiff Bazerashvili was released from ICA Farmville's custody on November 16, 2020, Plaintiff Rivera Rodriguez was released from ICA Farmville's custody on December 1, 2020, Plaintiff Bolanos Hernandez was released from ICA Farmville's custody on December 29, 2020, and Plaintiff Garcia Garcia was released from ICA Farmville's custody on January 6, 2021. The remaining allegations constitute argument to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations relating to ICA Farmville and its facility.

4.      The first sentence of Paragraph 4 of the Amended Complaint constitutes argument to which no response is required; to the extent a response is required, the Defendant  denies the first sentence of Paragraph 4. The remaining sentences of Paragraph 4 state a legal or medical

opinion to which no answer is required; to the extent a response is required, Defendant denies those allegations.

5.      The first three sentences of Paragraph 5 of the Amended Complaint are argument or medical opinions to which no response is required.  To the extent a response is required, Defendant  denies those allegations.  Defendant  denies the remaining allegations in Paragraph 5 as stated.

6.      Defendant was not involved in the alleged conduct described in this allegation and, therefore lacks sufficient information at this time to admit or deny these allegations. Additionally, the first sentence in this paragraph states a legal or medical opinion to which no answer is required. To the extent that an answer is required, Defendant denies the allegation in Paragraph 6.

7.      To the extent that Paragraph 7 states  legal conclusions, medical opinions, and argument, no response is required.  To the extent a response is required, Defendant  denies the allegations in Paragraph 7.

8.      To the extent that the allegations in Paragraph 8 are not directed at Defendant and state legal conclusions, medical opinions, or argument, no response is required. To the extent a response is required, Defendant  denies the allegations in Paragraph 8.

9.      Defendant was not involved in the alleged conduct described in this allegation and, therefore lacks sufficient information at this time to admit or deny these allegations. Additionally, this paragraph states several legal or medical opinions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation in Paragraph 9.

10.     Defendant was not involved in the alleged conduct described in this allegation and, therefore lacks sufficient information at this time to admit or deny these allegations. Additionally, this paragraph states several legal or medical opinions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation in Paragraph 10.

11.     The first and third sentences of Paragraph 11 of the Amended Complaint constitute argument to which no response is required.  To the extent a response is required, Defendant  denies the allegations in the first and third sentences of Paragraph 11.  Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the second sentence of Paragraph 11 and, therefore, denies them.

12.     Paragraph 12 of the Amended Complaint does not contain any factual allegations to which a response is required.  To the extent a response is required, Defendant  denies the allegations in Paragraph 12.

## PARTIES

13.     Defendant admits that Plaintiff Santos Garcia is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Amended Complaint and, therefore, denies them.

14.     Defendant denies that Plaintiff Bolanos Hernandez is not currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Amended Complaint and, therefore, denies them.

15.     Defendant  admits that Plaintiff Perez Garcia is not currently detained at the ICA Farmville facility—he was released from ICA Farmville's custody on July 31, 2020.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Amended Complaint and, therefore, denies them.

16.     Defendant  admits that Plaintiff Castillo Gutierrez is not currently detained at the ICA Farmville facility—he was released from ICA Farmville's custody on August 25, 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Amended Complaint and, therefore, denies them.

17.     Defendant  admits that Plaintiff Didier Mbalivoto is not currently detained at the ICA Farmville facility—he was released from ICA Farmville's custody on August 20, 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Amended Complaint and, therefore, denies them.

18.     Defendant  admits that Plaintiff Frank Odin Souza Bauer is not currently detained at the ICA Farmville facility—he was released from ICA Farmville's custody on August 13, 2020.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Amended Complaint and, therefore, denies them.

19.     Defendant admits that Plaintiff Marco Antonio Miranda Sanchez is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Amended Complaint and, therefore, denies them.

20.     Defendant admits that Plaintiff Melvin Ivan Velasquez Orellana is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to

form a belief as to the truth of the remaining allegations in Paragraph 20 of the Amended Complaint and, therefore, denies them.

21.     Defendant admits that Plaintiff Olaitan Michael Olaniyi is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Amended Complaint and, therefore, denies them.

22.     Defendant admits that Plaintiff Shawn Houslin is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Amended Complaint and, therefore, denies them.

23.     Defendant denies that Plaintiff Jerbin Ivan Garcia is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Amended Complaint and, therefore, denies them.

24.     Defendant denies that Plaintiff Jorge Alexander Rivera Rodriguez is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Amended Complaint and, therefore, denies them.

25.     Defendant denies that Plaintiff Jose Linares Hernandez is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Amended Complaint and, therefore, denies them.

26.     Defendant denies that Plaintiff Vano Bazerashvili is currently detained at the ICA Farmville facility.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Amended Complaint and, therefore, denies them.

27.     Because allegations in Paragraph 27 are directed to a different defendant and state legal conclusions, no response from Defendant is required. Also, Defendant lacks sufficient information at this time to admit or deny these allegations. Therefore, to the extent that a response is required, these allegations are denied.

28.     Because allegations in Paragraph 28 are directed to a different defendant and state legal conclusions, no response from Defendant is required. Also, Defendant lacks sufficient information at this time to admit or deny these allegations. Therefore, to the extent that a response is required, these allegations are denied.

29.     Because allegations in Paragraph 29 are directed to a different defendant and state legal conclusions, no response from Defendant is required. Also, Defendant lacks sufficient information at this time to admit or deny these allegations. Therefore, to the extent that a response is required, these allegations are denied.

30.     Because allegations in Paragraph 30 are directed to a different defendant and state legal conclusions, no response from Defendant is required. Also, Defendant lacks sufficient information at this time to admit or deny these allegations. Therefore, to the extent that a response is required, these allegations are denied.

31.     Because allegations in Paragraph 31 are directed to a different defendant and state legal conclusions, no response from Defendant is required. Also, Defendant lacks sufficient

information at this time to admit or deny these allegations. Therefore, to the extent that a response is required, these allegations are denied.

32.     Because allegations in Paragraph 32 are directed to a different defendant and state legal conclusions, no response from Defendant is required. Also, Defendant lacks sufficient information at this time to admit or deny these allegations. Therefore, to the extent that a response is required, these allegations are denied.

33.     In response to the first sentence of Paragraph 33 of the Amended Complaint, Defendant admits that it is incorporated in Florida and has its headquarters at the address provided in this allegation. Defendant also admits that it has entered into a contract with ICA Farmville. That contract speaks for itself and Defendant denies any allegations inconsistent therewith. To the extent that this allegation states legal conclusions, regarding Defendant's legal status, relationships, or duties, no response is required; and to the extent that a response is required, those allegations are denied.

34.     The allegations in Paragraph 34 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it was a state actor and denies that it may be held liable for performance of duties as a federal actor.

## JURISDICTION AND VENUE

35.     Subject to their affirmative defenses, Defendant  is not currently objecting to subject matter jurisdiction over any specific claims. Defendant reserves the right to raise challenges to subject matter jurisdiction as the need arises.

36.     Subject to their affirmative defenses, Defendant  is not currently objecting to subject matter jurisdiction over any specific claims. Defendant reserves the right to raise challenges to subject matter jurisdiction as the need arises.

37.     The allegations in Paragraph 37 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that injunctive or declaratory relief is appropriate against Defendant..

38.     Subject to their affirmative defenses, Defendant  does not contest venue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

39.     The allegations in Paragraph 39 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

40.     The allegations in Paragraph 40 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

41.     The allegations in Paragraph 41 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

42.     The allegations in Paragraph 42 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## STATEMENT OF FACTS

I.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph I following Paragraph 42 of the Amended Complaint and, therefore, denies them.

43.      Paragraph 43 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, Defendant relies on epidemiological and clinical information provided by the Centers for Disease Control and other health organizations to understand the scope, transmission, and symptoms of COVID-19. Beyond the current information provided by those organizations, Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies them. To the extent Paragraph 43 refers to written materials, those written materials speak for themselves and Defendant denies any allegations in Paragraph 43 that are inconsistent therewith including allegations contained in footnotes.

44.      Paragraph 44 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, Defendant relies on epidemiological and clinical information provided by the Centers for Disease Control and other health organizations to understand the scope, transmission, and symptoms of COVID-19. Beyond the current information provided by those organizations, Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies them.

45.      Paragraph 45 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, Defendant relies on epidemiological and clinical information provided by the Centers for Disease Control and other health organizations to understand the scope, transmission, and symptoms of COVID-19. Beyond the current

information provided by those organizations, Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies them. To the extent Paragraph 45 refers to written materials, those written materials speak for themselves and Defendant denies any allegations in Paragraph 45 that are inconsistent therewith including allegations contained in footnotes.

46.     Paragraph 46 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, the factual allegations in Paragraph 46 are denied.

47.     Paragraph 47 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, Defendant relies on epidemiological and clinical information provided by the Centers for Disease Control and other health organizations to understand the scope, transmission, and symptoms of COVID-19. Beyond the current information provided by those organizations, Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies them.

48.     Paragraph 48 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, Defendant relies on epidemiological and clinical information provided by the Centers for Disease Control and other health organizations to understand the scope, transmission, and symptoms of COVID-19. Beyond the current information provided by those organizations, Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies them.

49.     Paragraph 49 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, Defendant relies on epidemiological and clinical information provided by the Centers for Disease Control and other health organizations

to understand the scope, transmission, and symptoms of COVID-19. Beyond the current information provided by those organizations, Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies them.

50.    Paragraph 50 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, Defendant relies on epidemiological and clinical information provided by the Centers for Disease Control and other health organizations to understand the scope, transmission, and symptoms of COVID-19. Beyond the current information provided by those organizations, Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies them.

51.    Paragraph 51 states  medical opinions or legal conclusions to which no responses are required. To the extent that an answer is required, Defendant relies on epidemiological and clinical information provided by the Centers for Disease Control and other health organizations to understand the scope, transmission, and symptoms of COVID-19. Beyond the current information provided by those organizations, Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies them.

II.    Defendant  denies the allegations in Paragraph II following Paragraph 51 of the Amended Complaint to the extent they pertain to Defendant .

52.    To the extent Paragraph 52 refers to written materials or statements of others, those written materials or statements speak for themselves, and Defendant  denies any allegations in Paragraph 52 that are inconsistent therewith including allegations contained in footnotes. Defendant lacks sufficient information at this time at this time to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, denies them.

53.     To the extent Paragraph 53 refers to written materials or statements of others, those written materials or statements of others speak for themselves, and Defendant denies any allegations in Paragraph 53 that are inconsistent therewith.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, denies them.

54.     To the extent Paragraph 54 refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Defendant denies any allegations in Paragraph 54 that are inconsistent therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, denies them.

55.     To the extent Paragraph 55 refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Defendant denies any allegations in Paragraph 55 that are inconsistent therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, denies them.

56.     To the extent Paragraph 56 refers to written materials or statements of others, those written materials or statements of others speak for themselves, and Defendant denies any allegations in Paragraph 56 that are inconsistent therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, denies them.

57.     To the extent Paragraph 57 refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Defendant denies any allegations in Paragraph 57 that are inconsistent therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, denies them.

58.     To the extent Paragraph 58 refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Defendant denies any allegations in Paragraph 58 that are inconsistent therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, denies them.

59.     To the extent Paragraph 59 refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Defendant denies any allegations in Paragraph 59 that are inconsistent therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, denies them.

60.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint and, therefore, denies them.  To the extent Paragraph 60 refers to written materials or statements of others, those written materials or statements of others speak for themselves, and Defendant denies any allegations in Paragraph 60 that are inconsistent therewith including allegations contained in footnotes. Defendant lacks

sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, denies them.

61.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 61 of the Amended Complaint and, therefore, denies them.  To the extent Paragraph 61 refers to written materials or statements of others, those written materials or statements of others speak for themselves, and Defendant  denies any allegations in Paragraph 61 that are inconsistent therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, denies them.

62.     Defendant lacks sufficient information at this time to determine how many individuals detained at ICE facilities have died in ICE custody because of COVID-19 complications and, therefore, denies this allegation. To the extent Paragraph 62 refers to written materials, those written materials speak for themselves, and Defendant denies any allegations in Paragraph 62 that are inconsistent therewith including allegations contained in footnotes. Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, denies them.

63.     In response to the first sentence in Paragraph 63 of the Amended Complaint, Defendant admits that 341 detainees tested positive for COVID-19 since April 2020.  Defendant denies the remaining allegations in Paragraph 63.

64.     To the extent Paragraph 64 refers to written materials, statements of others, or government directives, those written materials, statements of others, or government directives speak for themselves, and Defendant  denies any allegations in Paragraph 64 that are inconsistent

15

therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials, statements of others, or government directives and, therefore, denies them. To the extent that Paragraph 64 summarizes the conditions of inmates or detainees, Defendant lacks sufficient information at this time to form a belief as to the truth of those generalizations and, therefore, denies them.

65.     Paragraph 65 constitutes argument to which no response is required.  To the extent a response is required, Defendant  denies the allegations in Paragraph 65.

66.     To the extent that Paragraph 66 is directed to other parties or states legal conclusions about causation or duties, no response is required; and to the extent a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore denies them. To the extent that Paragraph 66 refers to prior declarations, those declarations speak for themselves and Defendant denies any allegations inconsistent therewith including allegations contained in footnote 28.

67.     To the extent that Paragraph 67 is directed to other parties or states legal conclusions about agreements or duties, no response is required. To the extent that Paragraph 67 refers to prior declarations, those declarations speak for themselves and Defendant denies any allegations inconsistent with those declarations or that otherwise describe or modify Defendant's contractual or legal duties.

68.     Defendant  admits that on June 2, 2020, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville.  To the extent that the remaining allegations in Paragraph 68 are directed to other parties or state legal conclusions, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to

the truth of the those allegations and, therefore, denies them including allegations contained in footnotes 32-35.

69. To the extent that the remaining allegations in Paragraph 69 are directed to other parties or state legal conclusions, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

70. To the extent that the allegations in Paragraph 70 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

71. To the extent that Paragraph 71 refers to prior declarations, those declarations speak for themselves and Defendant  denies any allegations inconsistent therewith.

72. To the extent Paragraph 72 refers to written materials, those written materials speak for themselves, and Defendant  denies any allegations in Paragraph 72 that are inconsistent therewith including allegations contained in footnotes.  Defendant lacks sufficient information at this time to form a belief as to the truth of any allegations contained in such written materials or statements of others and, therefore, denies them.

73. To the extent that Paragraph 73 refers to prior declarations, those declarations speak for themselves and Defendant  denies any allegations inconsistent therewith.

74. To the extent that the allegations in Paragraph 74 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

75.     The allegations in the first and third sentences of Paragraph 75 of the Amended Complaint constitute argument, legal conclusions, or medical opinions to which no response is required.  To the extent a response is required, Defendant  denies those allegations.  Defendant denies the allegations in the second sentence of Paragraph 75 as stated.   Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 75 and, therefore denies them including allegations contained in footnote 50.  To the extent that Paragraph 75 refers to prior declarations, those declarations speak for themselves and Defendant  denies any allegations inconsistent therewith including allegations contained in footnote 50.

76.     The allegations in Paragraph 76 of the Amended Complaint constitute argument, legal conclusions, or medical opinions to which no response is required.  To the extent a response is required, Defendant  denies the allegations in Paragraph 76.

77.     To the extent that the allegations in Paragraph 77 are directed to other parties and state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

78.     To the extent that the allegations in Paragraph 78 are directed to other parties and state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

79.     To the extent that the allegations in Paragraph 79 are directed to other parties and state legal conclusions or medical opinions, no response is required; and to the extent that a

response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

80.     To the extent that the allegations in Paragraph 80 are directed to other parties and state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

81.     To the extent that the allegations in Paragraph 81 state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant denies those allegations.

82.     To the extent the allegations in Paragraph 82 are directed at Defendant, they are denied. To the extent that the allegations in Paragraph 82 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

83.     To the extent the allegations in Paragraph 83 are directed at Defendant, they are denied. To the extent that the allegations in Paragraph 83 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

84.     To the extent the allegations in Paragraph 84 are directed at Defendant, they are denied. To the extent that the allegations in Paragraph 84 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient

information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

85.     To the extent the allegations in Paragraph 85 are directed at Defendant, they are denied. To the extent that the allegations in Paragraph 85 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

86.     To the extent the allegations in Paragraph 86 are directed at Defendant, they are denied. To the extent that the allegations in Paragraph 86 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

III.     Defendant denies the allegations in Paragraph III following Paragraph 86 of the Amended Complaint to the extent they pertain to Defendant.

A.      In response to Paragraph A preceding Paragraph 87 of the Amended Complaint, Defendant denies that all Plaintiff's contracted COVID-19 while under Defendant's care.

87.     Paragraph 87 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

88.     To the extent that the allegations in Paragraph 88 are directed to other parties and state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

89.     To the extent that the allegations in Paragraph 89 state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant denies those allegations.

90.     To the extent that the allegations in Paragraph 90 are directed to other parties and state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

91.     To the extent that the allegations in Paragraph 91 are directed to other parties and state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

92.     To the extent that the allegations in Paragraph 92 state legal conclusions or medical opinions, no response is required; and to the extent that a response is required, Defendant denies these allegations.

**1. Plaintiff Christian Alberto Santos Garcia**

93.     Paragraph 93 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

94.     Defendant  denies the allegations in Paragraph 94 of the Amended Complaint as stated.

95.     The allegations in Paragraph 95 of the Amended Complaint constitute argument, legal conclusions, or medical opinions to which no response is required.  To the extent a response is required, Defendant  denies the allegations in Paragraph 95 of the Amended Complaint.

96.     Defendant states that Plaintiff Santos Garcia neither reported nor demonstrated to Defendant the symptoms as alleged in Paragraph 96. Defendant also denies that they failed to provide Plaintiff Santos Garcia medical care or COVID-19 testing. Defendant lacks sufficient information at this time to form a belief as the truth of the remaining allegations in Paragraph 96 and, therefore, denies them.

97.     Defendant lacks sufficient information at this time to form a belief as the truth of the first two sentences in Paragraph 97 and, therefore, denies them.

98.     Defendant denies the allegations in Paragraph 98 as phrased. Defendant states that Plaintiff Santos Garcia was screened for symptoms associated with COVID-19. He was ordered Tylenol, Guaifenesin, Pepto Bismol, and a multivitamin. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 98 and, therefore, denies them.

99.     Defendant admits that Plaintiff was ordered Tylenol on June 23, 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations of Paragraph 99 and, therefore, denies those allegations.

100.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, denies them.

101.     Defendant denies the allegations in the first of Paragraph 101. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 101 of the Amended Complaint and, therefore, denies them.

102.     Defendant denies the allegations in Paragraph 102 as phrased. Defendant states that Plaintiff Bolanos Hernandez neither reported nor demonstrated to Defendant the symptoms as alleged in Paragraph 102. Defendant further states that Plaintiff was ordered and offered

Guaifenesin, Pepto, and a Multivitamin in by June 26, 2020. The remaining allegation in Paragraph 102 are denied.

103.    In response to the allegations in the first sentence of Paragraph 103 of the Amended Complaint, Defendant  admits that Plaintiff Santos Garcia was first tested for COVID-19 on July 2, 2020.  Defendant  denies the remaining allegations in the first sentence and third sentences of Paragraph 103.  Defendant  is without sufficient information at this time to form a belief as to the truth of the allegations in the second sentence of Paragraph 103 and, therefore, denies them.

104.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 104 of the Amended Complaint and, therefore, denies them.

105.    Defendant  denies the allegations in Paragraph 105.

106.    Defendant  admits that Plaintiff Santos Garcia was provided his COVID-19 test results on July 9.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 106 of the Amended Complaint and, therefore, denies them.

107.    Defendant denies the allegations in Paragraph 107 as phrased.

108.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 108 of the Amended Complaint and, therefore, denies them.

**2.    Plaintiff Santos Salvador Bolanos Hernandez**

109.    Paragraph 109 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

110.    Defendant states that Plaintiff Bolanos Hernandez neither reported nor demonstrated to Defendant the symptoms as alleged in Paragraph. Defendant lacks sufficient

information at this time to form a belief as to the truth of the remaining allegations in Paragraph 110 of the Amended Complaint and, therefore, denies them.

111.    Defendant  denies the allegations in Paragraph 111 of the Amended Complaint.

112.    Defendant  admits that Plaintiff Bolanos Hernandez was housed in Dorm 1 for at least part of June 2020.  Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations concerning what Plaintiff Bolanos Hernandez may have observed and, therefore, denies such allegations.  Defendant denies the remaining allegations in Paragraph 112.

113.    Defendant  denies the allegations in Paragraph 113 of the Amended Complaint.

114.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 114 of the Amended Complaint and, therefore, denies them.

115.    Defendant  denies the allegations in Paragraph 115 of the Amended Complaint.

116.    Defendant  admits that Plaintiff Bolanos Hernandez was tested for COVID-19 on July 1, 2020 and on July 22, 2020 and received test results indicating that he was negative for COVID-19 on July 31, 2020.  Defendant  denies the remaining allegations in Paragraph 116 to the extent they are inconsistent with the foregoing information.

117.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 117 of the Amended Complaint and, therefore, denies them.

118.    Defendant  denies the allegations in Paragraph 118 of the Amended Complaint.

119.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 119 of the Amended Complaint and, therefore, denies them.

120.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 120 of the Amended Complaint and, therefore, denies them.

121.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 121 of the Amended Complaint and, therefore, denies them.

**3.     Plaintiff Gerson Amilcar Perez Garcia**

122.     Paragraph 122 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

123.     Defendant lacks sufficient information at this time to determine if Plaintiff experienced  a headache on June 18, 2020 and, therefore, denies that allegation. Defendant denies the remaining allegations in Paragraph 123.

124.     Defendant states that Plaintiff Perez Garcia neither reported nor demonstrated to Defendant the symptoms as alleged in Paragraph 124. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 124 of the Amended Complaint and, therefore, denies them.

125.     Defendant  denies the allegations in the first sentence of Paragraph 125. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 125 of the Amended Complaint and, therefore, denies them.

126.     Defendant states that Plaintiff Perez Garcia neither reported nor demonstrated to Defendant the symptoms as alleged in Paragraph 126. Defendant  admits that Plaintiff had reported  a cough and weakness on or around June 26, 2020.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 126 of the Amended Complaint and, therefore, denies them.

127.     Defendant denies the allegations in Paragraph 127 as stated. Defendant states that Plaintiff received a COVID-19 test on June 26, 2020.

128.     Defendant  denies the allegations in the first three sentences of Paragraph 128 of the Amended Complaint as stated.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 128 of the Amended Complaint and, therefore, denies them.

129.     Defendant  admits that Plaintiff Perez Garcia was tested for COVID-19 on June 26, 2020.  Defendant states that Plaintiff Perez Garcia neither reported nor demonstrated to Defendant COVID-19 symptoms approximately eight days before June 26, 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 129 and, therefore, denies them.

130.     To the extent that the first sentence in Paragraph 130 states  argument or medical opinions, no response is required; to the extent a response is required, Defendant  denies such allegations.  Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 130 of the Amended Complaint and, therefore, denies them.

131.     Defendant admits that Perez Garcia was ordered Tylenol, Albuterol, and Guaifenesin as needed during July 25 through July 30, 2020.   Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 131 of the Amended Complaint and, therefore, denies them.

132.     Defendant  denies the allegations in Paragraph 132 as phrased. Defendant states that, in addition to the medications listed in response to Paragraph 132, Perez Garcia was ordered Gatorade as needed and a multivitamin, during July 25 through July 30, 2020.

133.     Defendant  denies the allegations in Paragraph 133 of the Amended Complaint as stated.  In further response to Paragraph 133 of the Amended Complaint, Defendant states that

Plaintiff Perez Garcia learned of his positive COVID-19 results on or around June 30, 2020. Additionally, Defendant is unaware of any requests, written or otherwise, by Plaintiff Perez Garcia to be taken to the hospital and, therefore, denies that such a request was refused. To the extent that the allegations in Paragraph 133 allege that Plaintiff Perez Garcia was denied necessary hospitalization, those allegations call for a legal conclusion or medical opinion to which no response is required; and, to the extent a response is required, those allegations are denied.

134.    Defendant  denies the allegations in Paragraph 134 of the Amended Complaint.

135.    Defendant  denies the allegations in Paragraph 135 of the Amended Complaint.

136.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of Paragraph 136 of the Amended Complaint and, therefore, denies them.  Defendant  denies the allegations in the fifth sentence of Paragraph 136 of the Amended Complaint as stated and denies that he was ever refused appropriate medical treatment.

137.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 137 of the Amended Complaint and, therefore, denies them.

138.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 138 of the Amended Complaint and, therefore, denies them.

139.    Defendant admits that Plaintiff Perez Garcia complained of stomach pain and food around June 28, 2020. Defendant denies the remaining allegations in Paragraph 139 of the Amended Complaint as stated.

140.    Defendant states that Plaintiff demonstrated COVID-19 symptoms to varying degrees for about two weeks after July 22, 2020. Defendant denies the remaining allegations in Paragraph 140 of the Amended Complaint as stated.

141.    In response to the first sentence of Paragraph 141 of the Amended Complaint, Defendant admits that Plaintiff Perez Garcia was released from Medical and returned to Dorm 5 on July 9, 2020.  Defendant denies the allegations in the second sentence of Paragraph 141 as stated.

142.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 142 of the Amended Complaint and, therefore, denies them.

143.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 143 of the Amended Complaint and, therefore, denies them. Defendant denies that it caused Plaintiff's alleged injuries through inadequate medical care.

**4.    Plaintiff Ismael Castillo Gutierrez**

144.    Paragraph 144 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

145.    In response to the allegations in the first sentence of Paragraph 145 of the Amended Complaint, Defendant admits that Plaintiff Castillo Gutierrez was housed in Dorm 7 until his release from the facility on August 25, 2020.  Defendant denies the remaining allegations in Paragraph 145 as stated.

146.    Defendant states that Plaintiff Perez Garcia neither reported nor demonstrated to Defendant the symptoms as alleged in Paragraph 146. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 146 of the Amended Complaint and, therefore, denies them.

147.    Defendant lacks sufficient information at this time to form a belief as the truth of the allegations in Paragraph 147 and, therefore, denies them.

148.    Defendant lacks sufficient information at this time to form a belief as the truth of the allegations in Paragraph 148 and, therefore, denies them.

149.    Defendant lacks sufficient information at this time to form a belief as the truth of the allegations in Paragraph 149 and, therefore, denies them.

150.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 150 of the Amended Complaint and, therefore, denies them.

151.    Defendant lacks sufficient information at this time to form a belief as the truth of the allegations in Paragraph 151 and, therefore, denies them..

152.    Defendant lacks sufficient information at this time to form a belief as the truth of the allegations in Paragraph 152 and, therefore, denies them..

153.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 153 of the Amended Complaint and, therefore, denies them.

154.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 154 of the Amended Complaint and, therefore, denies them.

155.    Defendant  deny  the allegations in the first  and second sentences of Paragraph 155 as stated. Defendant states that Plaintiff had was tested for COVID-19 on July 2, 2020.

156.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 156 of the Amended Complaint and, therefore, denies them.

157.    Defendant  denies the allegations in Paragraph 157 of the Amended Complaint as stated.

158.    Defendant states that Plaintiff Castillo Gutierrez neither reported nor demonstrated to Defendant the symptoms as alleged in first and third sentences Paragraph 158. Otherwise, Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 158 of the Amended Complaint and, therefore, denies them.

159.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 159 of the Amended Complaint and, therefore, denies them.

160.    The allegation in the first sentence of Paragraph 160 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant denies the allegations in the second sentence of Paragraph 160 as stated. Defendant states that Plaintiff Castillo Gutierrez complained of diarrhea, nausea, and headaches on August 6, 2020.

161.    Defendant states that Plaintiff Castillo Gutierrez neither reported nor demonstrated to Defendant the symptoms as alleged in Paragraph 161. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 161 of the Amended Complaint and, therefore, denies them.

162.    Defendant  denies the allegations in Paragraph 162 of the Amended Complaint as stated. Defendant states that Plaintiff Castillo Gutierrez complained of having decreased appetite on August 6, 2020.

163.    Defendant  denies the allegations in Paragraph 163 of the Amended Complaint as stated. Defendant states that, in response to his complaints, Plaintiff Castillo Gutierrez was ordered Pepto Bismol and Tylenol as needed for five days, beginning on August 7, 2020.

164.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 164 of the Amended Complaint and, therefore, denies them.

165.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 165 of the Amended Complaint and, therefore, denies them. Defendant denies that it caused Mr. Hill's death through inadequate medical care.

166.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 166 of the Amended Complaint and, therefore, denies them.

167.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 167 of the Amended Complaint and, therefore, denies them.

### 5.     Plaintiff Didier Mbalivoto

168.     The first sentence in Paragraph 168 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 168 of the Amended Complaint and, therefore, denies them.

169.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 169 of the Amended Complaint and, therefore, denies them.

170.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 170 of the Amended Complaint and, therefore, denies them.

171.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 171 of the Amended Complaint and, therefore, denies them.

172.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 172 of the Amended Complaint and, therefore, denies them.

173.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 173 of the Amended Complaint and, therefore, denies them.

174.    Defendant  denies the allegations in Paragraph 174 of the Amended Complaint as stated. Defendant states that Plaintiff Mbalivoto was tested for COVID-19 on July 3, 2020. However, the lab required another specimen, which was gathered on July 14, 2020. That second test came back positive. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 174 of the Amended Complaint and, therefore, denies them.

175.    Defendant  denies the allegations in Paragraph 175 of the Amended Complaint as stated. Defendant states that on July 16, 2020 Plaintiff Mbalivoto complained of a sore throat and body aches. Plaintiff Mbalivoto was also informed of his COVID-19 positive test results that day. Plaintiff Mbalivoto was also informed of how to report his symptoms to medical and educated on the importance of dehydration. - A doctor also auscultated Plaintiff Mbalivoto's lungs that day. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 175 of the Amended Complaint and, therefore, denies them.

176.    Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 176 of the Amended Complaint and, therefore, denies them.

177.    Defendant  denies the allegations in Paragraph 177 of the Amended Complaint as stated. Defendant states that Plaintiff Mbalivoto filled out a sick call request complaining of a headache and nasal congestion. Defendant states that Plaintiff Mbalivoto received vital checks and a medication order between July 21-24, 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 177 of the Amended Complaint and, therefore, denies them.

178.   Defendant  denies the allegations in Paragraph 178 of the Amended Complaint as stated. Defendant states that Plaintiff Mbalivoto was transferred to the medical housing unit for care relating to his mental health. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 178 of the Amended Complaint and, therefore, denies them.

179.   Defendant  denies the allegations in first sentence of Paragraph 179  of the Amended Complaint as stated. Defendant states that, during his detention, Plaintiff Mbalivoto experienced the conditions listed in the first sentence of Paragraph 179. The allegation in second sentence in Paragraph 179 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

180.   Defendant admits the allegation in the first sentence Paragraph 180 of the Amended Complaint. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 180 of the Amended Complaint and, therefore, denies them.

181.   Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 181 of the Amended Complaint and, therefore, denies them.

**6.    Plaintiff Frank Odin Souza Bauer**

182.   Paragraph 182 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

183.   Defendant  denies the allegations in Paragraph 183 of the Amended Complaint as stated. Defendant states that Plaintiff Souza Bauer tested positive for COVID-19 on or around July 22, 2020.

184.    Defendant states that Plaintiff Souza Bauer neither reported nor demonstrated to Defendant the symptoms as alleged in Paragraph 184. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 184 of the Amended Complaint and, therefore, denies them.

185.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 185 of the Amended Complaint and, therefore, denies them.

186.    Defendant  denies the allegations in Paragraph 186 of the Amended Complaint as stated. Defendant states that Plaintiff Souza Bauer was ordered Tylenol and Guaifenesin. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 186 of the Amended Complaint and, therefore, denies them.

187.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in first sentence of Paragraph 187 of the Amended Complaint and, therefore, denies them. Defendant denies the allegations in the second sentence Paragraph 187 of the Amended Complaint as stated. Defendant states that Plaintiff filed sick call requests in August, in which he complained of ear pain generally. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 187 of the Amended Complaint and, therefore, denies them.

188.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 188 of the Amended Complaint and, therefore, denies them

189.    Paragraph 189 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

190.    Paragraph 190 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

191.     The first sentence in Paragraph 191 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the second sentence of Paragraph 191 of the Amended Complaint and, therefore, denies them.

192.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 192 of the Amended Complaint and, therefore, denies them.

### 7.  Plaintiff Marco Antonio Miranda Sanchez

193.     Paragraph 193 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

194.     The first sentence in Paragraph 194 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant denies the allegations in the second, third, and fourth sentences of Paragraph 194 as stated. Defendant states that on or around July 25, 2020, Plaintiff Miranda Sanchez reported a headache, a sore throat, and a cough.  Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 194 of the Amended Complaint and, therefore, denies them.

195.     Defendant denies the allegations in  the first sentence of Paragraph 195 as stated. Defendant states that in June and July of 2020 Plaintiff Miranda Sanchez was provided Tylenol, Guaifenesin, Pepto Bismol, Hydroxyzine, Nasacort spray, Celexa, and Naproxen. Defend admits the allegations in the second sentence of Paragraph 195.

196.     The first sentence in Paragraph 196 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this

allegation. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 196 of the Amended Complaint and, therefore, denies them.

197.    Defendant denies the allegations in the first sentence of Paragraph 197. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 197 of the Amended Complaint and, therefore, denies them.

198.    The first sentence in Paragraph 198 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant admits that it has not tested Plaintiff Miranda Sanchez for COVID-19 since July 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 198 of the Amended Complaint and, therefore, denies them.

199.    The first sentence in Paragraph 199 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant denies that Plaintiff was not provided anxiety medication from October 11 to October 15, 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 199 of the Amended Complaint and, therefore, denies them.

200.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the first two sentences of Paragraph 200 of the Amended Complaint and, therefore, denies them. The third sentence in Paragraph 200 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

201.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 201 of the Amended Complaint and, therefore, denies them.

**8.    Plaintiff Melvin Ivan Velasquez Orellana**

202.    Paragraph 202 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

203.    The first sentence in Paragraph 203 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 203 of the Amended Complaint and, therefore, denies them.

204.    Upon information and belief, Defendant denies that the allegations in the first and second sentences of Paragraph 204 of the Amended Compliant. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 204 of the Amended Complaint and, therefore, denies them.

205.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 205 of the Amended Complaint and, therefore, denies them.

206.    Defendant  denies the allegations in Paragraph 206 of the Amended Complaint as stated.  Defendant states that Plaintiff Velasquez Orellana was tested for COVID-19 on June 23, 2020, and the results came back on July 1, 2020.

207.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 207 of the Amended Complaint and, therefore, denies them.

208.    Defendant denies the allegations in the first sentence of Paragraph 208 of the Amended Complaint as stated.   Plaintiff Velasquez Orellana received Tylenol, Guaifenesin,

Chlorpheniramine, Gas-X, Pepto Bismol, Gatorade, and a Multivitamin. Defendant denies all remaining allegations in Paragraph 208 of the Amended Complaint.

209.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 209 of the Amended Complaint and, therefore, denies them.

210.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 210 of the Amended Complaint and, therefore, denies them.

### 9.     Plaintiff Olaitan Michael Olaniyi

211.     Paragraph 211 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

212.     Defendant denies the allegations in the first sentence of Paragraph 212 as stated. Defendant states that Plaintiff Olaniyi was tested for COVID-19 on June 24, 2020; the results came back positive on July 3, 2020. He was tested again on July 24, 2020; the results came back positive on August 5, 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 212 of the Amended Complaint and, therefore, denies them.

213.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 213 of the Amended Complaint and, therefore, denies them. Defendant denies the allegations in the third sentence of Paragraph 213.

214.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the first sentence of Paragraph 214 of the Amended Complaint and, therefore, denies them. Defendant denies the allegations in the second sentence of Paragraph 214.

215.     The first, second, and fifth sentences in Paragraph 215 state a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies these allegations. Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the third and fourth sentences in Paragraph 215 of the Amended Complaint and, therefore, denies them.

216.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 216 of the Amended Complaint and, therefore, denies them.

**10.     Plaintiff Shawn Houslin**

217.     The first sentence in Paragraph 217 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant denies the allegations in the second, third, and fourth sentences of Paragraph 217 as stated. Defendant states that, in various Sick Call Requests in March 2020, Plaintiff Houslin complained in his own words about issues concerning eating, drinking, coughing up blood, cold/hot sweats, and chest pain, nasal congestion, and headaches. Defendant states that Plaintiff Houslin was tested for COVID-19 on July 2, 2020.

218.     The first sentence in Paragraph 218 states a legal conclusion or medical opinion to which no response is required. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 218 of the Amended Complaint and, therefore, denies them.

219.     The first sentence in Paragraph 219 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks sufficient information at this time to form a belief as to the truth of

the remaining allegations in Paragraph 219 of the Amended Complaint and, therefore, denies them.

220.     Defendant denies the allegations in Paragraph 220 as stated. Defendant states that Plaintiff Houslin was tested for COVID-19 on July 2, 2020 and the results came back positive on July 6, 2020.

221.     The first sentence in Paragraph 221 states a legal conclusion or medical opinion to which no response is required. Defendant denies the allegations in the second sentence of Paragraph 221. Defendant denies the allegations in the third sentence of Paragraph 221 as stated. Defendant states that Plaintiff Houslin has requested an MRI, but has not received one.

222.     Defendant denies the allegations in Paragraph 222.

223.     The first and second sentences in Paragraph 223 state legal conclusions or medical opinions to which no response is required. To the extent a response is required, Defendant denies these allegations.

224.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 224 of the Amended Complaint and, therefore, denies them. The third, fourth, and fifth sentences in Paragraph 224 state legal conclusions or medical opinions to which no response is required. To the extent a response is required, Defendant denies these allegations.

225.     The first sentence in Paragraph 225 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies these allegations. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 225 of the Amended Complaint and, therefore, denies them.

226.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the first two sentences of Paragraph 226 of the Amended Complaint and, therefore, denies them. Defendant  denies the remaining allegations in Paragraph 226 of the Amended Complaint as stated. Defendant states that Dr. Moore evaluated Plaintiff Houslin on October 5, 2020, noting that he appeared well hydrated.

227.     Defendant denies the allegations in Paragraph 227.

228.     The first sentence in Paragraph 228 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies these allegations. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 228 of the Amended Complaint and, therefore, denies them.

229.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 229 of the Amended Complaint and, therefore, denies them.

**11.     Plaintiff Jerbin Ivan Garcia Garcia**

230.     Paragraph 230 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

231.     Defendant denies the allegations in the first sentence of Paragraph 231. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 231 of the Amended Complaint and, therefore, denies them.

232.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 232 of the Amended Complaint and, therefore, denies them.

233.     The first sentence in Paragraph 233 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this

allegation. Upon information and belief, the remaining allegations in Paragraph 233 are inaccurate and, therefore, are denied.

234.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 234 of the Amended Complaint and, therefore, denies them.

235.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the first four sentences of Paragraph 235 of the Amended Complaint and, therefore, denies them. Defendant denies the allegations in the last sentence of Paragraph 235.

236.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 236 of the Amended Complaint and, therefore, denies them.

237.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 237 of the Amended Complaint and, therefore, denies them.

238.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in the first, second, third, and sixth sentences of Paragraph 238 of the Amended Complaint and, therefore, denies them. Defendant admits the allegations in the fourth, fifth, and seventh sentences of Paragraph 238.

239.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 239 of the Amended Complaint and, therefore, denies them.

240.    The first sentence in Paragraph 240 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 240 of the Amended Complaint and, therefore, denies them.

241.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 241 of the Amended Complaint and, therefore, denies them.

242.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 242 of the Amended Complaint and, therefore, denies them.

### 12.     Plaintiff Jorge Alexander Rivera Rodriguez

243.     Paragraph 243 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

244.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 244 of the Amended Complaint and, therefore, denies them.

245.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 245 of the Amended Complaint and, therefore, denies them.

246.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 246 of the Amended Complaint and, therefore, denies them.

247.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 247 of the Amended Complaint and, therefore, denies them.

248.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 248 of the Amended Complaint and, therefore, denies them.

249.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 249 of the Amended Complaint and, therefore, denies them.

250.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 250 of the Amended Complaint and, therefore, denies them.

251.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 251 of the Amended Complaint and, therefore, denies them.

252.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 252 of the Amended Complaint and, therefore, denies them.

253.     Defendant denies the allegations in Paragraph 253 of the Amended Complaint. Defendant states that Plaintiff Rivera Rodriguez has given inconsistent statements to medical personnel about his history of asthma.

254.      Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 254 of the Amended Complaint and, therefore, denies them.

255.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 255 of the Amended Complaint and, therefore, denies them.

256.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 256 of the Amended Complaint and, therefore, denies them.

257.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 257 of the Amended Complaint and, therefore, denies them.

258.     Defendant states that Plaintiff Rivera Rodriguez neither reported nor demonstrated to Defendant the symptoms as alleged in the first sentence of Paragraph 258. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 258 of the Amended Complaint and, therefore, denies them.

259.     Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 259 of the Amended Complaint and, therefore, denies them.

260.     Upon information and belief, Defendant denies the allegations in the first and second sentences of Paragraph 260 of the Amended Complaint. Defendant denies the allegations in the third sentence of Paragraph 260 as stated. Defendant states that, upon information and

44

belief, Plaintiff Rivera Rodriguez had his vitals checked and was administered Tylenol on July 6, 2020.

261.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 261 of the Amended Complaint and, therefore, denies them.

262.    Defendant denies the allegations in Paragraph 262.

263.    Paragraph 263 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

264.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 264 of the Amended Complaint and, therefore, denies them.

265.    Defendant denies the allegations in Paragraph 265 of the Amended Complaint as stated. Defendant states that Plaintiff Rivera Rodriguez was tested for COVID-19 on July 25, 2020; the test results came back inconclusive on August 8, 2020.

266.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 266 of the Amended Complaint and, therefore, denies them.

267.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 267 of the Amended Complaint and, therefore, denies them.

268.    Defendant denies the allegations in Paragraph 268 of the Amended Complaint.

269.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 269 of the Amended Complaint and, therefore, denies them.

270.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 270 of the Amended Complaint and, therefore, denies them.

271.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 271 of the Amended Complaint and, therefore, denies them.

### 13. Plaintiff Jose Linares Hernandez

272.    Paragraph 272 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

273.    Defendant denies the allegations in the first sentence of Paragraph 273 of the Amended Complaint as stated. Defendant states that Plaintiff Linares Hernandez's medical records show that he had Type 2 diabetes in 2020 and that he had some symptoms of a liver condition. The remaining allegations in Paragraph 273 state legal conclusions or medical opinions to which no response is required. To the extent a response is required, Defendant denies these allegations.

274.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 274 of the Amended Complaint and, therefore, denies them.

275.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 275 of the Amended Complaint and, therefore, denies them.

276.    Defendant denies the allegations in Paragraph 276 as stated. Defendant states that Plaintiff Linares Hernandez had symptoms, like a fever, in May of 2020.  Defendant also states that Plaintiff received a COVID-19 test on May 13, 2020, after which Plaintiff began to experience a nosebleed. On May 14, 2020 Plaintiff was transported to the ER to address his nosebleed.

277.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in first sentence of Paragraph 277 of the Amended Complaint and, therefore, denies them. Defendant states that Plaintiff Linares Hernandez neither reported nor demonstrated to Defendant the symptoms as alleged in second sentence of Paragraph 277. Defendant admits that at different points in 2020 Plaintiff Linares Hernandez had a fever but lacks sufficient

information at this time to form a belief as to the truth of the allegations as stated in the third sentence of Paragraph 277 and, therefore, denies them.

278.    Defendant admits that at different points in 2020 detainees complained of fevers, headaches, body aches, and nausea, but lacks sufficient information at this time to form a belief as to the truth of the allegations as stated in the first sentence of Paragraph 278 of the Amended Complaint and, therefore, denies them. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 278 of the Amended Complaint and, therefore, denies them.

279.    Defendant denies the allegations in the first sentence of Paragraph 279 of the Amended Complaint as stated. Defendant admits that during June and July of 2020, nurses would pass out medications, including Tylenol, to detainees. The second sentence in Paragraph 279 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in third sentence of Paragraph 279 of the Amended Complaint and, therefore, denies them. Defendant denies the allegation in the fourth sentence of Paragraph 279.

280.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 280 of the Amended Complaint and, therefore, denies them.

281.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 281 of the Amended Complaint and, therefore, denies them.

282.    Defendant denies the allegations in the first sentence of Paragraph 282 of the Amended Complaint as stated. Defendant states that Plaintiff Linares Hernandez was tested for COVID-19 on May 13, 2020; no virus was detected. He was tested for COVID-19 again on July

2, 2020; no virus was detected. He was tested for COVID-19 a third time on July 28, 2020; the results came back positive.

283.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 283 of the Amended Complaint and, therefore, denies them.

284.    Defendant denies the allegations in Paragraph 284.

285.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 285 of the Amended Complaint and, therefore, denies them.

286.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations and hypothetical scenarios of Paragraph 286 of the Amended Complaint and, therefore, denies them.

287.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 287 of the Amended Complaint and, therefore, denies them.

**14.    Plaintiff Vano Bazerashvili**

288.    Paragraph 288 states a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies this allegation.

289.    Defendant denies the allegations in Paragraph 289 as stated. Defendant states that Plaintiff Bazerashvili has a history of hypertension and complained of chest pain while detained in 2020. Plaintiff Bazerashvili was also diagnosed with Hepatitis-C on September 3, 2020 and Hepatitis-A on October 1, 2020.

290.    Defendant admits that Plaintiff Bazerashvili was housed in Dorm 7 during the months of June, July, and August of 2020. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 290 of the Amended Complaint and, therefore, denies them.

291.    Defendant states that Plaintiff Bazerashvili neither reported nor demonstrated to Defendant the symptoms as alleged in the second sentence of Paragraph 291. Defendant lacks sufficient information at this time to form a belief as to the truth of the remaining allegations in Paragraph 291 of the Amended Complaint and, therefore, denies them.

292.    Defendant denies the allegations in first sentence of Paragraph 292 as stated. Defendant states that Plaintiff Bazerashvili was first tested for COVID-19 on July 2, 2020, prior to his complaints of COVID-19 symptoms. Defendant denies the allegations in second and third sentences of Paragraph 292.

293.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 293 of the Amended Complaint and, therefore, denies them.

294.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 294 of the Amended Complaint and, therefore, denies them.

295.    Defendant denies the allegations in Paragraph 295 as stated. Defendant states that, while Plaintiff Bazerashvili was in Dorm 7, he was not administered Tylenol and his blood pressure was not checked until July 3, 2020 and July 7, 2020, respectively.

296.    Defendant denies the allegations in Paragraph 296 as stated. Defendant states that Plaintiff Bazerashvili was tested for COVID-19 on July 2, 2020 and again on July 25, 2020; both tests came back positive.

297.    Defendant denies the allegations in Paragraph 295 as stated. Defendant states that Plaintiff Bazerashvili was moved to the Medical Housing Unit from July 7 through July 21, 2020 to be observed and treated for his chronic medical issues.

298.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 298 of the Amended Complaint and, therefore, denies them.

299.    Defendant admits that 341 detainees and 26 employees have tested positive for COVID-19 as of August 9, 2020. To the extent Paragraph 299 refers to written materials, those written materials speak for themselves and Defendant denies any allegations in Paragraph 299 that are inconsistent therewith, including allegations contained in footnotes. Defendant denies the remaining allegations in Paragraph 299 of the Amended Complaint.

B.    The allegations in the heading identified by the letter B following Paragraph 299 of the Amended Complaint call for a legal conclusion and medical opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph of the Amended Complaint.

300.    The allegations in Paragraph 300 of the Amended Complaint call for a legal conclusion and medical opinion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 300 of the Amended Complaint.

301.    Paragraph 301 of the Amended Complaint refers to written materials or statements of others, which speak for themselves and Defendant denies any allegations in Paragraph 301 that are inconsistent therewith, including allegations contained in footnotes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in such written materials or statements of others and, therefore, denies them, including allegations contained in footnotes. Further, insofar as the allegations in this paragraph call for a medical opinion, no response is required. To the extent a response is required, Defendant denies those allegations calling for a medical opinion.

302.    To the extent Paragraph 302 of the Amended Complaint refers to written materials or statements of others, those written materials and statements speak for themselves and Defendant denies any allegations in Paragraph 302 that are inconsistent therewith, including

allegations contained in footnotes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in such written materials, statements of others, or the remaining allegations in Paragraph 302 and, therefore, denies them, including allegations contained in footnotes. Further, insofar as the allegations in this paragraph call for a medical opinion, no response is required. To the extent a response is required, Defendant denies those allegations calling for a medical opinion.

303.    To the extent Paragraph 303 of the Amended Complaint refers to written materials or statements of others, those written materials and statements speak for themselves and Defendant denies any allegations in Paragraph 303 that are inconsistent therewith, including allegations contained in footnotes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or the remaining allegations in Paragraph 303 and, therefore, denies them, including allegations contained in footnotes.  Further, insofar as the allegations in this paragraph call for a medical opinion, no response is required. To the extent a response is required, Defendant denies those allegations calling for a medical opinion.

304.    To the extent Paragraph 304 of the Amended Complaint refers to written materials or statements of others, those written materials and statements speak for themselves and Defendant denies any allegations in Paragraph 304 that are inconsistent therewith, including allegations contained in footnotes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, or the remaining allegations in Paragraph 304 and, therefore, denies them, including allegations contained in footnotes. Further, insofar as the allegations in this paragraph call for a medical opinion, no response is required. To the extent a response is required, Defendant denies

those allegations calling for a medical opinion. Further, insofar as the allegations in this paragraph call for a medical opinion, no response is required. To the extent a response is required, Defendant denies those allegations calling for a medical opinion.

305.    To the extent Paragraph 305 of the Amended Complaint refers to written materials, statements of others, or government directives, those written materials, statements, and directives speak for themselves and Defendant denies any allegations in Paragraph 305 that are inconsistent therewith, including allegations contained in footnotes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, government directives, or the remaining allegations in Paragraph 305 and, therefore, denies them, including allegations contained in footnotes. Further, insofar as the allegations in this paragraph call for a medical opinion, no response is required. To the extent a response is required, Defendant denies those allegations calling for a medical opinion.

306.    To the extent Paragraph 306 of the Amended Complaint refers to written materials, statements of others, or government directives, those written materials, statements, and directives speak for themselves and Defendant denies any allegations in Paragraph 306 that are inconsistent therewith, including allegations contained in footnotes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials, statements of others, government directives, or the remaining allegations in Paragraph 306 and, therefore, denies them, including allegations contained in footnotes. Further, insofar as the allegations in this paragraph call for a medical opinion, no response is required. To the extent a response is required, Defendant denies those allegations calling for a medical opinion.

307.    To the extent Paragraph 307 of the Amended Complaint refers to written materials or statements of others, those written materials and statements speak for themselves and Defendant denies any allegations in Paragraph 307 that are inconsistent therewith, including allegations contained in footnotes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 of the Amended Complaint and, therefore, denies them, including any allegations contained in footnotes. Further, insofar as the allegations in this paragraph call for a medical opinion, no response is required. To the extent a response is required, Defendant denies those allegations calling for a medical opinion.

C.    The allegations in the heading identified by the letter C following Paragraph 307 of the Amended Complaint call for a legal conclusion and medical opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph of the Amended Complaint

308.    Defendant denies the allegations in Paragraph 308 of the Amended Complaint.

309.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 309 of the Amended Complaint and, therefore, denies them.

310.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 310 of the Amended Complaint and, therefore, denies them.

311.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 311 of the Amended Complaint and, therefore, denies them.

312.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 312 of the Amended Complaint and, therefore, denies them.

313.    Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 313 of the Amended Complaint and, therefore, denies them.

314. Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 314 of the Amended Complaint and, therefore, denies them.

315. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in first and third sentences in Paragraph 315 of the Amended Complaint and, therefore, denies them. The second and third sentences of Paragraph 315 call for a legal conclusion and medical opinion to which no response is required. To the extent a response is required, Defendant denies these allegations.

316. Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 316 of the Amended Complaint and, therefore, denies them.

317. The allegations in Paragraph 317 of the Amended Complaint call for legal conclusions and medical opinions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph of the Amended Complaint.

IV. The allegations in the heading IV following Paragraph 317 of the Amended Complaint call for a legal conclusion and medical opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph of the Amended Complaint.

318. The allegations in Paragraph 318 of the Amended Complaint call for legal conclusions and medical opinions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph of the Amended Complaint.

319. Defendant admits the allegations in Paragraph 319 of the Amended Complaint. To the extent Paragraph 319 refers to written materials, those written materials speak for themselves and Defendant denies any allegations in Paragraph 319 that are inconsistent therewith.

54

320.    The allegations in Paragraph 320 of the Amended Complaint, including all subparts, refer to written materials which speak for themselves and Defendant denies any allegations in Paragraph 320 that are inconsistent therewith.

321.    To the extent that the allegations in Paragraph 321 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

322.    The allegations in Paragraph 322 of the Amended Complaint refer to written materials which speak for themselves and Defendant denies any allegations in Paragraph 322 that are inconsistent therewith. To the extent the allegations in Paragraph 322 constitute argument, no response is required. To the extent a response is required, Defendant denies those allegations.

323.    In response to Paragraph 323 of the Amended Complaint, Defendant admits that Dr. Homer D. Venters, on behalf of the Plaintiffs at that time, conducted inspection of the ICA Farmville facility on August 20, 2020.  Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations in Paragraph 323 of the Amended Complaint and, therefore, denies them.

324.    The allegations in Paragraph 324 of the Amended Complaint refer to written materials which speak for themselves and Defendant denies any allegations in Paragraph 324 that are inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, denies them.

325.    The allegations in Paragraph 325 of the Amended Complaint, including all subparts, refer to written materials which speak for themselves and Defendant denies any allegations in Paragraph 325 that are inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, denies them. To the extent the allegations in Paragraph 325, including any subparts, constitute argument or call for medical opinions, no response is required.  To the extent a response is required, Defendant denies those allegations.

326.    The allegations in Paragraph 326 of the Amended Complaint refer to written materials which speak for themselves and Defendant denies any allegations in Paragraph 326 that are inconsistent therewith, including any allegations contained in footnotes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, denies them, including allegations contained in footnotes.

V.      The heading identified by the Roman numeral V following Paragraph 326 of the Amended Complaint contains allegations not directed to Defendant and, therefore, Defendant is not required to respond. To the extent a response is required of Defendant, it lacks knowledge or information sufficient to form a belief as the truth of the allegations therein and, therefore, denies them.

327.    The allegations in Paragraph 327 of the Amended Complaint refer to a court order that speaks for itself and Defendant denies any allegations in Paragraph 327 that are inconsistent therewith.

328.     The allegations in Paragraph 328 of the Amended Complaint refer to a court filing which speaks for itself and Defendant denies any allegations in Paragraph 328 that are inconsistent therewith.

329.     The allegations in Paragraph 329 of the Amended Complaint constitute argument and call for a legal conclusion or medical opinion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

330.     To the extent that the allegations in Paragraph 330 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

331.     The allegations in Paragraph 331 of the Amended Complaint constitute argument and call for a legal conclusion or medical opinion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

332.     To the extent that the allegations in Paragraph 332 are directed to other parties, no response is required; and to the extent that a response is required, Defendant lacks sufficient information at this time to form a belief as to the truth of those allegations and, therefore, denies them.

333.     The allegations in Paragraph 333 of the Amended Complaint refer to a court filings which speaks for itself and Defendant denies any allegations that are inconsistent therewith.  The remaining allegations in Paragraph 333 constitute argument to which no response is required.  To the extent a response is required, Defendant denies those allegations.

334.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 of the Amended Complaint and, therefore, denies them.

To the extent the allegations in Paragraph 334 refer to written materials or government directives, which speak for themselves, Defendant denies any allegations that are inconsistent therewith, including any allegations in footnotes.

335.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335 of the Amended Complaint and, therefore, denies them. To the extent the allegations in Paragraph 335 refers to written materials or government directives, which speak for themselves, Defendant denies any allegations that are inconsistent therewith, including any allegations in footnotes.

336.    The allegations in Paragraph 336 of the Amended Complaint constitute argument or call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations. To the extent the allegations in Paragraph 336 refer to written materials, which speak for themselves, Defendant denies any allegations that are inconsistent therewith, including any allegations in footnotes.

337.    To the extent the allegations in Paragraph 337 of the Amended Complaint constitute argument or call for a legal conclusion or medical opinion, no response is required.  To the extent a response is required, Defendant denies those allegations. To the extent the allegations in Paragraph 337 refer to written materials, which speak for themselves, Defendant denies any allegations that are inconsistent therewith, including any allegations in footnotes.

338.    The allegations in Paragraph 338 of the Amended Complaint constitute argument or call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

VI.    To the extent the allegations in the heading identified by the Roman numeral VI following Paragraph 338 of the Amended Complaint of the Amended Complaint constitute

argument, call for a legal conclusion or medical opinion, or are directed at other parties, no response is required. To the extent a response is required, Defendant denies these allegations.

339.   The allegations in Paragraph 339 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 339 that are inconsistent therewith.

340.   The allegations Paragraph 340 of the Amended Complaint refers to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 340 that are inconsistent therewith.

341.   The allegations in Paragraph 341 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations. To the extent the allegations in Paragraph 341 refer to written materials, those written materials speak for themselves and Defendant denies any allegations in Paragraph 341 that are inconsistent therewith.

342.   The allegations in the first sentence of Paragraph 342 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in the first sentence of Paragraph 342 that are inconsistent therewith. The second sentence of Paragraph 342 is directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

**PBNDS: Medical Care Standards**

343.   The allegations in Paragraph 343 of the Amended Complaint call for a legal conclusion or medical opinions to which no response is required. To the extent the allegations in Paragraph 343 refer to written materials, those written materials speak for themselves and Defendant denies any allegations in Paragraph 343 that are inconsistent therewith.

344.    The allegations in Paragraph 344 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 344 that are inconsistent therewith.

345.    The allegations in Paragraph 345 of the Amended Complaint are directed to a different defendant, so no response is required from Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 345 of the Amended Complaint.

346.    The allegations in Paragraph 346 of the Amended Complaint call for a legal conclusion or medical opinions to which no response is required. To the extent a response is required, Defendant denies those allegations.

347.    The allegations in Paragraph 347 of the Amended Complaint call for a legal conclusion or medical opinions to which no response is required. To the extent a response is required, Defendant denies those allegations.

348.    The allegations in Paragraph 348 of the Amended Complaint call for a legal conclusion or medical opinions to which no response is required. To the extent a response is required, Defendant denies those allegations.

349.    The allegations in Paragraph 349 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 349 that are inconsistent therewith.

350.    The allegations in Paragraph 350 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 350 that are inconsistent therewith.

351.     Defendant denies the allegations in Paragraph 352 of the Amended Complaint as stated. Defendant's personnel attempt to triage all sick call requests and respond to them according to the nature of the complaint and medical needs of that patient.

352.     Defendant denies the allegations in Paragraph 352 of the Amended Complaint as stated. Defendant's personnel attempt to triage all sick call requests and respond to them according to the nature of the complaint and medical needs of that patient. Further, Defendant is unaware of the sick call requests that Plaintiffs refer to in the last sentence of Paragraph 352 and, therefore, denies that allegation.

353.     Defendant is unaware of the sick call requests that Plaintiffs refer to in the first sentence of Paragraph 353 and, therefore, denies that allegation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 353 of the Amended Complaint and, therefore, denies them.

354.     The allegations in Paragraph 354 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 354 that are inconsistent therewith.

355.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 355 and, therefore, denies them. In response to the remaining allegations in Paragraph 355, Defendant states that there is a translator that works in Medical and attends screenings with nurses throughout the facility.  There are other ICA Farmville staff that speak Spanish as well.  In further response, Defendant states that there is a phone in every Medical unit with access to three translation services with which ICA Farmville has contracted. Defendant denies the remaining allegations in Paragraph 355 as stated. To the

extent the allegations in Paragraph 355 constitute argument, no response is required.  To the extent a response is required, Defendant denies those allegations.

## PBNDS: Food Services Standards

356.    The allegations in Paragraph 356 of the Amended Complaint are directed to a different defendant, so no response is required from Defendant.  To the extent a response is required, Defendant denies those allegations.  To the extent the allegations in Paragraph 356 refer to written materials, those written materials speak for themselves and Defendant denies any allegations in Paragraph 356 that are inconsistent therewith.

357.    The allegations in Paragraph 357 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 357 that are inconsistent therewith.

358.    The allegations in Paragraph 358 of the Amended Complaint are directed to a different defendant, so no response is required from Defendant.  To the extent a response is required, Defendant denies those allegations.

359.    The allegations in Paragraph 359 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 359 that are inconsistent therewith.

360.    The allegations in Paragraph 360 of the Amended Complaint are directed to a different defendant, so no response is required from Defendant. To the extent a response is required, Defendant denies those allegations.

361.    The allegations in Paragraph 361 of the Amended Complaint refer to written materials, which speak for themselves and Defendant denies any allegations in Paragraph 361 that are inconsistent therewith. To the extent the allegations in Paragraph 361 constitute

argument, no response is required.  To the extent a response is required, Defendant denies those allegations.

362.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 of the Amended Complaint and, therefore, denies them.

### PBNDS: Following CDC Guidance

363.    The first sentence of Paragraph 363 of the Amended Complaint refers to written materials or government directives which speak for themselves and Defendant denies any allegations in that sentence that are inconsistent therewith.  Defendant denies the allegations in the second sentence of Paragraph 363.

364.    The allegations in Paragraph 364 of the Amended Complaint refer to written materials or government directives which speak for themselves and Defendant denies any allegations in Paragraph 364 that are inconsistent therewith.

365.    In response to Paragraph 365 of the Amended Complaint, Defendant admits that 51 out of the 74 transferees who arrived at ICA Farmville on June 2, 2020, tested positive for COVID-19.  Defendant denies the remaining allegations in Paragraph 365 of the Amended Complaint as stated.

366.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 366 of the Amended Complaint and, therefore, denies them.

367.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 367 of the Amended Complaint and, therefore, denies them.

368.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 368 of the Amended Complaint and, therefore, denies them.

369.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 369 of the Amended Complaint and, therefore, denies them.

370.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 370 of the Amended Complaint and, therefore, denies them.

371.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 371 of the Amended Complaint and, therefore, denies them.

372.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 372 of the Amended Complaint and, therefore, denies them.

373.    The allegations in Paragraph 373 of the Amended Complaint refer to written materials or government directives, which speak for themselves and Defendant denies any allegations in Paragraph 373 that are inconsistent therewith.

374.    Defendant denies the allegations in Paragraph 374 of the Amended Complaint as stated.

375.    Defendant denies the allegations in Paragraph 375 as stated.

376.    The allegations in Paragraph 376 of the Amended Complaint refer to written materials which speak for themselves and Defendant denies any allegations in Paragraph 376

that are inconsistent therewith.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations contained in such written materials and, therefore, denies them.

377.    Defendant denies the allegations in Paragraph 377 of the Amended Complaint as stated.

378.    Defendant denies the allegations in Paragraph 378 of the Amended Complaint.

379.    The allegations in Paragraph 379 of the Amended Complaint refer to written materials or government directives, which speak for themselves and Defendant denies any allegations in Paragraph 379 that are inconsistent therewith.  To the extent the allegations in Paragraph 379 constitute argument, no response is required.  To the extent a response is required, Defendant denies those allegations.

380.    The allegations in Paragraph 380 of the Amended Complaint refer to written materials or government directives, which speak for themselves and Defendant denies any allegations in Paragraph 380 that are inconsistent therewith.

381.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381 of the Amended Complaint and, therefore, denies them.

382.    The allegations in Paragraph 382 of the Amended Complaint refer to written materials or government directives, which speak for themselves and Defendant denies any allegations in Paragraph 382 that are inconsistent therewith.

383.    Defendant denies the allegations in Paragraph 383 of the Amended Complaint as stated.

384.    Defendant denies the allegations in Paragraph 384 of the Amended Complaint.

385.    The allegations in Paragraph 385 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

386.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386 of the Amended Complaint and, therefore, denies them.

387.    The allegations in Paragraph 387 of the Amended Complaint refer to written materials or government directives, which speak for themselves and Defendant denies any allegations in Paragraph 387 that are inconsistent therewith.

388.    Defendant denies the allegations in Paragraph 388 of the Amended Complaint.

389.    Defendant denies the allegations in Paragraph 389 of the Amended Complaint.

390.    The allegations in Paragraph 390 of the Amended Complaint refer to written materials or government directives, which speak for themselves and Defendant denies any allegations in Paragraph 390 that are inconsistent therewith.

391.    The allegations in Paragraph 391 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

392.    The allegations in Paragraph 392 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies the allegations.

393.    The allegations in Paragraph 393 of the Amended Complaint refer to written materials or government directives, which speak for themselves and Defendant denies any allegations in Paragraph 393 that are inconsistent therewith.

394.    To the extent that the allegations in Paragraph 394 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a that these allegations are directed at Defendant, Defendant admits that its medical personnel do not frequently clean and disinfect all of the areas where detainees spend time.

395.    Defendant admits the allegations in the first sentence of Paragraph 395 of the Amended Complaint.  Defendant denies the allegations in the second sentence of Paragraph 395.

396.    The allegations in Paragraph 396 of the Amended Complaint refer to written materials or government directives, which speak for themselves and Defendant denies any allegations in Paragraph 396 that are inconsistent therewith.

397.    Defendant denies the allegations in Paragraph 397 of the Amended Complaint as stated.  To the extent the allegations in Paragraph 397 refer to written materials, those written materials speak for themselves and Defendant denies any allegations in Paragraph 397 that are inconsistent therewith.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**Violation of the Right to Substantive Due Process Under the Fifth Amendment
Against Defendants Chad F. Wolf, U.S. Immigration and Customs Enforcement, Tony H.
Pham, Russell Hott**

**On Behalf of Plaintiffs Santos Garcia, Bolanos Hernandez, Miranda Sanchez, Velasquez
Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and
Bazerashvili for
Declaratory and Injunctive Relief**

398.    Defendant realleges and incorporates by reference their foregoing responses to the allegations in the Amended Complaint as if fully set forth herein.

399.     Paragraph 399 of the Amended Complaint lacks factual allegations to which a response is required by Defendant. To the extent a response is required, Defendant denies those allegations.

400.     The allegations in Paragraph 400 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations. To the extent Paragraph 400 constitutes a statement of law, the law speaks for itself and Defendant denies any  allegations in Paragraph 400 that are inconsistent therewith.

401.     The allegations in Paragraph 401 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

402.     The allegations in Paragraph 402 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

403.     Paragraph 403 of the Amended Complaint contains allegations not directed to Defendant and, therefore, Defendant is not required to respond. To the extent a response is required of Defendant, it lacks knowledge or information sufficient to form a belief as the truth of the allegations in Paragraph 403 and, therefore, denies them.

404.     The allegations in Paragraph 404 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

405.     In response to Paragraph 405 of the Amended Complaint, Defendant admits that 51 out of the 74 transferees who arrived at ICA Farmville on June 2, 2020, tested positive for

COVID-19. The remaining allegations in Paragraph 405 contain allegations not directed to Defendant and, therefore, Defendant is not required to respond. To the extent a response is required of Defendant, it lacks knowledge or information sufficient to form a belief as the truth of the remaining allegations in Paragraph 405 and, therefore, denies them.

406.     The allegations in Paragraph 406 call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

407.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407 of the Amended Complaint and, therefore, denies them.

408.     The allegations in Paragraph 408 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies the  allegations in Paragraph 408 of the Amended Complaint.

409.     The allegations in Paragraph 409 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies the  allegations in Paragraph 409 of the Amended Complaint.

410.     The allegations in Paragraph 410 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

411.     The allegations in Paragraph 411 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

412.    The allegations in Paragraph 412 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

## SECOND CAUSE OF ACTION

**Violation of the Right to Substantive Due Process Under the Fourteenth Amendment Under 42 U.S.C. § 1983**

**Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC, Armor Correctional Health Services**

**On Behalf of Plaintiffs Santos Garcia, Bolanos Hernandez, Miranda Sanchez, Velasquez Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and Bazerashvili for Declaratory and Injunctive Relief**

413.    Defendant realleges and incorporates by reference their foregoing responses to the allegations in the Amended Complaint as if fully set forth herein.

414.    Paragraph 414 of the Amended Complaint lacks factual allegations to which a response is required.  To the extent a response is required, Defendant denies those allegations.

415.    The allegations in Paragraph 415 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

416.    To the extent that the first sentence of Paragraph 416 refers to the IGSA and Subcontract, those documents speak for themselves and Defendant denies any allegations inconsistent therewith. The remaining allegations in Paragraph 416 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

417.    The allegations in Paragraph 417 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

418.    The allegations in Paragraph 418 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

419.    The allegations in Paragraph 419 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

420.    The allegations in Paragraph 420 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

421.    To the extent the allegations in Paragraph 421 of the Amended Complaint constitute argument, no response is required. To the extent a response is required, Defendant denies the  allegations in Paragraph 421 of the Amended Complaint as stated.

422.    To the extent the allegations in Paragraph 422 of the Amended Complaint call for a legal conclusion or medical opinion, no response is required. To the extent a response is required, Defendant admits that on June 2, 2020, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville. Defendant further admits that, subsequently, 51 of those 74 transferees tested positive for COVID-19. Defendant denies the  remaining allegations in Paragraph 422 of the Amended Complaint.

423.     The allegations in Paragraph 423 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

424.     The allegations in Paragraph 424 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

425.     The allegations in Paragraph 425 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies the  allegations in Paragraph 425.

426.     The allegations in Paragraph 426 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies the  allegations in Paragraph 426.

427.     The allegations in Paragraph 427 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

428.     The allegations in Paragraph 428 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

429.     The allegations in Paragraph 429 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

430.    The allegations in Paragraph 430 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

431.    The allegations in Paragraph 431 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

### THIRD CAUSE OF ACTION
**Violation of the Right to Substantive Due Process Under the Fourteenth Amendment Under 42 U.S.C. Section 1983**

**Against Defendants Jeffrey Crawford, in his individual capacity; Immigration Centers of America-Farmville, LLC**

### On Behalf of All Plaintiffs for Damages

432.    Defendant realleges and incorporates by reference their foregoing responses to the allegations in the Amended Complaint as if fully set forth herein.

433.    Paragraph 433 of the Amended Complaint lacks factual allegations to which a response is required.  To the extent a response is required, Defendant denies those allegations.

434.    The allegations in Paragraph 434 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

435.    To the extent that the first sentence of Paragraph 416 refers to the IGSA and Subcontract, those documents speak for themselves and Defendant denies any  allegations inconsistent therewith. The remaining allegations in Paragraph 435 constitute argument and/or call for a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies those allegations.

436.     The allegations in Paragraph 436 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

437.     The allegations in Paragraph 437 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

438.     The allegations in Paragraph 438 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

439.     Defendant denies the  allegations in Paragraph 439 of the Amended Complaint.

440.     To the extent the allegations in Paragraph 440 of the Amended Complaint constitute argument, no response is required. To the extent a response is required, Defendant denies the  allegations in Paragraph 440 of the Amended Complaint as stated.

441.     To the extent the allegations in Paragraph 441 of the Amended Complaint call for a legal conclusion or medical opinion, no response is required. To the extent a response is required, Defendant admits that on June 2, 2020, ICE transferred 74 detainees from Florida and Arizona to ICA Farmville. Defendant further admits that, subsequently, 51 of those 74 transferees tested positive for COVID-19. Defendant denies the remaining allegations in Paragraph 441 of the Amended Complaint.

442.     The allegations in Paragraph 442 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

443.     Defendant denies the  allegations in Paragraph 443 of the Amended Complaint.

444.    The allegations in Paragraph 444 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

445.    The allegations in Paragraph 445 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

446.    The allegations in Paragraph 446 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

447.    The allegations in Paragraph 447 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

448.    The allegations in Paragraph 448 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

449.    The allegations in Paragraph 449 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

450.    The allegations in Paragraph 450 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

## FOURTH CAUSE OF ACTION

**Violation of the Right to Substantive Due Process Under the Fifth Amendment**

**Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC, Armor Correctional Health Services, Inc.**

**On Behalf of Plaintiffs Santos Garcia, Bolanos Hernandez, Miranda Sanchez, Velasquez Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and Bazerashvili for
Declaratory and Injunctive Relief**

451.    Defendant realleges and incorporates by reference their foregoing responses to the allegations in the Amended Complaint as if fully set forth herein.

452.    Paragraph 452 of the Amended Complaint lacks factual allegations to which a response is required by Defendant. To the extent a response is required, Defendant denies those allegations.

453.    The allegations in Paragraph 453 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies those allegations.

454.    The allegations in Paragraph 454 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

455.    The allegations in Paragraph 455 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

456.    The allegations in Paragraph 456 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

457.    The allegations in Paragraph 457 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

458.    The allegations in Paragraph 385 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, upon information and belief, Defendant adopts the ICA Defendants answer to the same allegation.

459.    The allegations in Paragraph 459 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies those allegations.

460.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 460 of the Amended Complaint and, therefore, denies them.

461.    The allegations in Paragraph 461 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is necessary, Defendant denies the  allegations in Paragraph 461.

462.    The allegations in Paragraph 462 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required. To the extent a response is necessary, Defendant denies the  allegations in Paragraph 462.

463.    The allegations in Paragraph 463 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

464.    The allegations in Paragraph 464 of the Amended Complaint call for a legal conclusion or medical opinion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

## FIFTH CAUSE OF ACTION
### Violation of the Administrative Procedure Act

**Against Defendants Chad F. Wolf, ICE, Matthew T. Albence, Russell Holt**

**On Behalf of Plaintiffs Santos Garcia, Bolanos Hernandez, Miranda Sanchez, Velasquez Orellana, Olaniyi, Houslin, Garcia Garcia, Rivera Rodriguez, Linares Hernandez, and Bazerashvili for**
**Declaratory and Injunctive Relief**

465.    Defendant realleges and incorporates by reference their foregoing responses to the allegations in the Amended Complaint as if fully set forth herein.

466.    Paragraph 466 of the Amended Complaint lacks factual allegations to which a response is required by Defendant.  To the extent a response is required, Defendant denies those allegations.

467.    The allegations in Paragraph 467 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

468.    The allegations in Paragraph 468 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

469.    The allegations in Paragraph 469 refer to written materials, which speak for themselves and Defendant denies any  allegations in Paragraph 469 that are inconsistent therewith.

470.    The allegations in Paragraph 470 refer to written materials, which speak for themselves and Defendant denies any  allegations in Paragraph 470 that are inconsistent therewith.

471.    The allegations in Paragraph 471 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

472.    The allegations in Paragraph 472 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

473.    The allegations in Paragraph 473 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

474.    The allegations in Paragraph 474 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

475.    The allegations in Paragraph 475 call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 475 of the Amended Complaint.

476.    The allegations in Paragraph 476 call for a legal conclusion or medical opinion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 476 of the Amended Complaint.

**SIXTH CAUSE OF ACTION**

**Negligence**

**Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC**

**On Behalf of All Plaintiffs for Damages**

477.     Defendant realleges and incorporates by reference their foregoing responses to the allegations in the Amended Complaint as if fully set forth herein.

478.     The allegations in Paragraph 478 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

479.     The allegations in Paragraph 479 of the Amended Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies those allegations.

480.     The allegations in Paragraph 480 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

481.     The allegations in Paragraph 481 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

482.     The allegations in Paragraph 482 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

483.     Defendant denies the  allegations in Paragraph 483 of the Amended Complaint.

484.    The allegations in Paragraph 484 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

485.    The allegations in Paragraph 485 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

486.    The allegations in Paragraph 486 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

487.    The allegations in Paragraph 487 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

488.    The allegations in Paragraph 488 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

489.    The allegations in Paragraph 489 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

**SEVENTH CAUSE OF ACTION**

**Gross Negligence**

**Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC**

**On Behalf of All Plaintiffs for Damages**

490.     Defendant realleges and incorporates by reference their foregoing responses to the allegations in the Amended Complaint as if fully set forth herein.

491.     The allegations in Paragraph 491 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

492.     The allegations in Paragraph 492 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

493.     The allegations in Paragraph 493 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

494.     The allegations in Paragraph 494 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

495.     The allegations in Paragraph 495 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

496.    The allegations in Paragraph 496 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

497.    The allegations in Paragraph 497 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

498.    The allegations in Paragraph 498 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

499.    The allegations in Paragraph 499 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

500.    The allegations in Paragraph 500 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

501.    The allegations in Paragraph 501 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

**EIGHTH CAUSE OF ACTION**

**Willful and Wanton Negligence**

**Against Defendants Jeffrey Crawford, Immigration Centers of America-Farmville, LLC**

**On Behalf of All Plaintiffs for Damages**

502.     Defendant realleges and incorporates by reference their foregoing responses to the allegations in the Amended Complaint as if fully set forth herein.

503.     The allegations in Paragraph 503 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

504.     The allegations in Paragraph 504 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

505.     The allegations in Paragraph 505 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

506.     The allegations in Paragraph 506 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

507.     Defendant denies the  allegations in Paragraph 507 of the Amended Complaint.

508.     The allegations in Paragraph 508 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

509.     The allegations in Paragraph 509 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

510.     The allegations in Paragraph 510 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

511.     The allegations in Paragraph 511 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

512.     The allegations in Paragraph 512 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

513.     The allegations in Paragraph 513 of the Amended Complaint are directed to a different defendant, so no response from Defendant is required. To the extent a response is required, Defendant denies those allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief specified in the paragraph following Paragraph 513 of the Amended Complaint or to any other relief, costs, fees, or damages.  Defendant denies all allegations of Plaintiffs' Amended Complaint not expressly admitted herein and demands strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the Amended Complaint, Defendant states the following affirmative and other defenses to Plaintiffs' claims without assuming the burden of proof on any

such defense that would otherwise rest with Plaintiffs and reserving the right to amend, supplement or add to its responses to Plaintiffs' allegations, as well as Defendant's affirmative and other defenses, as information is gathered through discovery:

1.      Plaintiffs' Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

2.      Plaintiffs are not afforded protections coextensive with those afforded to U.S. citizens under the Fifth Amendment.

3.      Defendant does not constitute a state under 42 U.S.C. §1983.

4.      Defendant is entitled to qualified immunity to any claims for damages that may be implied or requested in Plaintiffs' Prayer for Relief.

5.      Plaintiffs are not entitled to equitable relief to the extent that they have acted with "unclean hands" relating to the subject matter of this Amended Complaint.

6.      Defendant has not treated Plaintiffs with deliberate indifference to any serious medical needs.

7.      Defendant has not caused Plaintiffs to be confined in conditions that unreasonably exposed or exposes them to an unreasonable risk of injury associated with COVID-19.

8.      The spread of COVID-19 at the facility was the result of a superseding intervening cause or causes.

9.      Defendant adopt and incorporate herein any and all defenses and affirmative defenses raised by any of the other Defendants in this action to the extent such defenses and affirmative defenses are applicable and not adverse to Defendant.

10.     Defendant reserves the right to amend, supplement, and change their Answer and affirmative defenses to assert any additional, provable defenses and affirmative defenses that

may arise through discovery or upon evidence adduced at trial and to withdraw any defenses and affirmative defenses asserted herein.

WHEREFORE, Defendant prays that Plaintiffs' Amended Complaint be dismissed with prejudice and that Defendant be granted such other and further relief as the Court deems appropriate.

Respectfully submitted,

**ARMOR CORRECTIONAL HEALTH SERVICES, INC.**

_____/s/ Christopher S. Quirk_____
Christopher F. Quirk, VSB #88238
Edward J. McNelis, III, VSB #34003
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, Virginia 23219
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
cquirk@sandsanderson.com
emcnelis@sandsanderson.com
*Counsel for Armor Correctional*
*Health Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/EMC system, which will send notification of such filing (NEF) to all counsel of record who are registered with that system.

*/s/ Christopher S. Quirk*
Christopher F. Quirk, VSB #88238
Edward J. McNelis, III, VSB #34003
Sands Anderson PC
1111 East Main Street, Suite 2400
Richmond, Virginia 23219
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
cquirk@sandsanderson.com
emcnelis@sandsanderson.com
*Counsel for Armor Correctional*
*Health Services, Inc.*
