IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTIAN ALBERTO SANTOS GARCIA; SANTOS SALVADOR BOLANOS HERNANDEZ; GERSON AMILCAR PEREZ GARCIA; ISMAEL CASTILLO GUTIERREZ; DIDIER MBALIVOTO; FRANK ODIN SOUZA BAUER; MARCO ANTONIO MIRANDA SANCHEZ; MELVIN IVAN VELASQUEZ ORELLANA; OLAITAN MICHAEL OLANIYI; SHAWN HOUSLIN; JERBIN IVAN GARCIA GARCIA; JORGE ALEXANDER RIVERA RODRIGUEZ; JOSE LINARES HERNANDEZ; VANO BAZERASHVILI, *Plaintiffs*, v. ALEJANDRO N. MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TAE D. JOHNSON, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; SHAWN BYERS, in his official capacity as Field Office Director, Washington Field Office, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement, *Defendants*. | Case No. 1:20-cv-00821 (LBM/JFA) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs Christian Alberto Santos Garcia *et al.*, pursuant to Fed. R. Civ. P. 15(a)(2),

hereby seek leave of the Court to file the Second Amended Complaint attached hereto.  In

support of this motion, Plaintiffs respectfully represent as follows:

1

**PROCEDURAL HISTORY**

On July 21, 2020, four plaintiffs filed a Complaint for Declaratory and Injunctive Relief, *see* Dkt. No. 1; a Motion for Preliminary Injunction was filed two days thereafter. Dkt. No. 6. On August 11, 2020, the Court granted the motion in part, enjoining Defendants (*inter alia*) from transferring any further detainees into the Farmville Detention Center. Dkt. No. 44. The Court deferred ruling on several of Plaintiffs' requests related to issues such as medical care and infection control within the facility. As a result of that preliminary injunction, the detainee population of Farmville has dropped to 13, three of whom are now plaintiffs in this action. Dkt. No. 198 at ¶¶ 4-5.

On September 8, 2020, Federal Defendants filed a motion to set aside the preliminary injunction, *see* Dkt. No. 81; but withdrew that motion on September 21, 2020. Dkt. No. 97. Federal Defendants then filed a Motion to Dismiss on September 28, 2020. Dkt. No. 99. On October 13, 2020, they also filed a Notice of Interlocutory Appeal, appealing the preliminary injunction to the Court of Appeals. Dkt. No. 122.

On October 19, 2020, Plaintiffs filed a First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B), adding ten additional plaintiffs and pleading damages claims against private party defendants Jeffrey Crawford and Immigration Centers of America, LLC. Dkt. No. 123. Federal Defendants filed a renewed Motion to Dismiss on November 16, 2021. Dkt. No. 130. On December 18, 2020, the Court stayed resolution of the Federal Defendants' Motion to Dismiss, pending the outcome of the interlocutory appeal. Dkt. No. 153. Federal Defendants filed an answer to the First Amended Complaint on January 29, 2021. Dkt. No. 165. Federal Defendants then withdrew their interlocutory appeal, and the Court of Appeals dismissed the appeal on February 16, 2021. Dkt. No. 168. After a period of limited jurisdictional discovery, *see* Dkt. No.

162, Plaintiffs then settled their claims against the private party defendants Jeffrey Crawford,

Immigration Centers of America, LLC, and Armor Correctional Health Services, Inc.; and

dismissed their claims against those defendants on September 9, 2021. Dkt. Nos. 192, 193.

On October 4, 2021, the Court requested that the parties update the court as to the status

of the litigation within fourteen days. Dkt. No. 196. Accordingly, on October 12, 2021, the

parties filed a Joint Status Update, Dkt. No. 198, advising the Court that Plaintiffs intended to

seek leave of court to file a Second Amended Complaint on November 15, 2021. *Id.* at ¶ 11.  The

Court subsequently granted Plaintiffs an extension to November 29, 2021. Dkt. No. 201.

For the reasons set forth below, Plaintiffs now move this Court for leave to file a Second

Amended Complaint.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave when

justice so requires." While the decision to grant leave is in the discretion of the district court, the

Federal Rules strongly favor granting leave to amend. *Medigen, Inc. v. Public Serv. Comm'n of*

*West Virginia*, 985 F.2d 164, 167-168 (4th Cir. 1993). To justify a denial of leave to amend, it

must appear to the court that the amendment is futile, offered in bad faith, prejudicial or

otherwise contrary to the interests of justice. *Roper v. County of Chesterfield,* 807 F. Supp. 1221,

1224 (E.D. Va. 1993), citing *Ward Elec. Serv., Inc v. First Com. Bank*, 819 F.2d 496, 497 (4th

Cir. 1987); *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274 (4th Cir. 1987).

## ARGUMENT

Plaintiffs' proposed Second Amended Complaint, attached hereto, proposes to update the

facts in this case, including the dismissal of the private party defendants Jeffrey Crawford,

Immigration Centers of America, LLC, and Armor Correctional Health Services, Inc. In addition, Plaintiffs' counsel seeks to add a fifteenth plaintiff, Carlos Lopez Rivas, whose claims arise from the same common nucleus of operative facts as the fourteen existing plaintiffs; plead a cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*; and add the United States of America as a defendant for the FTCA claim.

The Court should freely give leave to amend because Plaintiffs' proposed Second Amended Complaint is not futile, is not offered in bad faith, and does not prejudice Defendants.

## I.      Plaintiffs' amendment is not futile

The Court should give leave for an amendment because the Plaintiffs' amendment is not futile. A motion to amend a complaint is denied as futile where the proposed amendments could not withstand a motion to dismiss. *CertusView Techs., LLC v. S&N Locating Servs., LLC,* 107 F. Supp. 3d 500, 506-507 (E.D. Va. 2015), *citing Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995).

First, Plaintiffs seek to amend the Complaint to update the facts in this case regarding the detention status of each Plaintiff. These changes do not impact the underlying causes of action in the First Amended Complaint. Where a plaintiff's detention status may impact the relief requested, corresponding amendments have been made to the complaint to reflect the change, such as where injunctive relief was initially requested for a plaintiff who has since been released from detention. Plaintiffs Santos Garcia, Miranda Sanchez and Houslin remain detained at Farmville, and continue to press their claims for injunctive relief. Further, the dismissal of Jeffrey Crawford, Immigration Centers of America, LLC, and Armor Correctional Health Services, Inc., has no impact on the claims against the remaining defendants.

Second, the proposed new plaintiff Carlos Lopez Rivas has standing and his claims are not moot. He alleges injuries that arise from the same acts and omissions set forth in the First Amended Complaint in this action, and like the current plaintiffs, seeks recovery of damages pursuant to the FTCA. He does not seek injunctive relief.

Finally, pleading a cause of action under the FTCA and adding the United States as a defendant would not be futile here. As the exhibits to the proposed Second Amended Complaint show, on March 2, 2021, each of the fourteen current Plaintiffs filed an administrative claim Form 95, alleging injuries arising from the same acts and omissions set forth in the First Amended Complaint in this action, and seeking recovery of damages pursuant to the Federal Tort Claims Act against the United States. Those claims became ripe for litigation in this Court six months thereafter, on September 4, 2021. *See* 28 U.S.C. § 2675. Likewise, Carlos Lopez Rivas filed an administrative claim Form 95 on May 12, 2021. His claim became ripe for litigation on November 12, 2021. Accordingly, the addition of these claims and the United States as a Defendant would not be futile.

## II.     Plaintiffs' amendment is not in bad faith

Plaintiffs have demonstrably acted in good faith in amending their complaint because the proposed amendments are intended to apprise the Court of factual changes in the case as well as to ensure all of the claims in this action are resolved in the most efficient and effective manner possible. Bad-faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage. *GSS Properties, Inc. v Kendale Shopping Center, Inc.,* 119 F.R.D. 379, 381 (M.D.N.C. 1988), citing Wright & A. Miller, *Federal Practice and Procedure,* § 1487 n.63 (1971 and 1987 Supp.). When a plaintiff withholds his true position from his opponent,

especially for an ulterior purpose, the Court may view the action as having a bad-faith motive

unless a satisfactory explanation clearly shows otherwise. *Id.*

Defendants have not and could not reasonably assert bad faith on the part of the Plaintiffs

because none of Plaintiffs' course of action with respect to amending its complaint has been

abusive, nor is there any tactical advantage gained by amending the complaint. Defendants are

already well aware of the factual changes in the amended complaint. Further, adding a new

plaintiff, whose FTCA claim is ripe for litigation and arises out of the same acts and omissions

set forth in the First Amended Complaint in this action, would actually benefit Defendants as

they would not be burdened with having to potentially relitigate the same issues and facts in a

separate action. Thus, Plaintiffs have acted in good faith in the amendment of the complaint.

## III.     Plaintiffs' amendment does not prejudice Defendants

Granting leave to amend Plaintiffs' complaint will not prejudice Defendants. Whether an

amendment is prejudicial will often be determined by the nature of the amendment and the

timing. *Laber v. Harvey,* 438 F.3d 404, 427 (4th Cir. 2006). Establishing prejudice is a question

of the extent of the burden that the amendment causes Defendants with respect to preparing for

trial. Due to the timing and sufficient notice to Defendants, Defendants' case will not be unduly

harmed by the addition of a new plaintiff or pleading a claim under the FTCA. Moreover, both

the proposed new plaintiff and the FTCA claim all arise from the same alleged acts and

omissions of which Defendants are familiar and have already been preparing for litigation. Thus,

Defendants are not in a markedly different position than they were prior to amendment and thus

will not be prejudiced.

Furthermore, because a trial date has yet to be scheduled in this matter and only limited

jurisdictional discovery has taken place, Defendants cannot conceivably be prejudiced by

Plaintiffs' amendment. *See Deutsche Nat'l Bank Trust Co. v. Batmanghelidj*, 2007 U.S. Dist. LEXIS 85664 (E.D. Va. 2007). ("Because the trial date is far off and no discovery has been taken, the Court finds that allowing leave to amend the complaint would not be unduly prejudicial to Defendants."); *Knisely v. Nat'l Better Living Ass'n,* 2015 U.S. Dist. LEXIS 53232, 20-21 (N.D. W.Va. 2015) (finding that prejudice was not a basis for denying Plaintiff's leave to amend post-discovery because Defendant had adequate time to prepare for trial the following year).

## CONCLUSION

For the foregoing reasons, plaintiffs submit that this Motion for Leave to Amend should be granted, and that Plaintiffs' Second Amended Complaint submitted herewith should be accepted for filing.

Dated: November 29, 2021

Joseph D. West (Va. Bar No. 16834)
David Debold (*pro hac vice*)
Naima L. Farrell (*pro hac vice*)
Thomas J. McCormac IV
   (*pro hac vice*)
Blair Watler (*pro hac vice*)
Katherine King (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: 202-955-8551
jwest@gibsondunn.com
ddebold@gibsondunn.com
nfarrell@gibsondunn.com
tmccormac@gibsondunn.com
bwatler@gibsondunn.com
kking@gibsondunn.com

*Pro bono counsel for Plaintiff Christian Alberto Santos Garcia*

Respectfully submitted,

By:    */s/Simon Sandoval-Moshenberg*
Simon Sandoval-Moshenberg
   (Va. Bar No. 77110)
Kristin Donovan (Va. Bar No. 92207)
Granville Warner (Va. Bar No. 24957)
Jennifer Kwon (Va. Bar No. 71775)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: 703-778-3450
simon@justice4all.org
kristin@justice4all.org
cwarner@justice4all.org
jennifer@justice4all.org

Sirine Shebaya (*pro hac vice*)
Amber Qureshi (*pro hac vice*)
NATIONAL IMMIGRATION PROJECT OF THE
   NATIONAL LAWYERS GUILD
2201 Wisconsin Avenue, N.W., Suite 200
Washington, D.C. 20007
Tel: 617-227-9727
sirine@nipnlg.org
amber@nipnlg.org

*Pro bono counsel for Plaintiffs Santos Salvador Bolanos Hernandez, Gerson Amilcar Perez Garcia, Ismael Castillo Gutierrez, Didier Mbalivoto, Frank Souza Bauer, Marco Antonio Miranda Sanchez, Melvin Ivan Velasquez Orellana, Olaitan Michael Olaniyi, Shawn Houslin, Jerbin Ivan Garcia Garcia, Jorge Alexander Rivera Rodriguez, Jose Linares Hernandez, Vano Bazerashvili, and Carlos Lopez Rivas.*

8

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this date, I uploaded the foregoing, along with all attachments thereto, to this Court's CM/ECF system, which will send a Notice of Electronic Filing (NEF) to all counsel of record.

Dated: November 29, 2021                    Respectfully submitted,

By:    *s/ Simon Sandoval-Moshenberg*
Simon Sandoval-Moshenberg (Va. Bar No. 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: 703-778-3450
simon@justice4all.org